# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 19, 2012

**By Facsimile (718-613-2185) and ECF**

Geoffrey Potter
Partner
(212) 336-2050
Direct Fax  (212) 336-7906
gpotter@pbwt.com

Hon. Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Innovation Ventures, LLC and Living Essentials, LLC v. Ultimate
One Distributing Corp., et al., 12 Civ. 5354**

Dear Judge Matsumoto:

On behalf of Plaintiffs Innovation Ventures, LLC and Living Essentials, LLC ("Living Essentials"), I write to respond to the letter submitted to this Court earlier today by Defendant Quality King Distributors, Inc. ("Quality King").

Quality King is correct that, on or about August 2, 2002, Plaintiff Innovation Ventures executed an assignment agreement by which it transferred title in certain trademarks at issue in this lawsuit to an entity called International IP Holdings, LLC. However, Quality King is incorrect in its conclusion that Plaintiffs "clearly lack standing to prosecute any trademark infringement claims in this lawsuit."

International IP Holdings, LLC is a sister company of Plaintiff Innovation Ventures, LLC. It has the same ownership and was created by the principals of Plaintiffs merely to hold the title to Plaintiffs' intellectual property. On the same day Innovation Ventures, LLC transferred the relevant trademarks to International IP Holdings, LLC, International IP Holdings, LLC executed a license-back agreement, by which Plaintiff Innovation Ventures, LLC became the "exclusive, worldwide license[e] to the [relevant] Intellectual Property . . . in the United States and throughout the world." The agreement specifically granted Plaintiff Innovation Ventures, LLC "the right to sue and recover for past, present and future infringement, or misappropriation, of [the] Intellectual Property, and all corresponding rights[,] in [Living Essentials, LLC's] own name." A copy of that license-back agreement is attached; the Court may see for itself that the same individual, Manoj Bhargava, Plaintiffs' CEO, is the signatory for both parties to the agreement.

Plaintiffs regret not bringing this transfer/license-back to the Court's attention before now. Plaintiffs' counsel were not aware of this transaction until Quality King filed its

Hon. Kiyo Matsumoto
November 19, 2012
Page 2

letter earlier with the Court earlier today.[1]  Nevertheless, contrary to Quality King's assertion, it has no effect on Plaintiffs' legal standing.

A simultaneous transfer and exclusive license-back of this sort, which expressly provides that the transferor/exclusive licensee shall have the right to sue in its own name, *does not* divest the transferor/exclusive licensee of standing to sue under the Lanham Act.  Indeed, the case law actually holds that an exclusive licensee of a trademark *is effectively the "owner" of the trademark in the eyes of the law*.  *Audi AG v. Shokan Coachworks, Inc.*, 592 F. Supp. 2d 246, 272 n.6 (N.D.N.Y. 2008) ("Courts in this circuit have held that an exclusive licensee of a trademark owner has standing to prosecute a claim for trademark infringement."); *Calvin Kline Jeanswear Co. v. Tunnel Trading*, 2001 U.S. Dist. LEXIS 18738, at *13 (S.D.N.Y. Nov. 16, 2001) ("an exclusive licensee is an assignee" within the meaning of the Lanham Act); *see also Faiveley Transp. USA, Inc. v. Wabtec Corp.*, 758 F. Supp. 2d 211, 220-21 (S.D.N.Y. 2010); *Telebrands Corp. v. Del. Labs, Inc.*, 719 F. Supp. 2d 283, 292-93 (S.D.N.Y. 2010); Jerome Gilson, 3 GILSON ON TRADEMARKS § 11.02 ("Most courts hold that a truly exclusive licensee has rights closely akin to trademark ownership and hence has standing to sue. Under this rationale, an exclusive license is equated with an assignment since no right to use is reserved to the licensor, and the licensee's standing derives from its presumed status as an assignee.").[2]

The above notwithstanding, for the avoidance of any doubt, Plaintiffs intend to seek leave to amend the complaint to add its sister entity International IP Holdings, LLC as a party plaintiff.

Respectfully submitted,

Geoffrey Potter

---

[1] Quality King notes that Plaintiffs' Chief Financial Officer, Matthew Dolmage, also stated in his declaration that Living Essentials is the "owner" of the relevant trademarks.  Mr. Dolmage is a nonlawyer and cannot be faulted for not differentiating between the formal holder of title in a trademark and the exclusive worldwide licensee of a trademark, especially given the identical ownership of the entities at issue.

[2] Indeed, for violations of § 43(a) of the Lanham Act, the statute expressly provides that "'*any person* who believes that he or she is likely to be damaged' by the proscribed conduct may file suit."  *Calvin Kline*, 2001 U.S. Dist. LEXIS 18738, at *18 (emphasis added) ("Obviously, the alleged sale of counterfeit jeans bearing the marks for which Plaintiff has an exclusive license would cause Plaintiff to 'believe[] that [it] is likely to be damaged.  Neither the statute nor the caselaw requires any further showing." (citing 15 U.S.C. § 1125(a)).

Hon. Kiyo Matsumoto
November 19, 2012
Page 3


cc:     Counsel for Defendants (via ECF)