# SELTZER | CAPLAN | McMAHON | VITEK
A LAW CORPORATION

www.scmv.com
619.685.3003
619.685.3100 fax

750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101

DAVID M. GREELEY
greeley@scmv.com
(619) 685-3150
(619) 702-6893 fax

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 20 2012
BROOKLYN OFFICE

NORMAN T. SELTZER
(1938-2011)

ROBERT CAPLAN
GERALD L. MCMAHON
REGINALD A. VITEK
DAVID J. DORNE
JAMES R. DAWE
BRIAN T. SELTZER
ELIZABETH A. SMITH-CHAVEZ
JOYCE B. MCCOY
DENNIS J. WICKHAM
JOHN H. ALSPAUGH
JAMES P. DELPHEY
ELINOR T. MERIDETH
MICHAEL G. NARDI
THOMAS F. STEINKE
NEAL P. PARISH
SEAN T. HARGADEN
DAVID J. ZUBKOFF
PATRICK Q. HALL
MICHAEL A. LEONE
J. SCOTT SCHEPER
DANIEL E. EATON
MONTY A. McINTYRE
GREGORY A. VEGA
HOWARD J. BARNHORST, II
JACK R. LEER
AMANDA L. HARRIS
MARNIE SMITH
DAVID M. GREELEY
CHARLES B. WITHAM
RHONDA CRANDALL
SCOTT ALAN MILLER
ROBERT (ROBIN) M. TRAYLOR
LINDA PAPST de LEON
JOSEPH P. MARTINEZ
G. SCOTT WILLIAMS
JEFFREY B. HARRIS
MATTHEW R. MAHONEY
ERIK L. SCHRANER
TRACY A. WARREN
DANIEL W. ABBOTT
JAMES H. SIEGEL
CHRISTINE M. LA PINTA
TODD E. HYATT
ANDREW D. BROOKS
ANGELA A. WOOLARD
JASON M. SANTANA
MICHAEL B. LEES
J. KEVIN MANN
RACHEL M. SCATIZZI
MATTHEW D. SELTZER
KATHRYN B. QUARLES
JAMES R. THOMPSON
DAVID H. LICHTENSTEIN
ANDREA N. MYERS
MARISSA A. McARTHUR
TREVOR B. POTTER
JOSEPH M. McMULLEN
BRIAN M. RAGEN
BRIAN M. KATUSIAN
REBECCA L. VAN LOON
JASON R. FAAS
PARISA F. WEISS

OF COUNSEL
LAWRENCE S. BRANTON
DAVID P. RUTH
LAURA M. LAMB

November 20, 2012

Via Facsimile

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

DOCKET & FILE

    Re:    *Innovation Ventures, LLC et al. v. Walid Jamil et al.*
            Docket No. 12 Civ. 05354
            Our File No.: 15654.69841

Dear Judge Matsumoto:

This firm represents[1] Joseph Shayota and Tradeway International, Inc. dba Baja Exporting ("Tradeway").[2] Shayota and Tradeway request a short continuance to respond to Plaintiffs' request for a preliminary injunction, from Wednesday, November 21, 2012 at noon to Monday, November 26, 2012. Shayota and Tradeway were just served with papers last Thursday. At the time, counsel for Plaintiffs, Christos Yatrakis, promised to provide the next day a proposed stipulation that would obviate the need for this hearing. Plaintiffs still have not provided a proposed stipulation. This request is being made pursuant to Section III(E) of your Chambers Practices Guide dated August 23, 2012 (the "Chamber Practices").

On November 15, 2012, Plaintiffs appeared at the place of business for Tradeway and served "Baja Exporting, LLC" and Shayota with the seizure order, temporary restraining order, all versions of the complaint, a discovery order and papers in support of the TRO and request for preliminary injunction.

---

[1] This firm is primary counsel for Shayota and Tradeway and is in the process of locating local counsel and submitting applications for *pro hac vice* admission.

[2] Plaintiffs did not name Tradeway and instead named "Baja Exporting, LLC" which was a California LLC but has not conducted any business for years. Last Thursday, Plaintiffs raided the place of business of Tradeway, not Baja Exporting, LLC, which has never operated at that address. Presumably, when Plaintiffs amend their complaint, they will correct this error.

