**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 29, 2012

**By ECF**

Geoffrey Potter
Partner
(212) 336-2050
Direct Fax (212) 336-7906
gpotter@pbwt.com

Hon. Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Innovation Ventures, LLC and Living Essentials, LLC v. Ultimate One Distributing Corp., et al., 12 Civ. 5354**

Dear Judge Matsumoto:

      On behalf of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (collectively, "Plaintiffs"), I write to request that the Court accept the accompanying Declaration of Geoffrey Potter and the attached transcript of yesterday's deposition of Justin Shayota as supplementary evidence in further support of Plaintiffs' reply to the opposition filed on November 26, 2012 by Tradeway International, Inc. d/b/a Baja Exporting ("Baja") and its principal, Joseph Shayota. This evidence, which is relevant to the Court's determination of the issues now before it, was unavailable at the time Plaintiffs were required to file their reply.

      On November 13, 2012, Plaintiffs filed with the Court an Order to Show Cause seeking a temporary restraining order, asset freeze, and preliminary injunction against (*inter alia*) Baja and Joseph Shayota. That same day, the Court granted the temporary restraining order and asset freeze. In a subsequent order dated November 20, 2012, the Court extended Baja and Joseph Shayota's deadline to respond to the Order to Show Cause until Monday, November 26, 2012, and set a deadline of November 28, 2012 for Plaintiffs to file a reply.

      On November 26, 2012, Baja and Joseph Shayota filed their opposition (Dkt. No. 134). In that filing, Baja and Joseph Shayota consented to the entry of a preliminary injunction and to a continued asset freeze, but disputed the appropriate amount of the asset freeze. The basis for their dispute was their assertion that they had no knowledge of the counterfeiting scheme, and that their profits from the sale of counterfeit 5-hour ENERGY® were "only" $34,776. The method by which this figure was calculated is unclear, but it appears to involve the subtraction from Baja's gross revenues of over a million dollars allegedly paid to defendant Midwest Wholesale Distributors ("Midwest") for the counterfeits.

      On November 28, consistent with the Court's order, Plaintiffs filed their reply to Baja and Joseph Shayota's November 26 submission. (Dkt. Nos. 155-56.) That reply cited

Hon. Kiyo Matsumoto
November 29, 2012
Page 2

testimony from the deposition of defendant Walid Jamil (a principal of Midwest), which had occurred just the previous day. The transcript of that deposition has been filed at Docket No. 155-1. In that deposition, Mr. Jamil admitted that he was responsible for the labeling and packaging of the counterfeits. He testified in great detail that Joseph Shayota was the originator, mastermind, and financial backer of the entire counterfeiting scheme, and that Joseph Shayota used Baja to help carry it out. (*Id.* at 23:10-14, 28:17-19, 29:3-5, 34:10-13, 35:21-36:7, 36:8-13, 51:22-52:8, 78:12-13, 77:22-78:8, 86:12-16, 96:11-15, 130:22-23, 131:3-5, 131:12-14.) Mr. Jamil also testified that Joseph Shayota personally made millions of dollars of profits from the counterfeiting operation (*id.* at 36:2-7, 107:1-109:2, 212:10-20; 214:19-215:9, 217:23-203:19), and that the invoiced "sales" of 5-hour ENERGY® from Midwest to Baja were fictional transactions, for which Baja did not pay Midwest. (*Id.* at 193:3-19.)

Just yesterday, on November 29, Plaintiffs' counsel took the deposition of Justin Shayota. Justin testified in detail about the counterfeiters' day-to-day manufacturing operations. He also testified that once the conspirators' payroll and other expenses were accounted for, he delivered the remaining cash proceeds of the conspiracy to Joseph Shayota.

Justin Shayota's testimony bears directly and heavily on the credibility of Baja and Joseph Shayota's statements in their November 26, 2012 submission, and on the appropriate amount of their assets to be frozen. Plaintiffs could not have brought this evidence to the Court's attention at the time of their reply because the deposition had not yet occurred. Plaintiffs note that, prior to the deposition of Justin Shayota, they requested an extension of time to submit their reply (Dkt. No. 124), but Baja and Joseph Shayota declined to consent. (*See* Unnumbered Docket Entry dated November 26, 2012.)

Accordingly, Plaintiffs request that the Court accept the accompanying declaration of Geoffrey Potter regarding Justin Shayota's deposition, and the attached transcript of that deposition, and that the Court consider those documents as further evidence in support of Plaintiffs' November 28, 2012 reply.

Respectfully submitted,

Geoffrey Potter

cc:   Counsel for Defendants (via ECF)