# PAESANO | AKKASHIAN

ATTORNEYS & COUNSELORS

132 North Old Woodward Avenue
Birmingham, Michigan 48009
P 248.792.6886
F 248.792.6885
www.paesanoakkashian.com

Anthony R. Paesano
Brian M. Akkashian

Daniel S. Hoops
Of Counsel
Also Licensed in Florida

November 30, 2012

**VIA FACSIMILE (718) 613-2185**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re: Case Name:**    *Innovation Ventures, LLC et al. v Walid Jamil et al.*, **Docket No: 12 Civ. 05354**

Dear Judge Matsumoto:

Please allow this letter to serve as the request of Defendants Midwest Wholesale Distributors, Inc. ("Midwest"), Walid Jamil ("Jamil") and Justin Shayota ("Shayota") (collectively, "Defendants") for a pre-motion conference under Section IV(B) of this Honorable Court's Chambers Practices Guide.

Basis of Motion

Defendants intend to file, pursuant to Fed. R. Civ. P. 12(b)(2), a Motion to Dismiss for Lack of Personal Jurisdiction. Defendants have no contacts with the State of New York that would create personal jurisdiction over them. Jamil is a resident of the State of Michigan. Shayota is a resident of the State of California. Midwest is a Michigan corporation with facilities located in Michigan and California. Defendants do not conduct business in the State of New York and have no office or resident agent in the State. Defendants do not market or advertise in the State of New York and have never traveled to the State for trade shows or any other business-related purpose. Defendants derive no revenue from business activities in New York.

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss an action for lack of personal jurisdiction. Plaintiffs have the burden of establishing that the Court has jurisdiction over Defendants. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). In order to establish personal jurisdiction over a defendant under New York law, the plaintiff must demonstrate either the defendant was "present" and "doing business" in New York or that the defendant committed acts within the scope of New York's long-arm statute. *See Schultz v. Safra Nat. Bank of New York*, 377 Fed.Appx. 101, 102 (2d Cir.2010); *Zibiz Corp. v. FCN Tech. Solutions*, 777 F. Supp. 2d 408, 416 (E.D.N.Y. 2011). Additionally, the exercise of personal jurisdiction must comport with the Due Process Clause of the U.S. Constitution. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir.2006); *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 465 (S.D.N.Y. 2008).

Due process permits a court to exercise personal jurisdiction over a non-resident where the maintenance of the suit would not "offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The assessment of minimum contacts is fact-specific and must necessarily be tailored to the circumstances of each case. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 570 (2d Cir. 1996). A "finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Kernan v. Kurz-Hastings, Inc.,* 175 F.3d 236, 243 (2d Cir. 1999). If it is determined that the defendant does have sufficient minimum contacts with the state, the Court must then consider whether the assertion of personal jurisdiction is "reasonable under the circumstances of the particular case." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 568 (2d Cir.1996).

Plaintiffs cannot meet their burden to establish personal jurisdiction. "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir. 2000). Furthermore, in order to establish that this standard is met, a plaintiff must show that a defendant engaged in "continuous, permanent, and substantial activity in New York." *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990). Defendants have no contacts with the State of New York and are neither "present" nor "doing business" within the State as required by applicable case law. The only contacts alleged by Plaintiffs are two or three times removed from any direct contact with the State.

During the deposition of Justin Shayota, Plaintiffs made a hollow attempt to establish this Court's personal jurisdiction by relying on two exhibits: (a) a bill of lading between Universal Trading, Inc. ("Universal Trading"), a Michigan entity, and Quality King, Inc. ("Quality King"), located in Ronkonkoma, New York (Shayota Exhibit No. 56), and (b) a Purchase Order between Universal Wholesale, a Michigan entity, and Metro Grocers located in Bohemia, New York (Shayota Exhibit No. 57). With respect to (a) above, it is anticipated that Plaintiffs will argue that Midwest had a business relationship with Universal Trading, which in turn had a business relationship with Quality King. With respect to (b) above, it is anticipated that Plaintiffs will argue that Midwest had a business relationship with to Dan-Dee Distributing, a California entity, which had a business relationship with Universal Wholesale, which in turn may have had a business relationship with Metro Grocers. These several times-removed contacts do not justify this Court's exercise of personal jurisdiction over Midwest.

The argument regarding the individual Defendants is even more convoluted. Shayota is a shareholder of Midwest and Jamil acts as an independent sales representative. Thus, Plaintiffs' argument is that California resident Shayota and Michigan resident Jamil are subject to personal jurisdiction in New York because they are, respectively, a shareholder and independent contractor of a Michigan company (Midwest), which does business with companies in Michigan and California (Universal Trading, Universal Wholesale and Dan-Dee), which may in turn do business with companies located in New York (Quality King and Metro Grocers).

The Second Circuit has identified four factors to consider when analyzing whether a person has "transacted business" in New York to fit within the scope of New York's long-arm statute: (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York; and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship, (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [the defendant] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state. *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.,* 98 F .3d 25, 29 (2d Cir.1996). Clearly, the "connect the dots" relationships alleged by Plaintiffs do not satisfy any of the four factors enumerated above.

It is also critically important to note that these same Plaintiffs have already filed a separate lawsuit in U.S. District Court in California against Dan-Dee Distributing and Kevin Attiq, based on the same allegations

made by Plaintiffs in this case. It can reasonably be assumed that Plaintiffs filed the Dan-Dee action in California because they knew that personal jurisdiction over those defendants did not exist in New York. Nevertheless, Plaintiffs seek to maintain their claims against these Michigan and California-based Defendants in this Court. Given the lack of contact between Defendants and the State of New York, and the fact that Plaintiffs have already filed a separate action in the State of California, this Court's exercise of jurisdiction over these non-resident Defendants would "offend traditional notions of fair play and substantial justice" and would not "be reasonable under the circumstances."

Proposed Briefing Schedule

Based upon information currently available (proofs of service have not been filed as of the date of this letter), Defendants' first responsive pleadings are due by December 7, 2012. It is Defendants' intention to file their Motion to Dismiss on or before **December 6, 2012**. The Court has scheduled a hearing on the Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction for **December 12, 2012**. Given the potential prejudice associated with this Court's continued restraints on Defendants, especially in the event this Court determines that it lacks personal jurisdiction, Defendants request that Plaintiffs' response to the Motion to Dismiss be filed on or before **December 10, 2012**, so that the Court may hear argument on Defendants' motion at the hearing on December 12, 2012.

It should be noted that before Jamil's deposition on November 27, 2012 and Shayota's deposition on November 28, 2012, counsel for Defendants raised Defendants' intention to file the Motion to Dismiss identified herein. Therefore, Plaintiffs had the opportunity to ask questions inquiring into factual support for personal jurisdiction, and thus would not be prejudiced by this proposed expedited briefing schedule.

Thank you for your consideration of this request. My partner, Brian Akkashian, and/or I are available for a telephonic conference with this Honorable Court to discuss this request anytime.

Very truly yours,

PAESANO AKKASHIAN, PC

Anthony R. Paesano

cc: All counsel of record (via email)