**PAESANO | AKKASHIAN**

ATTORNEYS & COUNSELORS

132 North Old Woodward Avenue
Birmingham, Michigan 48009
P 248.792.6886
F 248.792.6885
www.paesanoakkashian.com

Anthony R. Paesano
Brian M. Akkashian

Daniel S. Hoops
Of Counsel
Also Licensed in Florida

December 10, 2012

**VIA FACSIMILE (718) 613-2185**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Case Name:    *Innovation Ventures, LLC et al. v Walid Jamil et al.*, Docket No: 12 Civ. 05354

Dear Judge Matsumoto:

      As this Court might be aware, this Firm represents Raid "Brian" Jamil in the above-referenced action. In negotiating a stipulated preliminary injunction order between Innovation Ventures, LLC ("Innovations") and Walid Jamil, JT Wholesale and Trimexico, counsel for Innovations indicated that this Court would still be hearing oral argument on Innovations' request for preliminary injunctive relief against Brian Jamil as set forth in this Court's November 27, 2012 ex parte temporary restraining order (hereinafter referred to as the "TRO").

      As set forth below, Brian Jamil submits to this Court that he was never served with the TRO, and that Innovations' failure to comply with the TRO's service requirements precludes their request for injunctive relief or, at a minimum, requires that the briefing and hearing schedule be revised to permit Brian Jamil a meaningful opportunity to submit a written response and argue against the relief sought by Innovations. In the event this Court disagrees with Brian Jamil's argument that he was not served with the TRO, Brian Jamil submits his request for an adjournment of the hearing and an opportunity to brief the issues pursuant to Section III(E) of your Chambers Practices Guide dated August 23, 2012.

      On November 27, 2012, this Court entered the TRO against, among others, Brian Jamil conditioned upon the Fifth Amended Complaint and TRO being served "*...by delivering true copies thereof to any person of suitable age found at Defendants' business addresses, no later than 9:00 p.m. EST on November 28, 2012.*"

1

On November 30, 2012, I e-mailed counsel for Innovations indicating that I would accept service on behalf of Brian Jamil. *See* **Exhibit A**. As of the date of this correspondence, Innovations has not: (a) filed a proof of service related to service on Brian Jamil, (b) asked me to sign an acknowledgment of service, or (c) served me with the Fifth Amended Complaint or the executed TRO. However, I have made it clear on the record in depositions since November 30, 2012 that my Firm represents Brian Jamil.

In the context of negotiating the stipulated order for preliminary injunctive relief against Walid Jamil, JT Wholesale and Trimexico, I noticed that Counsel for Innovations had included Brian Jamil in the proposed preliminary injunction.

Relying on Fed.R.Civ.P. 4(e), I objected to Innovations' representation that it had served Brian Jamil earlier than November 30, 2012. In support of its position that Brian Jamil was served with process consistent with the TRO, Innovations relies on a summons issued to "Raid Jamil c/o MCR Innovations and Packaging, Inc.," received by Rodrigo Rueda in San Diego, California on November 28, 2012. *See* **Exhibit B**. Brian Jamil does not work at MCR Innovations and Packaging, Inc. ("MCR Innovations"), nor does he conduct business operations of any kind from the San Diego location at which he was purportedly served. *See* **Exhibit C**. Brian Jamil is merely a 5% shareholder in MCR Innovations, and is neither an employee nor independent contractor of MCR Innovations. *Id.* Mr. Jamil is a Michigan resident, a fact known by Innovations, and was not in California at the time of the alleged service. Clearly, this service does not comport with this Court's TRO and does not comport with service of process under Fed.R.Civ.P. 4(e).

In order to protect his interests and rights to due process, Brian Jamil is seeking a ruling from this Court on whether he was properly served with process and the TRO, so he may prepare accordingly. On December 9, 2012, I was advised by Brian Jamil that the account related to Charter Home Healthcare, a Michigan based home health care company employing approximately 40 individuals serving the home health care needs of approximately 80 to 100 patients has been frozen pursuant to the TRO. If this Court determines that the TRO was not properly served, Brian Jamil seeks immediate relief in lifting the TRO on his personal accounts or any account on which he has signature authority.

To the extent this Court determines that Brian Jamil was properly served with process and the TRO by leaving it with Mr. Rueda, Brian Jamil is respectfully requesting an adjournment of the December 12, 2012 hearing so he may file with this Court a response in objection to the relief requested. Therefore, Pursuant to Section III(E) of the Chambers Practices, to the extent this Court concludes that Brian Jamil was timely served with process and the TRO, Brian Jamil submits the following facts in support of this request for adjournment and/or extension of time on the preliminary injunction hearing :

(1)     The Original Date. The date currently set for hearing on the Motion for Preliminary Injunction is Wednesday, December 12, 2012 at 2:30 p.m. The hearing on Innovations' request for preliminary injunctive relief against Walid Jamil, JT Wholesale and Trimexico is no longer necessary in light of the parties reaching a stipulation.

