# PAESANO | AKKASHIAN

ATTORNEYS & COUNSELORS

132 North Old Woodward Avenue
Birmingham, Michigan 48009
P 248.792.6886
F 248.792.6885
www.paesanoakkashian.com

Anthony R. Paesano
Brian M. Akkashian

Daniel S. Hoops
Of Counsel
Also Licensed in Florida

December 10, 2012

**VIA FACSIMILE (718) 613-2185**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Case Name:    *Innovation Ventures, LLC et al. v Walid Jamil et al.,* Docket No: 12 Civ. 05354

Dear Judge Matsumoto:

Please allow this letter to serve as the supplement to my November 30, 2012 request on behalf of Defendants Midwest Wholesale Distributors, Inc. ("Midwest"), Walid Jamil ("Jamil"), Justin Shayota ("Shayota") and Brian Jamil (collectively, "Defendants") for a pre-motion conference under Section IV(B) of this Honorable Court's Chambers Practices Guide. I have enclosed my earlier correspondence as **Exhibit A** for easy reference for the Court.

Basis of Motion

As indicated in my original request, Defendants intend to file, pursuant to Fed. R. Civ. P. 12(b)(2), a Motion to Dismiss for Lack of Personal Jurisdiction. At the time of our telephonic hearing, this Court requested that Defendants review *Chloe v Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2nd Cir. 2010) before requesting a continuance of the pre-motion conference. I have reviewed the case and am of the opinion it is factually distinguishable from this matter in two primary respects. First, the *Chloe* court started its analysis by finding that the ***defendant had personally shipped*** at least one product into New York. There is no evidence in our matter that Defendants sold any product into New York. Second, the defendant in *Chloe* was a ***principal or owner of Queen Bee***, the company that had sold significant product in New York. Defendants in this case are not owners or principals of Baja Exporting or Dan-Dee, the companies that sold to wholesalers, which then sold in New York, i.e., Defendants are two steps removed from the end sale in New York. It is also worth mentioning that the defendant in *Chloe* did not file its personal jurisdiction motion until a year into the case, which I am of the opinion was a factor in that court's decision.

Proposed Briefing Schedule

Based upon information currently available (proofs of service have not been filed as of the date of this letter), Defendants' first responsive pleadings are due by December 11, 2012. It is Defendants' intention to file their Motion to Dismiss by December 11, 2012. Defendants request that Plaintiffs' response to the Motion to Dismiss be filed on or before December 21, 2012.

Thank you for your consideration of this request. My partner, Brian Akkashian, and/or I are available for a telephonic conference with this Honorable Court to discuss this request anytime.

Very truly yours,

PAESANO-AKKASHIAN, PC

Anthony R. Paesano

cc: All counsel of record (via email)