UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
INNOVATION VENTURES, LLC;
LIVING ESSENTIALS, LLC; and INTERNATIONAL
IP HOLDINGS, LLC,

                       Plaintiffs,

                                    **ANSWER TO SEVENTH**
                                    **AMENDED COMPLAINT**
    - against -                      12 Civ.5354(KAM)

ULTIMATE ONE DISTRIBUTION CORP.,
ET AL.,

                       Defendants.
------------------------------------X

        Defendant, Sang Lee, d/b/a 7-Eleven Food Store No. 11181, sued herein as 7-Eleven Food Store No. 11181, respectfully answers the Complaint herein as follows:

        FIRST:    Denies having sufficient information or knowledge so as to form a belief as to paragraphs of the Complaint numbered 1 through 29, 31, 34 through 88, 92 through 251, 294 and 295.

        SECOND:    Denies each and every allegation contained in paragraph of the Complaint number 30, but admits that the franchisee of 7-Eleven, Inc., located at 4350 Merrick Road, Massapequa, New York 11758 is Sang Lee, d/b/a 7-Eleven Food Store No.11181.

        THIRD:    Denies each and every allegation in paragraphs of the Complaint numbered 253 through 263, 265 through 271, 273 through 277, 279 through 284, 286 through 292, 296 through 301, 304 through 308, 310 through 314, 316 through 319, 321 and 322.

FOURTH: Respectfully leaves and refers to this honorable Court for resolution and determination all questions of law or fact raised in paragraphs of the Complaint numbered 89, 90, 91 and 303.

FIFTH: Repeats, reiterates and realleges each and every admission, denial or other answer interposed by this defendant with respect to paragraphs of the Complaint numbered 1 through 251, as realleged by plaintiffs in paragraphs of the Complaint numbered 252, 258, 264, 272, 278, 285, 293, 302, 309, 315, and 320.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT SANG LEE, d/b/a 7-ELEVEN FOOD STORE NO. 11181

SIXTH: If this defendant is found to have purchased and/or sold counterfeit 5 HOUR ENERGY or any related product, then and in that event such purchase and/or sale was inadvertent, unintentional, and without knowledge by this defendant, his agents, servants, or employees as to the true nature of the product, and the Complaint herein does not allege such scienter with respect to this defendant.

SEVENTH: That the counterfeit product packaging as specifically described in the Complaint was faithfully reproduced and distinguishable from the authentic product only with a close and meticulous inspection.

EIGHTH: That this defendant purchased plaintiffs' products from more than one wholesaler/distributor, each of which were known to be reputable businesses who had never before sold to this defendant, to his knowledge, any counterfeit product produced by any manufacturer.

NINTH: That this defendant sells thousands of different products in his 7-Eleven store in which he has developed the confidence of his customers that any product purchased therein are of the highest quality and are authentic as opposed to counterfeit origin.

TENTH: That this defendant would not jeopardize his customer confidence and relationships if he had the slightest suspicion that the plaintiff's products were counterfeit.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT SANG LEE, d/b/a 7-ELEVEN FOOD STORE NO. 11181

ELEVENTH: By reason of the foregoing, this defendant did not violate any Federal or State laws or regulations, or common laws, relating to the sale of counterfeit product including, but not limited to, 15 U.S.C. §1114(1)(a); 15 U.S.C. §1114(1)(b); 15 U.S.C. §1125(a)(1)(A); 15 U.S.C. §1125(a)(1)(B); 15 U.S.C. §1125(c); 17 U.S.C. §106; New York General Business Law §360-1; New York General Business Law §349; nor did this defendant engage in any conspiracy to violate said laws or regulations.

TWELFTH: Accordingly, the Complaint herein fails to state a cause of action against this defendant.

WHEREFORE, this defendant demands judgment dismissing the Complaint, as against him, in all respects and for a further judgment awarding to him the costs and disbursements incurred herein, including reasonable attorney's fees, and for such other and further relief as to this Court may deem just and proper.

Dated: Massapequa, New York
January 16, 2013

Yours, etc.

ARNOLD J. HAUPTMAN, P.C.
ARNOLD J. HAUPTMAN, ESQ.
686 Broadway
Massapequa, New York 11758
(516) 541-7200

To: Patterson, Belknap, Webb & Tyler, LLP.
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2222

4

Index No. 12 Civ. 5354 (KAM) Year 19 --

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INNOVATION VENTURES, LLC;
LIVING ESSENTIALS, LLC; and
INTERNATIONAL IP HOLDINGS, LLC,

                     Plaintiffs,

-against-

ULTIMATE ONE DISTRIBUTION CORP.,
ET AL.,

                     Defendants.

═══ ANSWER TO SEVENTH AMENDED COMPLAINT ═══

*Attorney for* Defendant

**ARNOLD J. HAUPTMAN** P.C.

*Office and Post Office Address, Telephone*
686 Broadway
MASSAPEQUA, N.Y. 11758
(516) 541-7200

To

*Attorney(s) for*

Service of a copy of the within
is hereby admitted.

Dated,

*Attorney(s) for*

---

═══ NOTICE OF ENTRY ═══

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on                    19

Dated,

      Yours, etc.,
**ARNOLD J. HAUPTMAN**

*Attorney for*

*Office and Post Office Address*
686 Broadway
MASSAPEQUA, N.Y. 11758

To

*Attorney(s) for*

═══ NOTICE OF SETTLEMENT ═══

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at
on                    19
at           M.
Dated,

      Yours, etc.,
**ARNOLD J. HAUPTMAN**

*Attorney for*

*Office and Post Office Address*
686 Broadway
MASSAPEQUA, N.Y. 11758

To

*Attorney(s) for*