UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INNOVATION VENTURES, LLC, et al.,

                      Plaintiffs,

      - against -

ULTIMATE ONE DISTRIBUTING CORP.,
et al.,
                      Defendants.
-----------------------------------------------------------X

12 Civ. 5354 (KAM-RLM)

**ANSWER TO SEVENTH AMENDED COMPLAINT**

      Defendant PURITY WHOLESALE GROCERS, INC. ("Purity"), by their attorneys, Goodman & Saperstein, as and for their Answer to Plaintiffs' Seventh Amended Complaint ("Complaint"), hereby alleges as follows:

### AS TO THE NATURE OF THE ACTION

      1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "1, 2, 3, 4, 5, 6, 7, 8, 9 and 10" of the Complaint.

### AS TO THE PARTIES

**Plaintiffs**

      2.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "11, 12, 13 and 14" of the Complaint.

**Previously Named Defendants**

      3.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "16, 17, 18, 19, 20, 21, 22 and 23" of the Complaint.

      4.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 and 64"

of the Complaint.

    5.    Admits each and every allegation contained in Paragraph "65" of the Complaint.

    6.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80" of the Complaint.

### Defendants Newly Named in the Seventh Amended Complaint

    7.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "81, 82, 83, 84, 85, 86, 87, and 88" of the Complaint.

## AS TO JURISDICTION AND VENUE

    8.    Neither admits or denies the allegations contained in Paragraphs "89, 90 and 91" of the Complaint as to jurisdiction and venue which are for the Court's determination.

## AS TO FACTUAL ALLEGATIONS

### The 5-Hour Energy Product

    9.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "92, 93, 94 and 95" of the Complaint.

### Living Essentials' Protected Intellectual Property

    10.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109 and 110" of the Complaint.

### Living Essentials' Discovery of Counterfeit Product

    11.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "111, 112, 113, 114 and 115" of the Complaint.

    12.    Neither admits or denies the allegations contained in Paragraph "116" of the

Complaint as to legal references which are for the Court's determination.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "117" of the Complaint.

**Living Essentials' Investigation and Court-Ordered Discovery Connect Defendants with the Counterfeits and Reveals the Factory Where They Were Packaged**

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "118, 119, 120, 121, 122, 123, 124, 125 and 126" of the Complaint.

*Involvement of Defendants Midwest; Baja Exporting; JT Wholesale Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc; Justin Shayota, Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; and Camilo Ramirez*

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147 and 148" of the Complaint.

*Involvement of Defendants Leslie Roman, Donna Roman and Flexopack*

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "149, 150, 151, 152, 153, 154 and 155" of the Complaint.

*Involvement of Defendants One Stop Label Corporation*

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "156, 157, 158 and 159" of the Complaint.

*Involvement of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC*

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "160, 161, 162 and 163" of the Complaint.

*Involvement of Defendants Ultimate One Distributing Corp; Gulam Najimi, a/k/a Ghulamali Ali Najimi; Wally Najimi a/k/a Ahmed Wally Najimi; Price Master Corp.; and Abdul Satar Najimi*

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "164, 165, 166, 167 and 168" of the Complaint.

*Involvement of Defendants Excel Wholesale Distributors Inc and Farid Tursonzadah a/k/a Farid Turson*

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "169, 170 and 171" of the Complaint.

*Involvement of Defendant Core-Mark International, Inc.*

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182 and 183" of the Complaint.

*Involvement of Defendants Heights Deli and Company; Richmond Wholesale Company, Inc.; and Saquib Khan*

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "184, 185 and 186" of the Complaint.

*Involvement of Defendant CVS Caremark Corp.*

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "187, 188, 189 and 190" of the Complaint.

*Involvement of the 7-Eleven Defendants*

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "191, 192, 193, 194, 195, 196 and 197" of the Complaint.

*Involvement of Defendant Prestige Mobil*

25. Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "198" of the Complaint.

### *Involvement of Defendant Kaival Deli & Catering*

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "199" of the Complaint.

### Involvement of Defendant Valero Retail Holdings, Inc.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "200, 201 and 202" of the Complaint

### *Involvement of Defendant Nevins Gourmet*

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "203" of the Complaint.

### *Involvement of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., and Sulaiman S. Aamir*

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "204, 205, 206, 207 and 208" of the Complaint.

