UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INNOVATION VENTURES, LLC, et al.,

                 Plaintiffs,

- against -

ULTIMATE ONE DISTRIBUTING CORP.,
et al.,
                 Defendants.
----------------------------------------------------------X

12 Civ. 5354 (KAM-RLM)

**ANSWER TO SEVENTH AMENDED COMPLAINT**

Defendants FOOD DISTRIBUTORS INTERNATIONAL, INC. ("Food Distributors"), SCOTT TILBROOK ("Tilbrook"), (collectively "Food Distributors Defendants") by their attorneys, Goodman & Saperstein, as and for their Answer to Plaintiffs' Seventh Amended Complaint ("Complaint"), hereby allege as follows:

### AS TO THE NATURE OF THE ACTION

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "1, 2, 3, 4, 5, 6, 7, 8, 9 and 10" of the Complaint.

### AS TO THE PARTIES

**Plaintiffs**

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "11, 12, 13 and 14" of the Complaint.

**Previously Named Defendants**

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "16, 17, 18, 19, 20, 21 and 22" of the Complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 and 52" of the Complaint.

6. Admits Food Distributors is a Florida corporation with its principal place of business at 1881 NE 26th Street, Suite 223, Fort Lauderdale, Florida 33305 and denies the remaining allegations contained in Paragraph "53" of the Complaint.

7. Admits Tilbrook is the President of Food Distributors and denies the remaining allegations contained in Paragraph "54" of the Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80" of the Complaint.

**Defendants Newly Named in the Seventh Amended Complaint**

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "81, 82, 83, 84, 85, 86, 87, and 88" of the Complaint.

## AS TO JURISDICTION AND VENUE

10. Neither admits or denies the allegations contained in Paragraphs "89, 90 and 91" of the Complaint as to jurisdiction and venue which are for the Court's determination.

## AS TO FACTUAL ALLEGATIONS

**The 5-Hour Energy Product**

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "92, 93, 94 and 95" of the Complaint.

**Living Essentials' Protected Intellectual Property**

12. Denies knowledge and information sufficient to form a belief as to the truth of the

2

allegations contained in Paragraphs "96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109 and 110" of the Complaint.

**Living Essentials' Discovery of Counterfeit Product**

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "111, 112, 113, 114 and 115" of the Complaint.

14. Neither admits or denies the allegations contained in Paragraph "116" of the Complaint as to legal references which are for the Court's determination.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "117" of the Complaint.

**Living Essentials' Investigation and Court-Ordered Discovery Connect Defendants with the Counterfeits and Reveals the Factory Where They Were Packaged**

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "118, 119, 120, 121, 122, 123, 124, 125 and 126" of the Complaint.

*Involvement of Defendants Midwest; Baja Exporting; JT Wholesale Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc; Justin Shayota, Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; and Camilo Ramirez*

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147 and 148" of the Complaint.

*Involvement of Defendants Leslie Roman, Donna Roman and Flexopack*

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "149, 150, 151, 152, 153, 154 and 155" of the Complaint.

*Involvement of Defendants One Stop Label Corporation*

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "156, 157, 158 and 159" of the Complaint.

*Involvement of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC*

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "160, 161, 162 and 163" of the Complaint.

*Involvement of Defendants Ultimate One Distributing Corp; Gulam Najimi, a/k/a Ghulamali Ali Najimi; Wally Najimi a/k/a Ahmed Wally Najimi; Price Master Corp.; and Abdul Satar Najimi*

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "164, 165, 166, 167 and 168" of the Complaint.

*Involvement of Defendants Excel Wholesale Distributors Inc and Farid Tursonzadah a/k/a Farid Turson*

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "169, 170 and 171" of the Complaint.

*Involvement of Defendant Core-Mark International, Inc.*

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182 and 183" of the Complaint.

*Involvement of Defendants Heights Deli and Company; Richmond Wholesale Company, Inc.; and Saquib Khan*

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "184, 185 and 186" of the Complaint.

*Involvement of Defendant CVS Caremark Corp.*

25. Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraphs "187, 188, 189 and 190" of the Complaint.

*Involvement of the 7-Eleven Defendants*

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "191, 192, 193, 194, 195, 196 and 197" of the Complaint.

*Involvement of Defendant Prestige Mobil*

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "198" of the Complaint.

*Involvement of Defendant Kaival Deli & Catering*

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "199" of the Complaint.

