Richard S. Schurin
Ariel S. Peikes
**GOTTLIEB, RACKMAN & REISMAN, P.C.**
270 Madison Avenue
New York, N.Y. 10016
Telephone: (212) 684-3900
Facsimile: (212) 684-3999
Attorneys for Defendants Baseline
Distribution, Inc. and David Flood

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
INNOVATION VENTURES, LLC; LIVING ESSENTIALS,LLC.
and INTERNATIONAL IP HOLDINGS, LLC,

                        Plaintiffs,

-against-                                        12 Civ. 5354 (KAM)
                                                             (RLM)
ULTIMATE ONE DISTRIBUTING CORP.; et al.,

                        Defendants.
-----------------------------------------------------------------------X

## ANSWER TO SEVENTH AMENDED COMPLAINT

Defendants Baseline Distribution, Inc. ("Baseline") and David Flood ("Flood") (collectively the "Baseline Defendants") as and for their Answer to the Seventh Amended Complaint filed by Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC and International IP Holdings, LLC, alleges as follows:

## AS TO THE NATURE OF THE ACTION

1. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 10, except the Baseline Defendants admit that Plaintiffs have initiated an action alleging claims under the Lanham Act, Copyright Act, New York General Business Law, and common-law against entities and individuals that they believe manufactured, distributed and sold counterfeit

1

5-hour ENERGY® product.

## AS TO THE PARTIES

### Plaintiffs

2. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11 through 15.

### Previously Named Defendants

3. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16 through 45.

4. The Baseline Defendants deny the allegations in paragraph 46, except admit that Baseline Distribution, Inc. is an Illinois corporation with a principal place of business at 1815 Hicks Road, Rolling Meadows, Illinois 60008.

5. The Baseline Defendants deny the allegations in paragraph 47, except admit that Defendant David Flood is the president of Defendant Baseline Distribution, Inc.

6. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations paragraphs 48 through 80.

### Defendants Newly Named In The Seventh Amended Complaint

7. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 81 through 88.

## AS TO JURISDICTION AND VENUE

8. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 89 through 91, except the Baseline Defendants admit that the Court has subject matter jurisdiction over this action and venue in this judicial district is proper.

## AS TO FACTUAL ALLEGATIONS

### The 5-hour ENERGY® Product

9. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 92 through 95.

### Living Essentials' Protected Intellectual Property

10. The Baseline Defendants deny the allegations in paragraph 96, except admit that International IP Holdings is the record owner of the registered trademarks identified in this paragraph.

11. In response to paragraph 97, the Baseline Defendants admit that copies of registration certificates are attached as Exhibit 1.

12. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

13. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, except the Baseline Defendants admit that a U.S. Copyright Registration certificate is attached as Exhibit 2.

14. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

15. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 101 through 110.

### Living Essentials' Discovery of Counterfeit Product

16. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 111 through 117.

### Living Essentials' Investigation And Court-Ordered Discovery Connects Defendants With The Counterfeits And Reveals The Factory Where They Were Packaged

17. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 118 through 126.

***Involvement of Defendants Midwest; Baja Exporting; JT Wholesale, Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc.; Justin Shayota; Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; Camilo Ramirez; and Naftaunited.com***

18. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 127 through 148, except the Baseline Defendants admit that Baseline purchased allegedly infringing product from Dan-Dee, which product was then sold to Defendant Core-Mark International, Inc.

***Involvement of Defendants Leslie Roman, and Flexopack***

19. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 149 through 155.

***Involvement of Defendant One Stop Label Corporation***

20. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156 through 159.

***Involvement of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC***

21. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 160 through 163.

***Involvement of Defendants Ultimate One Distributing Corp.; Gulam Najimi, a.k.a. Ghulamali Ali Najimi; Wally Najimi a.k.a. Ahmed Wally Najimi; Price Master Corp.; and Abdul Najimi***

22. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 164 through 168.

4

### *Involvement of Defendants Excel Wholesale Distributors, Inc. and Farid Tursonzadah, a.k.a. Farid Turson*

23. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 168 through 171.

### *Involvement of Defendant Core-Mark International, Inc.*

24. The Baseline Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 172 through 183.

### *Involvement of Defendants Heights Deli and Company; Richmond Wholesale Company; And Saquib Khan*

25. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 184 through 186.

### *Involvement of Defendant CVS Caremark Corp.*

26. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 187 through 190.

### *Involvement of The 7-Eleven Defendants*

27. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 191 through 197.

### *Involvement of Defendant Prestige Mobil*

28. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198.

### *Involvement of Defendant Kaival Deli & Catering*

29. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199.

### *Involvement of Defendant Valero Retail Holdings*

30. The Baseline Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraphs 200 through 202.

### *Involvement of Defendant Nevins Gourmet*

31. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

### *Involvement of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., And Sulaiman S. Aamir*

32. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 204 through 208.

### *Involvement of Defendant Brothers Trading co., Inc. d/b/a/ Victory Wholesale Grocers*

33. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 209 through 210.

### *Involvement of Defendant Quality King Distributors, Inc.*

34. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 211 through 214.

### *Involvement of Defendants Baseline Distribution, Inc. and David Flood*

35. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 215 and 216, except the Baseline Defendants admit that Baseline Distribution, Inc. innocently sold allegedly infringing product to Defendant Core-Mark International, Inc.

