**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

INNOVATION VENTURES, LLC, et al,

                    Plaintiffs,

      -against-

ULTIMATE ONE DISTRIBUTING CORP., et al,

                  Defendants.

1:12-cv-05354-KAM-RLM

HON. Kiyo A. Matsumoto

---

**THE MIDWEST DEFENDANTS' ANSWER TO**
**PLAINTIFF'S SEVENTH AMENDED COMPLAINT**

**and**

**AFFIRMATIVE AND SPECIAL DEFENSES**

**and**

**COUNTERCLAIM AGAINST PLAINTIFFS**

**and**

**CROSS CLAIM AGAINST DEFENDANTS BAJA,**
**LESLIE ROMAN, JUAN ROMERO, AND JOSEPH SHAYOTA**

**and**

**THIRD-PARTY CLAIM AGAINST ROBERT MCCORMACK**

## THE MIDWEST DEFENDANTS' ANSWER TO
## PLAINTIFF'S SEVENTH AMENDED COMPLAINT

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil aka Wally Jamil; Raid Jamil a/k/a Brian Jamil; Justin Shayota; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, the "Midwest Defendants") state for their Answer to Plaintiffs' Seventh Amended Complaint as follows:

## THE NATURE OF THE ACTION

1.   The Midwest Defendants deny the allegations as untrue to the extent they are asserted against them.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

2.   The Midwest Defendants deny the allegations as untrue to the extent they are asserted against them.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

3.   The Midwest Defendants deny that they are "criminal counterfeiters." Further answering, the Midwest Defendants neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

4.   No answer is required in response to this allegation.  To the extent the Court deems an answer required, the Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

5.   The Midwest Defendants deny the allegations that are asserted against them as untrue.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the

extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

6.   The Midwest Defendants deny as untrue that they delivered "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

7.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

8.   The Midwest Defendants deny as untrue that they shipped "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

9.   The Midwest Defendants deny as untrue that they possessed "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

10. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**THE PARTIES**

11. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

12. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

13. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

14. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

15. No answer is required in response to this allegation.

**Previously Named Defendants**

16. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

17. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

18. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

19. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

20. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

21. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

22. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

23. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

24. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

25. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

26. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

27. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

28. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

29. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

30. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

31. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

32. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

33. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

34. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

35. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

36. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

37. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

38. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

39. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

40. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

41. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

42. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

43. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

44. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

45. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

46. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

47. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

48. The Midwest Defendants admit that Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with facilities in Troy, Michigan and San Diego, California, but deny the remaining allegations as untrue.

49. The Midwest Defendants admit only that Justin Shayota and Walid Jamil are related, that Justin Shayota is an owner of Midwest and Walid Jamil provides certain services to Midwest as an independent contractor, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

50. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

51. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

52. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

53. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

54. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

55. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

56. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

57. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

58. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

59. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

60. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

61. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

62. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

63. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

64. The Midwest Defendants deny as untrue that they shipped "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

65. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

66. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

67. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

68. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

69. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

70. The Midwest Defendants admit that JT Wholesale, Inc. ("JT Wholesale") is a California corporation with its principal place of business located in San Diego, California, but denies that it participated in any "counterfeiting conspiracy."

71. The Midwest Defendants admit that Justin Shayota is the sole shareholder, director and officer of JT Wholesale, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

72. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

73. The Midwest Defendants admit that Walid and Raid Jamil are part owners of MCR Innovations and Packaging, Inc. ("MCR Innovations"), but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

74. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

75. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

76. The Midwest Defendants admit that Trimexico Inc. ("Trimexico") is a California corporation with facilities in El Centro, California and Sterling Heights, Michigan, but deny that they participated in any "counterfeiting conspiracy."

77. The Midwest Defendants admit that Justin Shayota and Walid Jamil are principals of Trimexico, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

78. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

79. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

80. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Defendants Newly Named in The Seventh Amended Complaint**

81. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

82. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

83. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

84. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

85. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

86. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

87. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

88. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

## JURISDICTION AND VENUE

89. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

90. The Midwest Defendants deny the allegations as untrue.

91. The Midwest Defendants deny the allegations as untrue.

## FACTUAL ALLEGATIONS

92. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

93. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

94. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

95. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

96. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

97. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

98. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

99. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

100.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

101.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

102.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

103.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

104.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

105.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

106.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

107.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

108.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

109.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

110.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Living Essentials' Discovery of Counterfeit Product**

111.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

112.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

113.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

114.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

115.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

116.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

117.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Living Essentials' Investigation and Court-Ordered Discovery Connects Defendants With The Counterfeits And Reveals The Factory Where They Were Packaged**

118.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

119.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

120.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

121.     The Midwest Defendants deny as untrue that they shipped or sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

122.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

123.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

124.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

125.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

126.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants Midwest; Baja Exporting; JT Wholesale, Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc.; Justin Shayota; Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; Camilo Ramirez; and Naftaunited.com***

127.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

128.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

129.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

130.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

131.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

132.     The Midwest Defendants deny the allegations as untrue.

133.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

134.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

135.     The Midwest Defendants deny that Midwest produced any "counterfeits," but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

136.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

137.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

138.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

139.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

140.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

141.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

142.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

143.     The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

144.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

145.     The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

146.     The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

147.     The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.  Further answering, the Midwest Defendants deny any ownership stake in, or control of, MCR Printing and Packaging Corp.

