

|  | Anthony R. Paesano |
|---|---|
|  | Brian M. Akkashian |
| ATTORNEYS & COUNSELORS | Richard M. Apkarian Jr. |

132 North Old Woodward Avenue
Birmingham, Michigan  48009
P 248.792.6886
F 248.792.6885
www.paesanoakkashian.com

Daniel S. Hoops
Of Counsel
Also Licensed in Florida

March 5, 2013

<u>**VIA FACSIMILE (718) 613-2185**</u>

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Case Name: *Innovation Ventures, LLC et al. v Walid Jamil et al.,* **Docket No: 12 Civ. 05354**

Dear Judge Matsumoto:

  This letter is being sent to the Court pursuant to Rule (IV)(B)(1) of the Court's Chamber Practices and in response to Plaintiffs' request for a pre-motion conference in connection with Plaintiffs' "planned motion to dismiss the counterclaims" of Defendants Midwest Wholesale Distributors, Inc., Walid Jamil ("Jamil"), Raid Jamil, Justin Shayota, JT Wholesale, Inc., and Trimexico, Inc. (collectively, the "Midwest Defendants"). This office represents the Midwest Defendants in this case.

  Although the Midwest Defendants do not object to participating in a conference with the Court, Plaintiffs' anticipated dispositive motion is premature for several reasons and, as a result, it should not be entertained at this time.

  First, the discovery taken in this case has been completely one-sided – all in Plaintiffs' favor. Thus far, Plaintiffs have executed a seizure order, taken the Midwest Defendants' depositions, and obtained virtually every document from the Midwest Defendants. Yet, Plaintiffs have not produced one single piece of paper to Defendants, or submitted any of their representatives for deposition. Clearly, a dismissal of the Midwest Defendants' counterclaims is inappropriate until the Midwest Defendants have an opportunity to obtain discovery from Plaintiffs. See *Crystalline H2O, Inc. v. Orminski, et al,* 105 F.Supp.2d  3 (ND NY, 2000) (court held that summary judgment was inappropriate due to fact that defendants had not yet had an opportunity to conduct any discovery).

  Second, although Plaintiffs' attitude throughout these proceedings has been similar to a judgment creditor, conclusively stating that the Midwest Defendants were "caught running a vast conspiracy" and

engaging in "tortious and criminal conduct" (Potter Letter, pg. 1), nothing has been proven. All of Plaintiffs' statements are mere allegations. Clearly, this Court should not simply adopt Plaintiffs' version of the facts, and summarily reject the Midwest Defendants' allegations, as Plaintiffs want the Court to do. Further, Plaintiffs' assertion that the Midwest Defendants' counterclaims are "implausible – indeed, outrageous" is nothing more than unsupported argument of counsel. Ultimately, if Plaintiffs file a dispositive motion under Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the Midwest Defendants as true and deny the motion if counter-plaintiffs state enough facts to allow the Court to draw a reasonable inference that Plaintiffs are liable for the alleged misconduct, a very low threshold:

> In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir.2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The Court should not dismiss the Complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Third, Plaintiffs are apparently supporting their anticipated motion with deposition testimony from a separate lawsuit and, in their letter, they misstate that very testimony. Plaintiffs claim Jamil testified that "repacking" was "against the law," and that he found a company "to put liquid in a bottle" even though he knew that Living Essentials "hadn't authorized" it. (Letter, pg. 2). Both are misstatements. In his deposition, Jamil testified that "repacking" is where "we take a big case of Equal that is 2,000 count and package them in a small package," or "we take them from the big bag to the small bag," and that "repacking is **not** illegal." (Deposition at 218: 2-5, 215: 20-23, 202: 3-4) (emphasis added). Further, in response to the question, "you knew that 5-hour Energy had not given these people permission to do this, correct," Jamil stated, "I don't know if they had or not . . ." (Deposition at 218:19-21). Jamil also explained that "5-hour has many packers out there. 5-hour do not pack their own products. They have multiple packers throughout the country." (Deposition at 213:9-11). These are just two examples of Plaintiffs' efforts to misconstrue and sensationalize the facts.

Additionally, Plaintiffs have not even articulated whether their anticipated motion is based on Rule 12(b)(6), or Rule 56. They have characterized it as a "motion to dismiss," presumably under Rule 12(b)(6), but they cite deposition testimony, which requires an analysis under Rule 56. See Fed. R. Civ. P. 12(b) (When material outside the complaint is presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion...."). Obviously, a motion based on Rule 12(b)(6) is based on the pleadings alone, and therefore deposition testimony cannot be considered. However, a full-blown motion for summary judgment under Rule 56 necessitates further discovery.

Fourth, Jamil's deposition testimony is entirely consistent with the allegations in the Midwest Defendants' counterclaims. Interestingly, Plaintiffs do not dispute that one of their employees, Robert McCormack, participated in a conference call with Jamil and Joe Shayota, or that Joe Shayota, through Baja, was one of Plaintiffs' authorized distributors. Based on same, the Midwest Defendants reasonably believed that their dealings were legitimate and authorized. In fact, throughout his deposition, Jamil explained that he operated at all times under the direction of Joe Shayota (Deposition at 215:1-4), an authorized 5-hour distributor. Jamil also stated that he did not "tamper with products," but he merely changed or applied labels

(Deposition at 222:11-13, 203: 1-2), an operation that was discussed during the conference call with McCormack.

Fifth, to the extent any of the counterclaims asserted by the Midwest Defendants lack factual specificity or legal basis, the Midwest Defendants have the option to amend as of right. Fed. R. Civ. P. 15(a) states as follows:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The Midwest Defendants are well within the time period to amend as of right, and they fully intend to do so. Thus, the Court should not bother to entertain a motion to dismiss until this occurs, otherwise judicial resources, not to mention attorney fees, will be wasted. If Plaintiffs' counsel had contacted counsel for the Midwest Defendants before filing its letter, they would have been informed of such.

Plaintiffs' anticipated dispositive motion is premature and should not be entertained by the Court at this time. The Midwest Defendants should at least be entitled to file their amended pleadings and also obtain discovery from Plaintiffs, before being forced to respond to a dispositive motion. If, however, the Court is willing to consider Plaintiffs' dispositive motion at this early stage in the case, the Midwest Defendants will oppose it. In their formal response, they will address each of the individual counterclaims. With respect to a briefing schedule, Plaintiffs' proposed scheduled should be significantly extended to allow time for the filing of amended pleadings and the production of discovery.

Very truly yours,

PAESANO AKKASHIAN, PC

Richard M. Apkarian Jr.

cc: All counsel of record (via ecf)