SELTZER│CAPLAN│McMAHON│VITEK

Honorable Kiyo A. Matsumoto
November 20, 2012
Page 2

Tradeway and Shayota fully cooperated with Plaintiffs in their efforts to execute upon the seizure order. Plaintiffs' attorneys were even permitted to interview Joseph Shayota that same day for approximately three hours. Mr. Yatrakis explained to me that in most instances, parties were stipulating to put money aside in an escrow account in lieu of freezing the account. I pressed him on the amount of money that could be aside in such a situation. He would not give me a number. Mr. Yatrakis assured me that day that he or someone from his office would provide a proposed stipulation the next day.

Tradeway is a wholesale grocer. It employs 30-40 people. For a wholesale grocer, cash flow is everything. Its business accounts have been frozen, even though Plaintiffs named a separate entity, Baja Exporting, LLC as a defendant, and have not named Tradeway. The freezing of its accounts will, if not lifted soon, cause Tradeway to go out of business.

Friday came and went without Plaintiffs providing a proposed stipulation, despite me e-mailing and leaving voice mails for Mr. Yatrakis. On Monday, after leaving voice mails for several attorneys at Patterson Belnap, after business hours, attorney Michelle Cohen called me and told me that on Tuesday (today), I would receive a proposed stipulation. She told me that Plaintiffs would demand that Shayota and Tradeway agree to set aside $1,000,000 in order for Plaintiffs to stipulate to unfreeze Plaintiffs' accounts, and that the number was "non-negotiable." She did not explain how that number was calculated. As of the writing of this letter, Plaintiffs still have not provided a proposed stipulation.

Given the demand that Tradeway and Shayota set aside $1 million, my clients must oppose the preliminary injunction. Tradeway and Shayota plan at this point only to challenge the request for a freeze order. After researching the issue last night, it appears that $100,000 is a more appropriate amount. As set forth in *Klipsch Group, Inc. v. Big Box Store Ltd.*, 2012 WL 5265727 (S.D.N.Y., October 24, 2012), under the Lanham Act, a plaintiff may not freeze assets to preserve money to satisfy a future judgment but rather only to preserve an equitable accounting of profit. (*Id.* at 4-5 ["In short, while the Court agrees with Plaintiff that it has the power to freeze assets to preserve a later award of an equitable accounting, such a freeze should be confined in scope to the likely *profits* of counterfeiting activity."].) On November 16, 2012, at the request of Plaintiffs, Tradeway provided a full inventory of all 5-hour energy product that moved through Tradeway's warehouse in the last two years, including a summary of the profit Tradeway made on the inventory. Tradeway made a gross profit of $34,776.

Given the situation, Tradeway and Shayota request the opportunity to brief the issue of whether Plaintiffs may freeze the assets of Tradeway and, if so, the proper amount of assets to be frozen. The prejudice to Tradeway, if it is not permitted to respond to the proposed preliminary injunction, will be severe; whereas, Plaintiffs

S E L T Z E R | C A P L A N | M c M A H O N | V I T E K

Honorable Kiyo A. Matsumoto
November 20, 2012
Page 3

will hardly be impacted at all by the proposed schedule change. Moreover, Plaintiffs' promise to provide a stipulation and then their inexplicable delay in doing so weights in favor of granting the extension. There is admittedly impact on the Court, in having to address a shortened schedule to review papers. Thank you for taking this request under consideration on such short notice. Below, consistent with Chamber Practices, is a summary of the request.

1. Due Date for Opposition to Order To Show Cause for a TRO and preliminary Injunction. November 21, 2012 at noon.

2. The Reason for the Request. To allow Shayota and Tradeway to retain local counsel and to oppose plaintiffs' request to freeze $1 million in assets. In addition, I am out of town from Wednesday to Saturday with limited access to the Internet, and I am the attorney primarily tasked with drafting the opposition.

3. Length of Request. From the Wednesday before Thanksgiving to the Monday after Thanksgiving. Then, Plaintiffs' reply papers would be due Wednesday, November 28, 2012.

4. The Number of Previous Request. This is the first request.

5. Concurrence with Other Parties. I have not checked with any other defendants.

6. Whether the Adversary Consents. Plaintiffs refuse to stipulate.

7. Mutually Agreeable Proposed Alternative Dates. Plaintiffs have not responded to my proposed dates.

Thank you for your consideration of this request. My partner, Gregory A. Vega, and/or I are available for a telephonic conference with this Honorable court to discuss this request anytime today or tomorrow.

Respectfully,

David M. Greeley
Seltzer Caplan McMahon Vitek
A Law Corporation

DMG:pcm

cc:   All counsel of record (via e-mail)