(2)     The Reason for the Request. Brian Jamil was not timely served with the TRO (see above). Also, it should be noted that Brian Jamil operates a home health care company that has nothing whatsoever to do with Innovations' allegations, and in the event this Court restrains Brian Jamil's accounts, the impact would be spread to employees and those patients which the company serves. It is imperative that Brian Jamil be able to prepare comprehensive briefing in defense of the request for preliminary injunctive relief.

(3)     How Much Additional Time is Needed. Brian Jamil respectfully requests a three-week extension.

(4)     The Number of Previous Requests. This is the first request.

(5)     Concurrence with Other Parties. I sought concurrence with counsel for Innovations in an email dated December 8, 2012. My request was denied on December 9, 2012 in an email correspondence from counsel for Innovations.

(6)     Whether the Adversary Consents. Adversary Counsel does not consent.

(7)     Mutually Agreeable Proposed Alternative Dates. Please see above.

**I respectfully request from this Court that the matters set forth in this correspondence be addressed as soon as possible in light of my needing to make travel arrangements from Michigan to New York for tomorrow, December 11, 2012.**

This Court should be aware that the only matter that would be before the Court related to my clients would be the issuance of the preliminary injunction against Brian Jamil (assuming the Court disagrees with my arguments above) because (a) Innovations and Walid Jamil, JT Wholesale and Trimexico have stipulated to an order for preliminary injunctive relief, and (b) under separate cover, Walid Jamil and Midwest Wholesale Distributors, Inc. ("Midwest") will be submitting a request to withdraw its hearing on whether the November 15, 2012 seizure on the Jamil residence and/or Midwest violated 15 USC §1116(d)(11) because Walid Jamil's and Midwest's conclusion is that they would need to file a cause of action to seek relief under the Lanham Act (as opposed to simply seeking contempt of the Seizure Order), and Mrs. Jamil and Kevin Jamil (non-parties in this action) would need to file their separate cause of action in Michigan.

Thank you for your consideration of this request.

                                                Very truly yours,

                                         **PAESANO AKKASHIAN, PC**

                                         Anthony R. Paesano

cc:     All counsel of record (via email)

# EXHIBIT A

## Anthony Paesano

| | |
|---|---|
| **From:** | Anthony Paesano |
| **Sent:** | Friday, November 30, 2012 10:47 AM |
| **To:** | 'Kurland, Thomas P. (x2019)' |
| **Cc:** | Potter, Geoffrey (x2050); Cohen, Michelle W. (x2758); Lorr, Sarah (x2474) |
| **Subject:** | RE: Innovation Ventures LLC et al. v. Ultimate One et al. - Correspondence |

Thanks Tom. I noticed Brian Jamil on the 5th Amended Complaint, but not JT Wholesale. My office will accept service on Mr. Jamil.

Anthony R. Paesano
**Paesano|Akkashian**
Attorneys and Counselors
www.paesanoakkashian.com

---

**From:** Kurland, Thomas P. (x2019) [mailto:tkurland@pbwt.com]
**Sent:** Friday, November 30, 2012 8:19 AM
**To:** Anthony Paesano
**Cc:** Potter, Geoffrey (x2050); Cohen, Michelle W. (x2758); Lorr, Sarah (x2474)
**Subject:** Innovation Ventures LLC et al. v. Ultimate One et al. - Correspondence

Anthony,

Please see attached correspondence from Geoffrey Potter.

Best,

Tom

**Thomas P. Kurland**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
www.pbwt.com
T: 212-336-2019
E: tkurland@pbwt.com

---

```
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.
```

---

```
IRS Circular 230 disclosure:  Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
```

Treasury regulations governing tax practitioners.)

==========================================================================

# EXHIBIT B

# Anthony Paesano

| | |
|---|---|
| **From:** | Kurland, Thomas P. (x2019) <tkurland@pbwt.com> |
| **Sent:** | Friday, December 07, 2012 1:38 PM |
| **To:** | Anthony Paesano; Potter, Geoffrey (x2050) |
| **Cc:** | Brian Akkashian; _cg LE Team |
| **Subject:** | RE: Proposed Revisions |
| **Attachments:** | 5HE - 12-4 RAID JAMIL - MCR INNOV AFF SVCE.pdf.pdf |

Tony,

As I have repeatedly indicated, I would like to discuss all of this on the phone.

The $5M number comes from what you represented to us on Tuesday was the dollar amount of 5-hr your client sold to Baja. Based on your revisions, however, it appears you're willing to stipulate to continue the asset freeze as to the, which is also agreeable. We are reviewing your proposed revisions in detail now, and I will circulate a draft shortly.

However, you're incorrect that Brian Jamil was not served.

Brian (Raid) Jamil was properly served on November 27, 2012 care of MCR Innovations and Packaging at the Airway Road address *before* you agreed to accept service on his behalf. An affidavit of service is attached. For what it's worth, you've also already appeared on Raid Jamil's behalf while Raid Jamil was actually present. Finally, I spoke with your partner Brian yesterday, who told me unequivocally that he understood that opposition papers were due yesterday for Walid Jamil, JT Wholesale, Trimexico, AND Raid Jamil, so as far as I can tell, you've knowingly defaulted on submitting any opposition papers as to Raid, JT Wholesale, and Trimexico, and, as such, the court will enter a PI against those defendants as a matter of course.