### *Involvement of Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers*

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "209 and 210" of the Complaint.

### *Involvement of Defendant Quality King Distributors, Inc.*

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "211, 212, 213 and 214" of the Complaint.

### *Involvement of Defendants Baseline Distribution, Inc. and David Flood*

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "215 and 216" of the Complaint.

*Involvement of Defendants Moa Trading, Inc. and Mark K. Lee*

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "217, 218, 219, 220, 221 and 222" of the Complaint.

*Involvement of Defendant Capital Sales Company*

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "223 and 224" of the Complaint.

*Involvement of Defendants Elegant Trading, Inc. and Ahmed Bhimani*

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "225, 226 and 227" of the Complaint.

*Involvement of Defendants Food Distributors International, Inc. and Scott Tilbrook*

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "228, 229, 230 and 231" of the Complaint.

*Involvement of Defendant Top Choice Trading USA, Inc.*

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "232, 233 and 234" of the Complaint.

*Involvement of Defendant Universal Wholesale, Inc. and Joseph Sevany, Sr. a/k/a Joe Zaitouna*

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "235, 236, 237, 238 and 239" of the Complaint.

*Involvement of Defendant Purity Wholesale Grocers, Inc.*

39. Admits each and every allegation contained Paragraph "240" of the Complaint.

40. Admits that in response to a subpoena, Purity produced invoices and records showing that, in August, 2012 and September, 2012, Purity purchased 1,262 cases of 5-hour

Energy from Defendant Tradeway International, Inc. d/b/a Baja Exporting and otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph "241" of the Complaint.

41. Admits each and every allegation contained in Paragraph "242" of the Complaint.

*Involvement of Defendants Shah Distributors, Inc. and Arvind Shah*

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "243, 244 and 245" of the Complaint.

*Involvement of Defendants Steerforth Trading, Inc. a/ka Steer Forth Trading, Inc. and Isaac Anzaroot*

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "246, 247 and 248" of the Complaint.

*Involvement of Defendant Akshar Services LLC a/k/a Perfume Shower*

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "249" of the Complaint.

*Involvement of Defendant Mike Wholesale a/k/a Mikes-Wholesale.com*

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "250" of the Complaint.

*Involvement of Defendants Joe Does 1-10*

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "251" of the Complaint.

### AS TO THE FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a)

47. Purity repeats and realleges Paragraphs 1 through 46 as though more fully set forth herein.

48. Denies the allegations contained in Paragraphs "253, 254, 255, 256 and 257" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "253, 254, 255, 256 and 257" of the Complaint as to the other Defendants..

## AS TO THE SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C § 1114(1)(b)

49. Purity repeats and realleges Paragraphs 1 through 48 as though more fully set forth herein.

50. Denies the allegations contained in Paragraphs "259, 260, 261, 262 and 263" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "259, 260, 261, 262 and 263" of the Complaint as to the other Defendants.

## AS TO THE THIRD CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT

51. Purity repeats and realleges Paragraphs 1 through 50 as though more fully set forth herein.

52. Denies the allegations contained in Paragraphs "265, 266, 267, 268, 269, 270 and 271" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "265, 266, 267, 268, 269, 270 and 271" of the Complaint as to the other Defendants.

## AS TO THE FOURTH CLAIM FOR RELIEF
## FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE

53. Purity repeats and realleges Paragraphs 1 through 52 as though more fully set forth herein.

54. Denies the allegations contained in Paragraphs "273, 274, 275, 276 and 277" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "273, 274, 275, 276 and 277" of the Complaint as to the other Defendants.

### AS TO THE FIFTH CLAIM FOR RELIEF
### FEDERAL FALSE ADVERTISING

55. Purity repeats and realleges Paragraphs 1 through 54 as though more fully set forth herein.

56. Denies the allegations contained in Paragraphs "279, 280, 281, 282, 283 and 284" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "279, 280, 281, 282, 283 and 284" of the Complaint as to the other Defendants.

### AS TO THE SIXTH CLAIM FOR RELIEF
### FEDERAL DILUTION OF MARK

57. Purity repeats and realleges Paragraphs 1 through 56 as though more fully set forth herein.

58. Denies the allegations contained in Paragraphs "286, 287, 288, 289, 290, 291 and 292" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "286, 287, 288, 289, 290, 291 and 292" of the Complaint as to the other Defendants.