**Involvement of Defendant Valero Retail Holdings, Inc.**

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "200, 201 and 202" of the Complaint

*Involvement of Defendant Nevins Gourmet*

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "203" of the Complaint.

*Involvement of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., and Sulaiman S. Aamir*

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "204, 205, 206, 207 and 208" of the Complaint.

*Involvement of Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers*

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "209 and 210" of the Complaint.

*Involvement of Defendant Quality King Distributors, Inc.*

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "211, 212, 213 and 214" of the Complaint.

*Involvement of Defendants Baseline Distribution, Inc. and David Flood*

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "215 and 216" of the Complaint.

*Involvement of Defendants Moa Trading, Inc. and Mark K. Lee*

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "217, 218, 219, 220, 221 and 222" of the Complaint.

*Involvement of Defendant Capital Sales Company*

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "223 and 224" of the Complaint.

*Involvement of Defendants Elegant Trading, Inc. and Ahmed Bhimani*

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "225, 226 and 227" of the Complaint.

*Involvement of Defendants Food Distributors International, Inc. and Scott Tilbrook*

38. Admits that Food Distributors sold Quality King a quantity of 5-hour Energy product and denies the remaining allegations contained in Paragraph "228" of the Complaint.

39. Admits that Food Distributors sold Quality King a quantity of 5-hour Energy product and denies the remaining allegations contained in Paragraph "229" of the Complaint.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "230" of the Complaint .

41. Denies the allegations contained in Paragraph "231" of the Complaint.

*Involvement of Defendant Top Choice Trading USA, Inc.*

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "232, 233 and 234" of the Complaint.

*Involvement of Defendant Universal Wholesale, Inc. and Joseph Sevany, Sr. a/k/a Joe Zaitouna*

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "235, 236, 237, 238 and 239" of the Complaint.

*Involvement of Defendant Purity Wholesale Grocers, Inc.*

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "240, 241 and 242" of the Complaint.

*Involvement of Defendants Shah Distributors, Inc. and Arvind Shah*

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "243, 244 and 245" of the Complaint.

*Involvement of Defendants Steerforth Trading, Inc. a/ka Steer Forth Trading, Inc. and Isaac Anzaroot*

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "246, 247 and 248" of the Complaint.

*Involvement of Defendant Akshar Services LLC a/k/a Perfume Shower*

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "249" of the Complaint.

*Involvement of Defendant Mike Wholesale a/k/a Mikes-Wholesale.com*

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "250" of the Complaint.

***Involvement of Defendants Joe Does 1-10***

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "251" of the Complaint.

### AS TO THE FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a)

50. Food Distributors Defendants repeat and reallege Paragraphs 1 through 49 as though more fully set forth herein.

51. Denies the allegations contained in Paragraphs "253, 254, 255, 256 and 257" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "253, 254, 255, 256 and 257" of the Complaint as to the other Defendants..

### AS TO THE SECOND CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C § 1114(1)(b)

52. Food Distributors Defendants repeat and reallege Paragraphs 1 through 51 as though more fully set forth herein.

53. Denies the allegations contained in Paragraphs "259, 260, 261, 262 and 263" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "259, 260, 261, 262 and 263" of the Complaint as to the other Defendants.

### AS TO THE THIRD CLAIM FOR RELIEF
### CONTRIBUTORY TRADEMARK INFRINGEMENT

54. Food Distributors Defendants repeat and reallege Paragraphs 1 through 53 as though more fully set forth herein.

55. Denies the allegations contained in Paragraphs "265, 266, 267, 268, 269, 270 and

271" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "265, 266, 267, 268, 269, 270 and 271" of the Complaint as to the other Defendants.

### AS TO THE FOURTH CLAIM FOR RELIEF
### FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE

56. Food Distributors Defendants repeat and reallege Paragraphs 1 through 55 as though more fully set forth herein.

57. Denies the allegations contained in Paragraphs "273, 274, 275, 276 and 277" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "273, 274, 275, 276 and 277" of the Complaint as to the other Defendants.

### AS TO THE FIFTH CLAIM FOR RELIEF
### FEDERAL FALSE ADVERTISING

58. Food Distributors Defendants repeat and reallege Paragraphs 1 through 57 as though more fully set forth herein.

59. Denies the allegations contained in Paragraphs "279, 280, 281, 282, 283 and 284" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "279, 280, 281, 282, 283 and 284" of the Complaint as to the other Defendants.