### *Involvement of Defendants Moa Trading, Inc. and Mark K. Lee*

36. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 217 through 222.

### *Involvement of defendant Capital Sales Company*

37. The Baseline Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraphs 223 and 224.

### *Involvement of Defendants Elegant Trading, Inc. and Ahmed Bhimani*

38. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 225 through 227.

### *Involvement of Defendants Food Distributors International, Inc. and Scott Tilbrook*

39. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 228 through 231.

### *Involvement of Defendant Top Choice Trading USA, Inc.*

40. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 232 through 234.

### *Involvement of Defendant Universal Wholesale, Inc. and Joseph Sevany a.k.a. Joe Zaitouna*

41. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 235 through 239.

### *Involvement of Defendant Purity Wholesale Grocers, Inc.*

42. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 240 through 242.

### *Involvement of Defendant Shah Distributors, Inc. and Arvind Shah*

43. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 243 through 245.

### *Involvement of Defendants Steerforth Trading, Inc. a.k.a. Steer Forth Trading, Inc. and Isaac Anzaroot*

44. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 246 through 248.

### *Involvement of Defendant Akshar Services LLC a.k.a. Perfume Shower*

45. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249.

### *Involvement of Defendant Mike Wholesale a.k.a. Mikes-Wholesale.com*

46. The Baseline Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250.

### *Involvement of Defendants John Does 1-10*

47. The Baseline Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 251.

## AS TO FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1)(a))

48. In response to paragraph 252, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

49. The Baseline Defendants deny the allegations in paragraphs 252 through 257.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. 15 U.S.C. §1114(1)(b))

50. In response to paragraph 258, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

51. The Baseline Defendants deny the allegations in paragraphs 259 through 263.

## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT

52. In response to paragraph 264, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

53. The Baseline Defendants deny the allegations in paragraphs 265 through 271.

## FOURTH CLAIM FOR RELIEF
## FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE

54. In response to paragraph 272, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

55. The Baseline Defendants deny the allegations in paragraphs 273 through 277.

## FIFTH CALIM FOR RELIEF
## FEDERAL FALSE ADVERTISING

56. In response to paragraph 278, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

57. The Baseline Defendants deny the allegations in paragraphs 279 through 284.

## SIXTH CLAIM FOR RELIEF
## FEDERAL DILUTION OF MARK

58. In response to paragraph 285, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

59. The Baseline Defendants deny the allegations in paragraphs 286 through 292.

## SEVENTH CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRINGEMENT

60. In response to paragraph 293, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

61. The Baseline Defendants deny the allegations in paragraph 294.

62. The Baseline Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 295.

63. The Baseline Defendants deny the allegations in paragraphs 296 through 301.

## EIGHTH CLAIM FOR RELIEF
## NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

64. In response to paragraph 302, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

65. The Baseline Defendants deny the allegations in paragraphs 303 through 308.

## NINTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES

66. In response to paragraph 309, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

67. The Baseline Defendants deny the allegations in paragraphs 310 through 314.

## TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

68. In response to paragraph 315, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

69. The Baseline Defendants deny the allegations in paragraphs 316 through 319.

## ELEVENTH CLAIM FOR RELIEF
## COMMONLAW UNJUST ENRICHMENT

70. In response to paragraph 320, the Baseline Defendants reassert all of their responses to paragraphs 1 through 251 as stated herein.

71. The Baseline Defendants deny the allegations in paragraphs 321 and 322.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

72. The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

73. The Baseline Defendants acted in good faith at all times.

74. The Baseline Defendants purchased the subject 5-hour ENERGY® product from Dan-Dee Company, Inc. ("Dan-Dee"). Dan-Dee is a defendant in a case brought by Plaintiffs in the Northern District of California.

75. Defendant Baseline Distribution, Inc. has brought a separate action against Dan-Dee in the Superior Court of the State of California seeking damages, indemnification and other relief.

76. The Baseline Defendants reasonably believed that the 5-hour ENERGY® product that they purchased from Dan Dee was authentic and genuine.

77. In the purchase, distribution and sale of the 5-hour ENERGY® that is the subject of this Complaint, the Baseline Defendants acted neither with willful deception nor scienter that the alleged infringing goods were counterfeit or would likely cause confusion.

### THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs' claims and/or its demands for monetary damages as asserted against the Baseline Defendants are barred by laches, acquiescence and other equitable principles.

79. Plaintiffs' unduly delayed in giving notice to the trade as to its belief that counterfeit products had entered the marketplace.

80. Plaintiffs' failures to act prevented the Baseline Defendants from acquiring the knowledge necessary to avoid distributing the allegedly infringing goods into the marketplace.

**WHEREFORE,** the Baseline Defendants demand judgment as follows:

(a) Dismissing the Complaint in its entirety and each and every claim for relief against the Baseline Defendants thereon, and awarding costs incurred in defending against the Complaint; and

(b) That the Baseline Defendants be granted such other and further relief which this Court may deem just and proper.

Dated: February 8, 2013
New York, New York

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____
Richard Schurin, Esq.
rschurin@grr.com
Ariel S. Peikes, Esq.
apeikes@grr.com
270 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 684-3900
Fax: (212) 684-3999
Attorneys for Defendants Baseline
Distribution, Inc. and David Flood