148.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Leslie Roman, Donna Roman and Flexopack***

149.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

16

150.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

151.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

152.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

153.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

154.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

155.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant One Stop Label Corporation***

156.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

157.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

158.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

159.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC***

160.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

161.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

162.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

163.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Ultimate One Distributing Corp.; Gulam Najimi, a.k.a. Ghulamali Ali Najimi; Wally Najimi, a.k.a. Ahmed Wally Najimi; Price Master Corp.; and Abdul Satar Najimi***

164.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

165.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

166.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

167.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

168.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants Excel Wholesale Distributors, Inc. and Farid Tursonzadah, a.k.a. Farid Turson***

169.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

170.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

171.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Core-Mark International, Inc.***

172.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

173.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

174.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

175.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

176.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

177.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

178.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

179.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

180.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

181.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

182.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

183.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Heights Deli And Company; Richmond Wholesale Company, Inc.; and Saquib Khan***

184.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

185.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

186.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

187.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

188.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

189.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

190.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of The 7-Eleven Defendants***

191.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

192.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

193.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

194.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

195.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

196.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

197.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Prestige Mobil*

198.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Kaival Deli & Catering*

199.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Valero Retail Holdings, Inc.*

200.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

201.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

202.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Nevins Gourmet***

203.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., And Sulaiman S. Aamir***

204.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

205.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

206.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

207.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

208.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers***

209.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

210.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendant Quality King Distributors, Inc.*

211.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

212.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

213.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

214.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendants Baseline Distribution, Inc. and David Flood*

215.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

216.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendants Moa Trading, Inc. and Mark K. Lee*

217.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

218.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

219.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

220.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

221.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

222.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### Involvement Of Defendant Capital Sales Company

223.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

224.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### Involvement Of Defendants Elegant Trading, Inc. and Ahmed Bhimani

225.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

226.    The Midwest Defendants deny that they sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

227.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### Involvement Of Defendants Food Distributors International, Inc. and Scott Tilbrook

228.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

229.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

230.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

231.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Top Choice Trading USA, Inc.***

232.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

233.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

234.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Universal Wholesale, Inc. and Joseph Sevany, Sr. a.k.a. Joe Zaitouna***

235.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

236.    The Midwest Defendants deny that they sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

237.    The Midwest Defendants deny as untrue the allegations that Walid Jamil is a principal of Midwest or one of the "kingpins" of any conspiracy.  To the extent the allegations in paragraph 237 refer to specific documents, the Midwest Defendants neither admit nor deny the allegations as the referenced documents speak for themselves and constitute the best evidence of their contents.   The Midwest Defendants neither admit nor deny the remaining allegations

because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

238.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

239.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Purity Wholesale Grocers, Inc.***

240.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

241.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

242.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Shah Distributors, Inc. and Arvind Shah***

243.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

244.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

245.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Steerforth Trading, Inc. a.k.a. Steer Forth Trading, Inc. and Isaac Anzaroot***

246.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

247.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

248.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Akshar Services LLC a.k.a. Perfume Shower***

249.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Mike Wholesale a.k.a Mikes-Wholesale.com***