If you would like to discuss stipulating separately as to Defendant Raid Jamil, we are happy to do so.

As you know, the court has *ordered* us to discuss the scope of the hearing next week and submit a joint letter by Tuesday. We're happy to produce witnesses if we need to produce witnesses. You will, of course, be obliged to do the same. These are things that we can and should discuss in advance before your assistant asks if Geoff if he will accept service of a subpoena for Kroll.

I'm not going to discuss any more of this via email until after we speak.

Best,

Tom

**Thomas P. Kurland**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
www.pbwt.com
T: 212-336-2019
E: tkurland@pbwt.com

---

> **From:** Anthony Paesano [mailto:apaesano@paesanoakkashian.com]
> **Sent:** Friday, December 07, 2012 1:27 PM
> **To:** Kurland, Thomas P. (x2019); Potter, Geoffrey (x2050)
> **Cc:** Brian Akkashian
> **Subject:** Proposed Revisions
>
> Tom:

1

I have made proposed revisions to the Order. If we are unable to work this matter out, I suppose my only argument before the Court is that Mr. Jamil will stipulate to the relief requested in the November 13th Order (and your brief). Therefore, I have revised the proposed order so it read word-for-word with the TRO. Thanks for your consideration and we will speak shortly.

Anthony R. Paesano
**Paesano|Akkashian**
Attorneys and Counselors
132 North Old Woodward Avenue
Birmingham, Michigan 48009
p 248.792.6886
f 248.792.6885
www.paesanoakkashian.com

This message (including any attachments and any original message text) is confidential and may be privileged. If you have received it by mistake, please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Please note that e-mails are susceptible to change. Paesano Akkashian, PC shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system. Paesano Akkashian, PC does not guarantee that the integrity of this communication has been maintained nor that this communication is free of viruses, interceptions or interference. This communication is also covered by IRS Circular 230 Disclosure.

-------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

-------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

==========================================================================

2

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:12-cv-05354 (KAM)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* RAID JAMIL c/o MCR Innovations and Packaging, Inc.
was received by me on *(date)* November 27, 2012.

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* RODRIGO RUEDA , who is
designated by law to accept service of process on behalf of *(name of organization)* RAID JAMIL c/o
MCR Innovations and Packaging, Inc. on *(date)* November 29, 2012 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/29/12

*Server's signature*

Javier Arreola
*Printed name and title*

221 5th Avenue, #203 San Diego, CA 92101
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:12-cv-05354 (KAM)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* RAID JAMIL c/o MCR Innovations and Packaging, Inc.
was received by me on *(date)* November 27, 2012.

☐ I personally served the summons on the individual at *(place)* _____
  on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
  , a person of suitable age and discretion who resides there,
  on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Rodrigo Rueda , who is
  designated by law to accept service of process on behalf of *(name of organization)* RAID JAMIL c/o
  MCR Innovations and Packaging, Inc. on *(date)* November 29, 2012 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/29/12

*Server's signature*

Javier Arteaga
*Printed name and title*

2121 5th Avenue, #203 San Diego, CA 92101
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INNOVATION VENTURES, LLC et al.,

                Plaintiffs,

    -against-

ULTIMATE ONE DISTRIBUTING CORP et al.,

                Defendants.

12 Civ. 5354 (KAM)

**DECLARATION OF BRIAN JAMIL**

BRIAN JAMIL, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I make this declaration on personal knowledge in support of the representations made in my Counsel's December 9, 2012 correspondence to the Court pursuant to Section IIIe of the Court's Chambers Practices Guide dated August 23, 2012.

2. I am a resident of the State of Michigan.

3. I am not employed by Midwest Wholesale Distributors, Inc. ("Midwest") or MCR Innovations and Packaging, Inc. ("MCR"). I have no ownership interest in Midwest, and hold title to only 5% of the issued shares in MCR.

4. My primary focus is on being President of Charter Home Healthcare, a Michigan corporation ("Charter Home").

5. Charter Home employs anywhere between 35 and 40 employees or independent contractors on a monthly basis in providing home health care services to approximately 80 to 100 patients depending on the particular need during any given month.

6. I was not in San Diego, California on November 28, 2012, and at no time did Rodrigo Rueda provide me with the Fifth Amended Complaint or the TRO. In fact, I do not

1

even know Rodrigo Rueda, and cannot confirm whether he even has authority to accept any papers or other documents at MCR.

7. I first learned of the Fifth Amended Complaint and TRO on November 29, 2012.

8. After exploring my options in how to proceed, I advised Mr. Paesano on November 30, 2012 to accept service of the Fifth Amended Complaint and TRO on my behalf.

9. On December 9, 2012, I learned that Innovations had frozen my personal account even though I had not been served with the TRO by 9:00 p.m. on November 28, 2012. Furthermore, the freezing of any account associated with Charter Home is going to result in irreparable harm to the company, including but not limited to, paying for the employees and independent contractors that service the company's patient base.

I declare under penalty that the foregoing is true and correct.

Executed on December 9, 2012

_____
Brian Jamil