### AS TO THE SEVENTH CLAIM OF RELIEF
### FEDERAL COPYRIGHT INFRINGEMENT

59. Purity repeats and realleges Paragraphs 1 through 58 as though more fully set forth herein.

60. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "294 and 295" of the Complaint.

61. Denies the allegations contained in Paragraphs "296, 297, 298, 299, 300 and 301" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "296, 297, 298, 299, 300 and 301" of the Complaint as to the other Defendants.

### AS TO THE EIGHTH CLAIM OF RELIEF
### NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

62. Purity repeats and realleges Paragraphs 1 through 61 as though more fully set forth herein.

63. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "303" of the Complaint.

64. Denies the allegations contained in Paragraphs "304, 305, 306, 307, and 308" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "304, 305, 306, 307, and 308" of the Complaint as to the other Defendants.

### AS TO THE NINTH CLAIM FOR RELIEF
### NEW YORK DECEPTIVE BUSINESS PRACTICES

65. Purity repeats and realleges Paragraphs 1 through 64 as though more fully set forth herein.

66. Denies the allegations contained in Paragraphs "310, 311, 312, 313 and 314" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "310, 311, 312, 313 and 314" of the Complaint as to the other Defendants.

## AS TO THE TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

67. Purity repeats and realleges Paragraphs 1 through 66 as though more fully set forth herein.

68. Denies the allegations contained in Paragraphs "316, 317, 318 and 319" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "316, 317, 318 and 319" of the Complaint as to the other Defendants.

## AS TO THE ELEVENTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT

69. Purity repeats and realleges Paragraphs 1 through 68 as though more fully set forth herein.

70. Denies the allegations contained in Paragraph "321" of the Complaint as to Purity and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "321" of the Complaint as to the other Defendants.

71 Neither admits or denies the allegations contained in Paragraph "322" of the Complaint as to legal references which are for the Court's determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72. The Complaint fails to state claims upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73. Purity acted in good faith pursuant to a fair basis and belief that the 5-hour Energy products Defendant Tradeway International, Inc. d/b/a Baja Exporting ("Baja Exporting"), through intermediaries, Defendants Joseph Shayota and Adriana Shayota, sold Purity bearing the Plaintiffs' trademarks referred to in the Complaint, were genuine trademarks and not counterfeit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74. That in its purchase, sale and distribution of the 5-hour Energy products bearing the aforesaid Plaintiffs' trademarks, Purity acted neither with willful deception nor scienter that the alleged infringing goods would likely cause confusion.

75. By reason of the foregoing, if, in fact, the 5-hour Energy products were not genuine, Purity were an innocent infringer of Plaintiffs' trademarks.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST TRADEWAY INTERNATIONAL, INC. d/b/a BAJA EXPORTING, JOSEPH SHAYOTA AND ADRIANA SHAYOTA

76. That Cross-Claimant Purity Wholesale Grocers Inc. is a corporation, organized and existing by virtue of the laws of the State of Illinois, with its principal place of business at 5400 Broken Sound Boulevard NW, Suite 100, Boca Raton, Florida 33487.

77. Upon information and belief, Cross-Defendant Tradeway International, Inc. d/b/a Baja Exporting is a corporation, organized and existing by virtue of the laws of the State of California, maintaining its principal place of business in San Diego, California.

78. Upon information and belief, Cross-Defendants Joseph Shayota and Adriana Shayota are the principals of Baja Exporting and are the moving, active and conscious force behind Baja Exporting.

79. That Purity is in the business of buying, selling, marketing, trading and otherwise dealing in food and grocery items and other consumer products.

80. Upon information and belief, Baja Exporting is in the business of buying, selling, marketing, trading and otherwise dealing in grocery items and other consumer products.

81. That in August, 2012 and September of 2012, Baja Exporting through Joseph Shayota and Andriana Shayota as intermediaries, offered Purity a total of 1,262 cases of 5-hour

Energy which Purity paid a total of $354,740.00 for.

82. That Plaintiffs have alleged in their Complaint that the 5-hour Energy bottles, as set forth above, which Purity purchased from Baja Exporting, all bore counterfeit trademarks, that were not affixed by Plaintiffs.