### AS TO THE SIXTH CLAIM FOR RELIEF
### FEDERAL DILUTION OF MARK

60. Food Distributors Defendants repeat and reallege Paragraphs 1 through 59 as though more fully set forth herein.

61. Denies the allegations contained in Paragraphs "286, 287, 288, 289, 290, 291 and

9

292" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "286, 287, 288, 289, 290, 291 and 292" of the Complaint as to the other Defendants.

## AS TO THE SEVENTH CLAIM OF RELIEF
## FEDERAL COPYRIGHT INFRINGEMENT

62. Food Distributors Defendants repeat and reallege Paragraphs 1 through 61 as though more fully set forth herein.

63. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "294 and 295" of the Complaint.

64. Denies the allegations contained in Paragraphs "296, 297, 298, 299, 300 and 301" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "296, 297, 298, 299, 300 and 301" of the Complaint as to the other Defendants.

## AS TO THE EIGHTH CLAIM OF RELIEF
## NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

65. Food Distributors Defendants repeat and reallege Paragraphs 1 through 64 as though more fully set forth herein.

66. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph "303" of the Complaint.

67. Denies the allegations contained in Paragraphs "304, 305, 306, 307, and 308" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "304, 305, 306, 307, and 308" of the Complaint as to the other Defendants.

## AS TO THE NINTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES

68. Food Distributors Defendants repeat and reallege Paragraphs 1 through 67 as though more fully set forth herein.

69. Denies the allegations contained in Paragraphs "310, 311, 312, 313 and 314" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "310, 311, 312, 313 and 314" of the Complaint as to the other Defendants.

## AS TO THE TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

70. Food Distributors Defendants repeat and reallege Paragraphs 1 through 69 as though more fully set forth herein.

71. Denies the allegations contained in Paragraphs "316, 317, 318 and 319" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "316, 317, 318 and 319" of the Complaint as to the other Defendants.

## AS TO THE ELEVENTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT

72. Food Distributors Defendants repeat and reallege Paragraphs 1 through 71 as though more fully set forth herein.

73. Denies the allegations contained in Paragraph "321" of the Complaint as to Food Distributors Defendants and, otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "321" of the Complaint as to the other Defendants.

74. Neither admits or denies the allegations contained in Paragraph "322" of the Complaint as to legal references which are for the Court's determination.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. The Complaint fails to state claims upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. Food Distributors Defendants acted in good faith pursuant to a fair basis and belief that the 5-hour Energy products Dan-Dee Company, Inc. ("Dan-Dee") and Defendant Tradeway International, Inc. d/b/a Baja Exporting ("Baja Exporting"), through intermediaries, Defendants Joseph Shayota and Adriana Shayota, sold Food Distributors bearing the Plaintiffs' trademarks referred to in the Complaint, were genuine trademarks and not counterfeit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. That in its purchase, sale and distribution of the 5-hour Energy products bearing the aforesaid Plaintiffs' trademarks, Food Distributors Defendants acted neither with willful deception nor scienter that the alleged infringing goods would likely cause confusion.

78. By reason of the foregoing, if, in fact, the 5-hour Energy products were not genuine, Food Distributors Defendants were an innocent infringer of Plaintiffs' trademarks.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST TRADEWAY INTERNATIONAL, INC. d/b/a BAJA EXPORTING, JOSEPH SHAYOTA AND ADRIANA SHAYOTA

79. That Cross-Claimant Food Distributors is a corporation, organized and existing by virtue of the laws of the State of Florida, maintaining its principal place of business in Fort Lauderdale, Florida.

80. Upon information and belief, Cross-Defendant Tradeway International, Inc. d/b/a Baja Exporting is a corporation, organized and existing by virtue of the laws of the State of

12

California, maintaining its principal place of business in San Diego, California.

81. Upon information and belief, Cross-Defendants Joseph Shayota and Adriana Shayota are the principals of Baja Exporting and are the moving, active and conscious force behind Baja Exporting.

82. That Food Distributors is in the business of buying, selling, marketing, trading and otherwise dealing in food and grocery items and other consumer products.

83. Upon information and belief, Baja Exporting is in the business of buying, selling, marketing, trading and otherwise dealing in grocery items and other consumer products.

84. That between July, 2012 and October, 2012, Baja Exporting and Dan-Dee through Joseph Shayota and Andriana Shayota as intermediaries, offered Food Distributors a total of 3,774 cases of 5-hour Energy for a total of $1,055,976.00 which Food Distributors paid for.