250.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants John Does 1-10***

251.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114(1)(a))**

252.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

253.    The Midwest Defendants deny the allegations as untrue.

254.    The Midwest Defendants deny the allegations as untrue.

255.    The Midwest Defendants deny the allegations as untrue.

256.    The Midwest Defendants deny the allegations as untrue.

257.    The Midwest Defendants deny the allegations as untrue.

**SECOND CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114(1)(b))**

258.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

259.    The Midwest Defendants deny the allegations as untrue.

260.    The Midwest Defendants deny the allegations as untrue.

261.    The Midwest Defendants deny the allegations as untrue.

262.    The Midwest Defendants deny the allegations as untrue.

263.    The Midwest Defendants deny the allegations as untrue.

**THIRD CLAIM FOR RELIEF**
**CONTRIBUTORY TRADEMARK INFRINGMENT**

264.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

265.    The Midwest Defendants deny the allegations as untrue.

266.    The Midwest Defendants deny the allegations as untrue.

267.    The Midwest Defendants deny the allegations as untrue.

268.    The Midwest Defendants deny the allegations as untrue.

269.    The Midwest Defendants deny the allegations as untrue.

270.    The Midwest Defendants deny the allegations as untrue.

271.    The Midwest Defendants deny the allegations as untrue.

**FOURTH CLAIM FOR RELIEF**
**FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE**

272.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

273.    The Midwest Defendants deny the allegations as untrue.

274.    The Midwest Defendants deny the allegations as untrue.

275.    The Midwest Defendants deny the allegations as untrue.

276.    The Midwest Defendants deny the allegations as untrue.

277.    The Midwest Defendants deny the allegations as untrue.

**FIFTH CLAIM FOR RELIEF**
**FEDERAL FALSE ADVERTISING**

278.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

279.    The Midwest Defendants deny the allegations as untrue.

280.    The Midwest Defendants deny the allegations as untrue.

281.    The Midwest Defendants deny the allegations as untrue.

282.    The Midwest Defendants deny the allegations as untrue.

283.    The Midwest Defendants deny the allegations as untrue.

284.    The Midwest Defendants deny the allegations as untrue.

**SIXTH CLAIM FOR RELIEF**
**FEDERAL DILUTION OF MARK**

285.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

286.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

287.    The Midwest Defendants deny the allegations as untrue.

288.    The Midwest Defendants deny the allegations as untrue.

289.    The Midwest Defendants deny the allegations as untrue.

290.    The Midwest Defendants deny the allegations as untrue.

291.    The Midwest Defendants deny the allegations as untrue.

292.    The Midwest Defendants deny the allegations as untrue.

## SEVENTH CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRINGEMENT

293.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

294.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

295.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

296.    The Midwest Defendants deny the allegations as untrue.

297.    The Midwest Defendants deny the allegations as untrue.

298.    The Midwest Defendants deny the allegations as untrue.

299.    The Midwest Defendants deny the allegations as untrue.

300.    The Midwest Defendants deny the allegations as untrue.

301.    The Midwest Defendants deny the allegations as untrue.

## EIGHTH CLAIM FOR RELIEF
## NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

302.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

303.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

304.    The Midwest Defendants deny the allegations as untrue.

305.    The Midwest Defendants deny the allegations as untrue.

306.    The Midwest Defendants deny the allegations as untrue.

307.    The Midwest Defendants deny the allegations as untrue.

308.    The Midwest Defendants deny the allegations as untrue.

## NINTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES

309.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

310.    The Midwest Defendants deny the allegations as untrue.

311.    The Midwest Defendants deny the allegations as untrue.

312.    The Midwest Defendants deny the allegations as untrue.

313.    The Midwest Defendants deny the allegations as untrue.

314.    The Midwest Defendants deny the allegations as untrue.

## TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

315.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

316.    The Midwest Defendants deny the allegations as untrue.

317.    The Midwest Defendants deny the allegations as untrue.

318.    The Midwest Defendants deny the allegations as untrue.

319.    The Midwest Defendants deny the allegations as untrue.

## ELEVENTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT

320.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

321.    The Midwest Defendants deny the allegations as untrue.

322.    The Midwest Defendants deny the allegations as untrue.

**THE MIDWEST DEFENDANTS' AFFIRMATIVE AND SPECIAL DEFENSES
TO PLAINTIFF'S SEVENTH AMENDED COMPLAINT**

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; Raid Jamil a/k/a Brian Jamil; Justin Shayota; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, "Midwest Defendants") state for their Affirmative and Special Defenses to Plaintiffs' Seventh Amended Complaint as follows:

1.  Plaintiffs' Seventh Amended Complaint fails to state a claim upon which relief may be granted and the Midwest Defendants are entitled to judgment as a matter of law.

2.  Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' fraud.

3.  Plaintiffs' claimed trademarks may not be protectable or enforceable.

4.  Plaintiffs' claimed trademarks may not be inherently distinctive and may not have acquired distinctiveness or secondary meaning in the marketplace.

5.  Even if cognizable as trademarks, the claimed trademarks are exceedingly weak and cannot be extended to enjoin competitors of non-identical marks.

6.  The Midwest Defendants are not using Plaintiffs' claimed trademark or any confusingly similar mark.

7.  The Midwest Defendants are causing no likelihood of confusion as to the source of their products or any affiliation with or endorsement by the Plaintiffs.

8.  The Midwest Defendants have not knowingly or willfully infringed any trademark or copyright of the Plaintiffs.  Any alleged infringement was inadvertent, not intentional or with Plaintiffs' permission.

9.  The Plaintiffs' copyrighted work is not a work of original authorship and is therefore not susceptible to registration and should be cancelled.