83. That by reason of the foregoing, Plaintiffs have commenced this action against Purity and in their Complaint, have asserted claims against Purity under the Lanham Act for trademark infringement, trademark counterfeiting, false description and designation of origin in commerce, false advertising, trademark dilution, copyright infringement; under New York General Business Law for dilution of mark and injury to business reputation, deceptive business practices; and under common law for unfair competition and unjust enrichment arising from its purchase, sale and distribution of the aforesaid 5-hour Energy products that Purity purchased from Baja Exporting.

84. That in connection herewith, Plaintiffs are seeking monetary damages from Purity, as well as reasonable attorney's fees and costs and disbursements.

85. Upon information and belief based upon Plaintiffs' allegations, discovery and deposition testimony of other defendants and Joseph Shayota, it appears that Joseph Shayota and Adriana Shayota were participants in the counterfeiting conspiracy, knew or had reason to believe that the 5-hour Energy products offered and sold to Purity bore counterfeit trademarks not affixed by Plaintiffs.

86. While Purity denies such claims, Purity is entitled to indemnification from Baja Exporting, Joseph Shayota and Adriana Shayota based upon:

        a. Baja Exporting's, Joseph Shayota's and Adriana Shayota's breach of the contract of sale described above;

  b. Baja Exporting's, Joseph Shayota's and Adriana Shayota's breach of implied warranties of merchantability and fitness for use and express warranty of title and against infringement under the Uniform Commercial Code;

  c. Under the common law; and

  d. Baja Exporting's, Joseph Shayota's and Adriana Shayota's fraud and deceit in knowingly selling Purity the aforesaid counterfeit products, in that Baja Exporting, Joseph Shayota and Adriana Shayota knew that the boxes were not manufactured by Plaintiffs, when they were sold to Purity.

  87. The right of indemnification includes any and all damages, as well as Plaintiffs' reasonable attorney's fees and costs and disbursements which may be awarded in favor of Plaintiffs and as against Purity by reason of the allegations of Plaintiffs in their Complaint, and Purity' reasonable attorney's fees and all expenses otherwise incurred by Purity in connection with Plaintiffs' Complaint.

  **WHEREFORE,** Purity demands judgment as follows:

  (a) Dismissing the Complaint in its entirety and each and every claim for relief against Purity thereon and awarding costs and disbursements incurred in defending against the Complaint; or in the alternative;

  (b) On Purity' First Cross-Claim, damages against Baja Exporting, Joseph Shayota and Adriana Shayota, jointly and severally, in an amount equal to whatever monies Purity may have to pay to Plaintiffs by reason of Plaintiffs' claims against Purity and Purity's reasonable attorney's fees and expenses otherwise incurred by Purity in connection with Plaintiffs' claims; and

  (c) That Purity have such other and further relief which as to this Court may deem just and proper.

Dated: Garden City, New York
January 30, 2013

                                        GOODMAN & SAPERSTEIN

                                        By: _____
                                        Stanley R. Goodman (SG2500)
                                        Attorneys for Defendant Purity Wholesale
                                        Grocers, Inc.
                                        100 Garden City Plaza, Suite 412B
                                        Garden City, New York 11530
                                        Tel: (516) 227-2100
                                        Fax. (516) 227-2108
                                        Email: gsesq600@aol.com

TO:
      Patterson Belknap Webb & Tyler LLP
      1133 Avenue of the Americas
      New York, NY 10036
      Tel: (212) 336-2050
      Fax: (212) 336-7906

C:\WORK-2008\WORK\PURITY\INNOVATIONS (2817-D)\Court\ANS-7th.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
INNOVATION VENTURES, LLC, et al.,

                                      12 Civ. 5354 (KAM-RLM)

            Plaintiffs,

- against -

ULTIMATE ONE DISTRIBUTING CORP.,
et al.,
            Defendants.
------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER TO SEVENTH AMENDED COMPLAINT dated January 30, 2013 has been filed electronically with the U.S. District Court this 30th day of January . 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid.

                                                  Stanley R. Goodman (SG2500)
                                                  Goodman & Saperstein
                                                  100 Garden City Plaza, Suite 412 B
                                                  Garden City, NY 11530