85. That Plaintiffs have alleged in their Complaint that the 5-hour Energy bottles, as set forth above, which Food Distributors purchased from Dan-Dee and Baja Exporting, all bore counterfeit trademarks, that were not affixed by Plaintiffs.

86. That by reason of the foregoing, Plaintiffs have commenced this action against Food Distributors Defendants and in their Complaint, have asserted claims against Food Distributors Defendants under the Lanham Act for trademark infringement, trademark counterfeiting, false description and designation of origin in commerce, false advertising, trademark dilution, copyright infringement; under New York General Business Law for dilution of mark and injury to business reputation, deceptive business practices; and under common law for unfair competition and unjust enrichment arising from its purchase, sale and distribution of the aforesaid 5-hour Energy products that Food Distributors purchased from Dan-Dee and Baja Exporting.

87. That in connection herewith, Plaintiffs are seeking monetary damages from Food Distributors Defendants, as well as reasonable attorney's fees and costs and disbursements.

88. Upon information and belief based upon Plaintiffs' allegations, discovery and deposition testimony of other defendants and Joseph Shayota, it appears that Joseph Shayota and Adriana Shayota were participants in the counterfeiting conspiracy, knew or had reason to believe that the 5-hour Energy products offered and sold to Food Distributors bore counterfeit trademarks not affixed by Plaintiffs.

89. While Food Distributors Defendants deny such claims, Food Distributors Defendants are entitled to indemnification from Baja Exporting, Joseph Shayota and Adriana Shayota based upon:

    a. Baja Exporting's, Joseph Shayota's and Adriana Shayota's breach of the contract of sale described above;

    b. Baja Exporting's, Joseph Shayota's and Adriana Shayota's breach of implied warranties of merchantability and fitness for use and express warranty of title and against infringement under the Uniform Commercial Code;

    c. Under the common law; and

    d. Baja Exporting's, Joseph Shayota's and Adriana Shayota's fraud and deceit in knowingly selling Food Distributors the aforesaid counterfeit products, in that Baja Exporting, Joseph Shayota and Adriana Shayota knew that the boxes were not manufactured by Plaintiffs, when they were sold to Food Distributors.

90. The right of indemnification includes any and all damages, as well as Plaintiffs' reasonable attorney's fees and costs and disbursements which may be awarded in favor of Plaintiffs and as against Food Distributors Defendants by reason of the allegations of Plaintiffs in their Complaint, and Food Distributors Defendants' reasonable attorney's fees and all expenses otherwise incurred by Food Distributors Defendants in connection with Plaintiffs' Complaint.

**WHEREFORE,** Food Distributors Defendants demands judgment as follows:

(a) Dismissing the Complaint in its entirety and each and every claim for relief against Food Distributors Defendants thereon and awarding costs and disbursements incurred in defending against the Complaint; or in the alternative;

(b) On Food Distributors Defendants' First Cross-Claim, damages against Baja Exporting, Joseph Shayota and Adriana Shayota, jointly and severally, in an amount equal to whatever monies Food Distributors Defendants may have to pay to Plaintiffs by reason of Plaintiffs' claims against Food Distributors Defendants and Food Distributors Defendants' reasonable attorney's fees and expenses otherwise incurred by Food Distributors Defendants in connection with Plaintiffs' claims; and

(c) That Food Distributors Defendants have such other and further relief which as to this Court may deem just and proper.

Dated: Garden City, New York
       January 30, 2013

GOODMAN & SAPERSTEIN

By: _____
Stanley R. Goodman (SG2500)
Attorneys for Defendants Food Distributors
Internal, Inc. and Scott Tilbrook.
100 Garden City Plaza, Suite 412B
Garden City, New York 11530
Tel: (516) 227-2100
Fax. (516) 227-2108
Email: gsesq600@aol.com

TO: Patterson Belknap Webb & Tyler LLP
    1133 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 336-2050
    Fax: (212) 336-7906

C:\WORK-2008\WORK\FOOD DIST (3101)\Court\ANS-7th.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INNOVATION VENTURES, LLC, et al.,

                Plaintiffs,

    - against -

ULTIMATE ONE DISTRIBUTING CORP.,
et al.,
                Defendants.
----------------------------------------------------------X

12 Civ. 5354 (KAM-RLM)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER TO SEVENTH AMENDED COMPLAINT dated January 30, 2013 has been filed electronically with the U.S. District Court this 30th day of January. 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid.

Stanley R. Goodman (SG2500)
Goodman & Saperstein
100 Garden City Plaza, Suite 412 B
Garden City, NY 11530