10. Plaintiffs' copyrighted work was not developed by the Plaintiffs and was otherwise widely available to manufacturers of dietary supplements.

11. Plaintiffs' copyright violates public policy and is therefore unenforceable.

12. Plaintiffs' claims may be barred entirely or partly by the doctrine of fair use.

13. Plaintiffs' claims may be barred entirely or partly by the doctrine of acquiescence.

14. Plaintiffs' claims for copyright infringement are barred, in whole or in part, because of defects in Plaintiffs' copyright registrations.

15. Plaintiffs are unable to enforce the alleged copyright because Plaintiffs abandoned the copyrighted material.

16. Plaintiffs may have unclean hands with regard to the subject matter of this action.

17. If it is proven that any products or materials advertised, sold or distributed by the Midwest Defendants infringed on any trademark, trade dress rights, or copyrights of the Plaintiffs in any way, then any such activity was done innocently, unintentionally, and without any intention to cause confusion, to cause mistake or to deceive.

18. If it is proven that any products advertised, sold or distributed by the Midwest Defendants infringed on any trademark or trade dress rights of Plaintiffs in any way, then any such activity was done without any knowledge or awareness of Plaintiffs' claims or asserted rights to any such marks or trade dress.

19. Any alleged copyright infringement was innocent, inadvertent, and unintentional.

20. The names, marks, trade dress claims, copyrights, and registrations asserted by the Plaintiffs against the Midwest Defendants in this case are being used to violate the antitrust laws of the United States.

21. The service of the summons and complaint in this case was the first notice to the Midwest Defendants of the claims and allegations asserted in the complaint against the Midwest Defendants.  The Midwest Defendants received no prior notice, cease and desist request, or other objection from Plaintiffs with respect to any advertising, sale or distribution of products allegedly incorporating marks, language, materials, copyrights, or trade dress in which Plaintiffs claim proprietary or exclusive rights.

22. Plaintiffs have sustained no damages attributable to any alleged copyright infringement.

23. Any claim for damages arising out of any alleged copyright infringement may be barred if the Midwest Defendants' first use of any allegedly infringing material took place prior to registration of any copyrights at issue in this case.

24. Plaintiffs' claims may be barred by failure of one or more conditions precedent.

25. Plaintiffs' claims may be barred by failure of one or more conditions subsequent.

26. Any alleged wrongful acts and/or incidents and/or occurrence and/or breaches complained of by Plaintiffs did not occur as stated by Plaintiffs or did not occur at all.

27. Plaintiffs' claims may be barred for lack of standing.

28. Plaintiffs' claims may be barred by the parole evidence rule.

29. Plaintiffs' claims may be barred because they failed to join all necessary parties.

30. Some or all of the claims may be barred by the statute of limitations.

31. Plaintiffs' claims are barred under the doctrine of unclean hands.

32. Upon information and belief, the alleged conduct, had it occurred, was authorized.

33. Plaintiffs' claims are barred by their failure to mitigate damages.

34. Plaintiffs' claims are barred by license, consent, acquiescence, waiver, laches and estoppel.

35. Plaintiffs' copyrights are unenforceable due to Plaintiffs' misuse.

36. The Midwest Defendants are not liable for copyright infringement for their use, if any, of the copyrighted works, because such use, if any, constituted fair use of the copyrighted works.

37. One or more of the copyright registrations that are allegedly infringed by the Midwest Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

38. The Midwest Defendants' alleged use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

39. Plaintiffs consented to the Midwest Defendants' use of Plaintiffs' copyrighted material under agreements between the Plaintiffs and their customers and/or former customers.

40. One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

41. Plaintiffs are not entitled to injunctive relief because any alleged injury to

42. Plaintiffs' damages are not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

43. The Midwest Defendants are not liable for copyright infringement to the extent their use of the copyrighted material, if any, is protected by Title II of the 1998 Digital Millennium Copyright Act, known as the Online Copyright Infringement Liability Limitation Act (OCILLA) (17 U.S.C.§ 512).

44. Plaintiffs may lack standing to sue

45. The Midwest Defendants are not, and never were, major marketers of 5 Hour Energy.

46. The Midwest Defendants hereby give notice that they intend to rely upon such other and further affirmative and special defenses as may appear applicable through discovery proceedings and hereby reserve the right to amend their answer to reflect such other affirmative and special defenses.

## THE MIDWEST DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; and Justin Shayota (collectively, the "Midwest Parties" or "Counter-Plaintiffs") state for their Counterclaim against Plaintiffs as follows:

## PARTIES, JURISDICTION AND VENUE

1. Counter-Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2. Counter-Plaintiff Walid Jamil a/k/a Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3. Counter-Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4. Counter-Defendant Innovation Ventures, LLC is a Michigan limited liability company with its principal place of business located in Farmington Hills, Michigan.

5. Counter-Defendant Living Essentials, LLC is a Michigan limited liability company with its principal place of business located in Farmington Hills, Michigan.

6. Counter-Defendant International IP Holdings, LLC is a Michigan limited liability company with its principal place of business located in Bloomfield Hills, Michigan.

7. The Counter-Defendants are collectively referred to herein as "Living Essentials."

8. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

9. Midwest is a reputable re-packer and wholesale distributor of daily household products in Michigan and California.

10. Justin Shayota owns Midwest.

11. Justin Shayota is the nephew of Jamil.  Jamil is not an officer, director or shareholder of Midwest, however, Jamil has assisted his nephew, Justin Shayota, in getting Midwest's business off the ground, and Jamil's personal residence serves as the resident agent office for Midwest.

12. At some point between May and July of 2011, Jamil participated in a telephone conference with Robert McCormack ("McCormack"), a high-ranking employee of Living Essentials, and Joseph Shayota ("Joe Shayota"), the owner of Baja Exporting, LLC and Tradeway International, Inc. d/b/a Baja Exporting (collectively, "Baja").

13. Baja is also owned by Joe Shayota's wife, Adriana Shayota.

14. At the time of the telephone conference, Baja was an authorized distributor of 5 Hour Energy product ("5 Hour").  Baja represented that it had exclusive rights to distribute and sell 5 Hour in Mexico, and non-exclusive rights to distribute and sell 5 Hour in the United States.

15. During the telephone conference, Joe Shayota communicated to McCormack that it was difficult to sell 5 Hour in Mexico.  Jamil was informed during this call by Joe Shayota that Joe Shayota had already brought some 5 Hour from Mexico into the United States for sale and that he was in the process of transporting additional quantities.

16. McCormack directed Joe Shayota to arrange for transportation of the 5 Hour from Mexico to the United States and to engage a company to re-label and re-package 5 Hour from Spanish/Mexican labels to English/United States labels for sale in the United States.  Baja hired Midwest for this purpose.

17. Midwest retained Leslie Roman ("Roman"), which the Midwest Parties understood to be an authorized broker, for the purpose of providing 5 Hour boxes and English labels.

18. In or around October of 2011, Roman directed Midwest to purchase a printer for coding and printing expiration dates.  Based on this direction, Justin Shayota acquired a printer through Videojet Technologies, Inc. and other equipment, totaling $50,000, which was paid by Baja, along with the subsequent ink, equipment and other supplies.

19. Midwest commenced its re-labeling and re-packaging operations in or about November 2011.  Once the product was labeled, it was packed for delivery back to Baja (Spanish and English labels).

20. On November 23, 2011, Midwest issued its first 5-Hour invoice to Baja for 168 boxes of berry flavored 5 Hour for a total cost of $42,000.

21. On December 2, 2011, Midwest issued another invoice to Baja for 843 boxes of orange flavored 5 Hour and 795 boxes of berry flavored 5 Hour for a total cost of $409,500.

22. In May of 2012, Baja and Joe Shayota directed Midwest to continue with the re-packaging and re-labeling of 5 Hour, but to commence deliveries to Dan-Dee Company (English labels), a wholesale distributor in Spring Valley, California, as well as to Baja.

23. Dan Dee's owner, Fadi "Kevin" Attiq, represented that Dan-Dee was also an authorized 5 Hour distributor.

24. Baja and Joe Shayota subsequently directed Midwest to find a co-packer for 5 Hour and Midwest proceeded under this direction.  At all times, Jamil operated with the understanding that Baja's and Joe Shayota's directive was consistent with Baja's and Dan Dee's status as authorized distributors of 5 Hour and that the directive was authorized by McCormack and 5 Hour.

25. Midwest's re-labeling and re-packaging operations continued until late October or early November of 2012.

26. Throughout this time, Midwest's involvement was limited to: (a) purchasing printing and other equipment using funds from Baja, (b) purchasing boxes and labels through Roman using funds from Baja, (c) receiving sealed 5 Hour in blank bottles from Romero with identification labels on the boxes as to quantity, and (d) labeling and packaging the 5 Hour and subsequently delivering the finished product to Baja and Dan-Dee.

27. Importantly, the Midwest Parties never tampered with any liquid, bottle, cap or related mold.  Midwest simply labeled and packaged the 5 Hour.

28. Further, at all relevant times, the Midwest Parties reasonably believed that Living Essentials approved the labeling and packaging operations for distribution and sale in the United States.  This reasonable belief was supported by the telephone conference in the summer of 2011 between McCormack, Joe Shayota and Jamil, McCormack's directives during that telephone conference, Baja's and Dan Dee's authority as 5 Hour distributors, Baja's numerous representations and directives, and the fact that the product crossed from Mexico into the United States without incident.

29. In late October or early November of 2012, the Midwest Parties learned that their understanding regarding the nature of the parties' relationship to Living Essentials may have been erroneous.  As a result, Midwest immediately shut down its operations.

30. Notwithstanding these facts, Living Essentials have targeted the Midwest Parties in their pleadings and in the media, accusing them of criminal activity and orchestrating an alleged counterfeiting conspiracy.

31. Living Essentials also illegally raided Jamil's home and removed certain of his personal items, which were not authorized by the Court's Seizure Order.

32. Living Essentials improper conduct during the seizure included, but was not limited to, searching the purse of Jamil's wife, searching the car of Jamil's wife, and calling a locksmith into the home to have locks removed from the bedroom door of Jamil's daughter, after being informed that it was the daughter's bedroom.

33. Despite the fact that Jamil's home address is identified as the resident agent address for Midwest, upon discovering that the address was a private residence, it was incumbent upon Living Essentials to either terminate its execution of the seizure order or conduct a far narrower search of those locations where relevant evidence could reasonably be expected to be found.

34. Such a search would obviously not include Jamil's wife's purse and car or Jamil's daughter's bedroom.

### Count I - Fraudulent Misrepresentation

35. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

36. Living Essentials, through their employee (McCormack) and authorized distributor (Baja), intentionally made false representations of material facts to the Midwest Parties regarding the legitimacy of the business transactions referenced above.

37. Living Essentials' representations were false when they were made.

38. Living Essentials knew that their representations were false when they were made or they made them recklessly, without knowing whether they were true.

39. Living Essentials intended that Counter-Plaintiffs rely on the representations.

40. Counter-Plaintiffs relied on Living Essentials' false representations by engaging in the business transactions referenced above.

41. As a result of Living Essentials' fraudulent misrepresentations, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count II - Innocent Misrepresentation

42. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

43. Living Essentials' representations, as set forth in the preceding paragraphs, were made in connection with the negotiation and formation of contracts between Midwest, Baja and various other persons and entities.

44. Midwest would not have entered into the contracts if Living Essentials had not made the representations.

45. As a result of Living Essentials' misrepresentations, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count III – Silent Fraud

46. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

47. Living Essentials had an affirmative duty to speak, but failed to disclose material facts, causing Counter-Plaintiffs to have a false impression as to the legitimacy of the business transactions referenced above.

48. As a result of Living Essentials' silent fraud, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count IV– Civil Conspiracy

49. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

50. Living Essentials illegally, maliciously, and wrongfully conspired with one another, Baja, Joe Shayota, Roman, Romero and others with the intent to and for the illegal purpose of framing Counter-Plaintiffs and causing them to engage in questionable business transactions.

51. As a result of the conspiracy and Living Essentials' illegal, wrongful, or tortious acts, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count V – Business Defamation

52. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

53. Midwest is in the business of re-packing and distributing daily household products in Michigan and California.

54. Through pleadings and media publications, Living Essentials have falsely accused Midwest of unlawful behavior, including, but not limited to, operating a conspiracy to manufacture, distribute and sell counterfeit products.

55. Living Essentials negligently or with actual malice published false and defamatory statements about Midwest, which reached Midwest's current suppliers and customers.

56. The defamatory statements have a tendency to, and did, prejudice Midwest in the conduct of its business and deter others from dealing with Midwest.

57. The statements Living Essentials made were not privileged.

58. As a direct and proximate result of Living Essentials' wrongful conduct, Midwest has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count VI - Defamation

59. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

60. Living Essentials have falsely accused Jamil and Justin Shayota of engaging in criminal activity.

61. Living Essentials published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

62. The publications were not privileged.

63. The publications of these remarks have resulted in damage to Jamil and Justin Shayota's reputations in the community and economic loss.

64. The publications are defamation per se.

### Count VI – Intentional Infliction of Emotional Distress

65. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

66. Living Essentials' conduct and false accusations, as outlined above, were intentional, extreme, outrageous, and of such character as not to be tolerated by a civilized society.

67. Living Essentials' conduct and false accusations, as outlined above, were for an ulterior motive or purpose.

68. Living Essentials' conduct and false accusations resulted in severe and serious emotional distress.

69. As a direct and proximate result of Living Essentials' conduct, Jamil and Justin Shayota have been severely damaged.

**Count VI – Conversion**

70. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

71. Living Essentials illegally raided Jamil's home and removed certain of his personal items, which were outside the Court's Seizure Order.

72. In the process, Living Essentials asserted dominance over Jamil's personal property.

73. The acts described above constitute unlawful conversion, resulting in damages to Jamil.

74. Jamil is entitled to treble damages and attorney's fees pursuant to MCL 600.2919a.

**Count VII – Malicious Prosecution**

75. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

76. Living Essentials have made false accusations of criminal activity against Counter-Plaintiffs without probable cause and with malice.

77. Upon information and belief, Living Essentials have made such accusations for personal reasons, which include, but are not limited to, vexation, damage to Counter-Plaintiff's professional reputations, damage to Counter-Plaintiff's community reputation, and retaliation.

78. MCL 600.2907 provides for civil and criminal liability for every person who, for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

79. No criminal charges have been brought relative to the accusations.

80. As a direct result of Living Essentials' accusations, Counter-Plaintiffs has suffered substantial damage.

## **Count VIII – Abuse of Process**

81. Counter-Plaintiffs incorporate the foregoing allegations as though fully stated herein.

82. Living Essentials abused the criminal investigatory process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Counter-Plaintiffs' professional reputation, damage to Counter-Plaintiffs' community reputation, and as retaliation.  Such use of the process was not legitimate, regular, or legal.

83. The allegations and misuse of the criminal investigatory process was improper since Living Essentials knew, or should have known, that the allegations regarding Counter-Plaintiffs' actions were false.

84. As a direct result of Living Essentials' abuse of the criminal investigatory process, Counter-Plaintiffs' professional reputations have been damaged and they has suffered mental anguish.

## **REQUEST FOR RELIEF**

85. Counter-Plaintiffs respectfully request this Court to enter a Judgment in their favor and against Living Essentials in an amount sufficient to compensate them for all economic loss, mental distress, treble damages, exemplary and punitive damages, and attorney's fees and costs.

## THE MIDWEST DEFENDANTS' CROSS CLAIM AGAINST BAJA, JOSEPH SHAYOTA, ADRIANA SHAYOTA, LESLIE ROMAN AND JUAN ROMERO

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; and Justin Shayota (collectively, "Midwest Parties" or "Cross Plaintiffs") state for their Cross Claim Against Defendants Baja Exporting, LLC, Tradeway International, Inc. d/b/a Baja Exporting, Joseph Shayota, Leslie Roman, and Juan Romero as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Cross Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2.  Cross Plaintiff Walid Jamil aka Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3.  Cross Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4.  Cross Defendant Joseph Shayota ("Joe Shayota") is an individual residing in San Diego, California.

5.  Cross Defendant Adriana Shayota ("Adriana Shayota") is an individual residing in San Diego, California.

6.  Cross Defendant Baja Exporting, LLC is a California limited liability company with its principal place of business located in San Diego, California.

7.  Cross Defendant Tradeway International, Inc. d/b/a Baja Exporting is a California corporation with its principal place of business located in San Diego, California.

8.  Baja Exporting, LLC and Tradeway International, Inc. d/b/a Baja Exporting are collectively referred to herein as "Baja."

48

9.   Cross Defendant Leslie Roman ("Roman") is an individual residing in California.

10. Cross Defendant Juan Romero Gutierrez ("Juan Romero") is an individual residing in California.

11. Joe Shayota, Baja, Leslie Roman, Adriana Shayota and Juan Romero are collectively referred to as "Cross Defendants."

12. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

13. Cross Plaintiffs incorporate and restate the general allegations set forth in their Counterclaim against Living Essentials.

## Count I - Fraudulent Misrepresentation

14. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

15. Cross Defendants intentionally made false representations of material facts to the Midwest Parties regarding the legitimacy of the business transactions referenced above, and the approval of same by Living Essentials.

16. Cross Defendants' representations were false when they were made.

17. Cross Defendants knew that their representations were false when they were made or made them recklessly, without knowing whether they were true.

18. Cross Defendants intended that Cross Plaintiffs rely on the representations.

19. Cross Plaintiffs relied on Cross Defendants' false representations in engaging in the business transactions referenced above.

20. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count II - Innocent Misrepresentation

21. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

22. Cross Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making contracts between Midwest, Baja and various other persons and entities.

23. Cross Plaintiffs would not have entered into the contracts if Cross Defendants had not made the representations.

24. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count III – Silent Fraud

25. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

26. Cross Defendants had an affirmative duty to speak, but failed to disclose material facts, causing the Cross Plaintiffs to have a false impression as to the legitimacy of the business transactions referenced above.

27. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count IV– Civil Conspiracy

28. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

29. Cross Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of framing Cross Plaintiffs and causing them to engage in questionable business transactions.

30. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count V – Express, Implied or Common-Law Indemnity

31. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

32. Cross Plaintiffs reasonably relied on the representations of Cross Defendants that the business transactions referenced above were legitimate and that same were authorized by Living Essentials.

33. Living Essentials have now commenced litigation against Cross Plaintiffs alleging that they engaged in a counterfeiting conspiracy.

34. Cross Plaintiffs were named in this litigation based on the representations and actions, or lack thereof, of Cross Defendants.

35. Under the circumstances, Cross Defendants should be ordered to indemnify Cross Plaintiffs whether based on express agreement, implied agreement or common law.

## REQUEST FOR RELIEF

36. Cross Plaintiffs respectfully request this Court to enter a Judgment in their favor and against Cross Defendants in an amount sufficient to compensate them for all economic loss, mental distress, treble damages, exemplary and punitive damages, and attorney's fees and costs.

## THE MIDWEST DEFENDANTS' THIRD-PARTY COMPLAINT AGAINST ROBERT MCCORMACK, DAN DEE COMPANY AND FADI "KEVIN" ATTIQ

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil aka Wally Jamil; and Justin Shayota (collectively, the "Midwest Parties" or "Third-Party Plaintiffs") state for their Third-Party Complaint Against Third-Party Defendants Robert McCormack, Dan-Dee Company and Fadi "Kevin" Attiq as follows:

## PARTIES, JURISDICTION AND VENUE

1. Third-Party Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2. Third-Party Plaintiff Walid Jamil aka Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3. Third-Party Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4. Third-Party Defendant Robert McCormack ("McCormack") is an individual residing in Michigan.

5. Third-Party Defendant Dan-Dee Company ("Dan-Dee") is a California corporation with its principal places of business located in Spring Valley, California.

6. Third-Party Defendant Fadi "Kevin" Attiq ("Attiq") is an individual residing in California.

7. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

8. Third-Party Plaintiffs incorporate and restate the general allegations set forth in their Counterclaim against Living Essentials.

## Count I - Fraudulent Misrepresentation

9.   Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

10. Third-Party Defendants intentionally made false representations of material facts to the Midwest Parties regarding the legitimacy of the business transactions referenced above.

11. Third-Party Defendants' representations were false when they were made.

12. Third-Party Defendants knew that their representations were false when they were made or they made them recklessly, without knowing whether they were true.

13. Third-Party Defendants intended that Third-Party Plaintiffs rely on the representations.

14. Third-Party Plaintiffs relied on Third-Party Defendants' false representations by engaging in the business transactions referenced above.

15. As a result of Third-Party Defendants' fraudulent misrepresentations, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count II - Innocent Misrepresentation

16. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

17. Third-Party Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the negotiation and formation of contracts between Midwest, Baja and various other persons and entities.

18. Midwest would not have entered into the contracts if Third-Party Defendants had not made the representations.

19. As a result of Third-Party Defendants' misrepresentations, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count III – Silent Fraud

20. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

21. Third-Party Defendants had an affirmative duty to speak, but failed to disclose material facts, causing Third-Party Plaintiffs to have a false impression as to the legitimacy of the business transactions referenced above.

22. As a result of Third-Party Defendants' silent fraud, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count IV– Civil Conspiracy

23. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

24. Third-Party Defendants illegally, maliciously, and wrongfully conspired with one another, Baja, Joe Shayota, Roman, Romero and others with the intent to and for the illegal purpose of framing Third-Party Plaintiffs and causing them to engage in questionable business transactions.

25. As a result of the conspiracy and Third-Party Defendants' illegal, wrongful, or tortious acts, Third-Party Plaintiffs have suffered substantial damages and other economic injury,

loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count V – Express, Implied or Common-Law Indemnity

26. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

27. Third-Party Plaintiffs reasonably relied on the representations of Third-Party Defendants that the business transactions referenced above were legitimate and that same were authorized by Living Essentials.

28. Living Essentials has now commenced litigation against Third-Party Plaintiffs alleging that they engaged in a counterfeiting conspiracy.

29. Third-Party Plaintiffs were named in this litigation based on the representations and actions, or lack thereof, of Third-Party Defendants.

30. Under the circumstances, Third-Party Defendants should be ordered to indemnify Third-Party Plaintiffs, whether based on express agreement, implied agreement or common law.

## REQUEST FOR RELIEF

31. Third-Party Plaintiffs respectfully request this Court to enter a Judgment in their favor and against Third-Party Defendants in an amount sufficient to compensate them for all economic loss, mental distress, treble damages, exemplary and punitive damages, and attorney's fees and costs.

Respectfully Submitted,

PAESANO AKKASHIAN, PC

*/s/Brian M. Akkashian*
Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Counsel for Defendants Walid Jamil, Midwest
Wholesale Distributors and Justin Shayota
132 N. Old Woodward Avenue
Birmingham, MI 48009
248-792-6886

Dated: February 19, 2013