Joseph P. Goldberg
Jacquelyn R. Trussell
Hodgson Russ LLP
1540 Broadway, 24th Floor
New York, NY 10036
Telephone: (212) 751-4300
*Attorneys for Defendant Brothers Trading Co., Inc.,*
*d/b/a Victory Wholesale Grocers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— X

INNOVATION VENTURES, LLC, LIVING
ESSENTIALS, LLC, and INTERNATIONAL IP
HOLDINGS, LLC

                   Plaintiffs,

       -against-

ULTIMATE ONE DISTRIBUTING CORP., ET
AL.

                  Defendants.

———————————————————— X

12 Civ. 5354 (KAM)(RLM)

**ANSWER OF DEFENDANT
BROTHERS TRADING CO., INC.
D/B/A VICTORY WHOLESALE
GROCERS' TO PLAINTIFFS'
SEVENTH AMENDED COMPLAINT
AND CROSS-CLAIMS**

Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers ("Victory"), by

and through its attorneys, Hodgson Russ LLP, as and for its Answer to the Seventh Amended

Complaint (the "Complaint") of Innovations Ventures, LLC, Living Essentials, LLC and

International IP Holdings, LLC (collectively "plaintiffs"), denies each and every allegation set

forth therein except states as follows:

### THE NATURE OF THE ACTION

1.     Admits that 5-hour ENERGY® products ("Energy Drinks") are sold to

consumers, but denies knowledge or information sufficient to form a belief as to the truth of all

other allegations of Paragraph 1 of the Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.     Admits that plaintiffs bring this action and are seeking injunctive and monetary relief for trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. Section 1114); false descriptions and false designations of origin in commerce in violation of Section 43 of the Lanham Act (15 U.S.C. Section 1125) and Section 349 of the New York General Business Law; trademark dilution in violation of Section 43 of the Lanham Act (15 U.S.C. Section 1125) and Section 360-1 of the New York General Business Law; contributory trademark infringement; violation of the Copyright Act of 1976 (17 U.S.C. Section 106); and common-law unjust enrichment and unfair competition, but denies knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

## THE PARTIES

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33.     Admits the allegations of Paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

44.     Denies the allegations of Paragraph 44 of the Complaint, except admits that Victory is an Ohio corporation.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

8

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint.

## JURISDICTION AND VENUE

89.     The allegations of Paragraph 89 assert conclusions of law to which no response is required. However, to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint.

90.     Denies the allegations of Paragraph 90 of the Complaint as they relate to Victory, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Complaint.

91.     The allegations of Paragraph 91 assert conclusions of law to which no response is required. However, to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint.

## FACTUAL ALLEGATIONS

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint, except refers to the trademark registrations for a full and complete statement of their terms.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint, except refers to the trademark registrations for a full and complete statement of their terms.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint except refers to the trademark registrations for a full and complete statement of their terms.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint.

102.     The allegations of Paragraph 102 assert conclusions of law to which no response is required. However, to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint.

103.     The allegations of Paragraph 103 assert conclusions of law to which no response is required. However, to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint.

104.    The allegations of Paragraph 104 assert conclusions of law to which no response is required.  However, to the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Complaint.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the Complaint.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Complaint.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Complaint.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Complaint.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the Complaint.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the Complaint.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Complaint.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Complaint.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Complaint.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Complaint.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the Complaint.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the Complaint.

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Complaint.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Complaint.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of the Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the Complaint, except admits that plaintiffs' counsel took the deposition of Walid Jamil on or around November 27, 2012.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the Complaint, except admits that plaintiffs' counsel took the deposition of Justin Shayota on or around November 28, 2012.

142. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012.

143. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the Complaint.

144. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Complaint.

145. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Complaint.

146. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 of the Complaint.

147. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 of the Complaint.

148. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Complaint.

149. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

17

150. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

151. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Complaint.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Complaint.

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the Complaint.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of the Complaint.

156. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

18

157.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Complaint.

158.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Complaint.

159.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of the Complaint.

160.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

161.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Complaint.

162.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 of the Complaint.

163.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Complaint, except admits that plaintiffs' counsel took the deposition of Leslie Roman on or around December 10, 2012 and refers the Court to the deposition transcript for its contents.

164.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 of the Complaint.

19

165.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Complaint.

166.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 of the Complaint.

167.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of the Complaint.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of the Complaint.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 of the Complaint.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of the Complaint.

171.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171 of the Complaint.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 of the Complaint.

173.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173 of the Complaint.

174.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of the Complaint.

175.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 of the Complaint.

176.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of the Complaint.

177.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of the Complaint.

178.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Complaint.

179.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of the Complaint.

180.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the Complaint.

181.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of the Complaint.

182.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 of the Complaint.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the Complaint.

184.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of the Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of the Complaint.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of the Complaint.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of the Complaint.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the Complaint.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of the Complaint.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of the Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 of the Complaint.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194 of the Complaint.

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195 of the Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 of the Complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 of the Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 of the Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 of the Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of the Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 of the Complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 of the Complaint.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 of the Complaint.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204 of the Complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 205 of the Complaint.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206 of the Complaint.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207 of the Complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208 of the Complaint.

209.    Denies the allegations of Paragraph 209 of the Complaint.

210.    Admits that Victory advised plaintiffs' counsel that it purchased certain Energy Drinks from Baja Exporting LLC, but denies all of the other allegations of Paragraph 210 of the Complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211 of the Complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 212 of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 213 of the Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 214 of the Complaint.

215. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215 of the Complaint.

216. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216 of the Complaint.

217. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217 of the Complaint.

218. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218 of the Complaint.

219. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219 of the Complaint.

220. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220 of the Complaint.

221. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221 of the Complaint.

222. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222 of the Complaint.

223. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223 of the Complaint.

224. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224 of the Complaint.

225.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 of the Complaint.

226.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226 of the Complaint.

227.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227 of the Complaint.

228.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 of the Complaint.

229.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229 of the Complaint.

230.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230 of the Complaint.

231.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231 of the Complaint.

232.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232 of the Complaint.

233.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233 of the Complaint.

234.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 234 of the Complaint.

235.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 235 of the Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 236 of the Complaint, except admits that plaintiffs' counsel took the deposition of the principal of Dan-Dee on or around November 5, 2012 and refers the Court to the deposition transcript for its contents.

237.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 237 of the Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 238 of the Complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 239 of the Complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 240 of the Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 241 of the Complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 242 of the Complaint.

243.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 243 of the Complaint.

244.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 244 of the Complaint.

245.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 245 of the Complaint.

246.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 246 of the Complaint.

247.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247 of the Complaint.

248.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 248 of the Complaint.

249.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 249 of the Complaint.

250.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 250 of the Complaint.

251.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 251 of the Complaint.

## FIRST CLAIM FOR RELIEF

252.     In response to paragraph 252 of the Complaint, Victory repeats its above answers to Paragraphs 1-251 of the Complaint as if set forth fully herein.

253.     Denies the allegations of Paragraph 253 of the Complaint.

254.   Denies the allegations of Paragraph 254 of the Complaint.

255.   Denies the allegations of Paragraph 255 of the Complaint.

256.   Denies the allegations of Paragraph 256 of the Complaint.

257.   Denies the allegations of Paragraph 257 of the Complaint.

## SECOND CLAIM FOR RELIEF

258.   In response to paragraph 258 of the Complaint, Victory repeats its above answers to Paragraphs 1-257 of the Complaint as if set forth fully herein.

259.   Denies the allegations of Paragraph 259 of the Complaint.

260.   Denies the allegations of Paragraph 260 of the Complaint.

261.   Denies the allegations of Paragraph 261 of the Complaint.

262.   Denies the allegations of Paragraph 262 of the Complaint.

263.   Denies the allegations of Paragraph 253 of the Complaint.

## THIRD CLAIM FOR RELIEF

264.   In response to paragraph 264 of the Complaint, Victory repeats its above answers to Paragraphs 1-263 of the Complaint as if set forth fully herein.

265.   Denies the allegations of Paragraph 265 of the Complaint.

266.   Denies the allegations of Paragraph 266 of the Complaint.

267.   Denies the allegations of Paragraph 267 of the Complaint.

268.     Denies the allegations of Paragraph 268 of the Complaint.

269.     Denies the allegations of Paragraph 269 of the Complaint.

270.     Denies the allegations of Paragraph 270 of the Complaint.

271.     Denies the allegations of Paragraph 271 of the Complaint.

## FOURTH CLAIM FOR RELIEF

272.     In response to paragraph 272 of the Complaint, Victory repeats its above answers to Paragraphs 1-271 of the Complaint as if set forth fully herein.

273.     Denies the allegations of Paragraph 273 of the Complaint.

274.     Denies the allegations of Paragraph 274 of the Complaint.

275.     Denies the allegations of Paragraph 275 of the Complaint.

276.     Denies the allegations of Paragraph 276 of the Complaint.

277.     Denies the allegations of Paragraph 277 of the Complaint.

## FIFTH CLAIM FOR RELIEF

278.     In response to paragraph 278 of the Complaint, Victory repeats its above answers to Paragraphs 1-277 of the Complaint as if set forth fully herein.

279.     Denies the allegations of Paragraph 279 of the Complaint.

280.     Denies the allegations of Paragraph 280 of the Complaint.

281.     Denies the allegations of Paragraph 281 of the Complaint.

282.   Denies the allegations of Paragraph 282 of the Complaint.

283.   Denies the allegations of Paragraph 283 of the Complaint.

284.   Denies the allegations of Paragraph 284 of the Complaint.

## SIXTH CLAIM FOR RELIEF

285.   In response to paragraph 285 of the Complaint, Victory repeats its above answers to Paragraphs 1-284 of the Complaint as if set forth fully herein.

286.   Denies the allegations of Paragraph 286 of the Complaint.

287.   Denies the allegations of Paragraph 287 of the Complaint.

288.   Denies the allegations of Paragraph 288 of the Complaint.

289.   Denies the allegations of Paragraph 289 of the Complaint.

290.   Denies the allegations of Paragraph 290 of the Complaint.

291.   Denies the allegations of Paragraph 291 of the Complaint.

292.   Denies the allegations of Paragraph 292 of the Complaint

## SEVENTH CLAIM FOR RELIEF

293.   In response to paragraph 293 of the Complaint, Victory repeats its above answers to Paragraphs 1-292 of the Complaint as if set forth fully herein.

294.   Denies the allegations of Paragraph 294 of the Complaint.

295.   Denies the allegations of Paragraph 295 of the Complaint.

296.    Denies the allegations of Paragraph 296 of the Complaint.

297.    Denies the allegations of Paragraph 297 of the Complaint.

298.    Denies the allegations of Paragraph 298 of the Complaint.

299.    Denies the allegations of Paragraph 299 of the Complaint.

300.    Denies the allegations of Paragraph 300 of the Complaint.

301.    Denies the allegations of Paragraph 301 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

302.    In response to paragraph 302 of the Complaint, Victory repeats its above answers to Paragraphs 1-301 of the Complaint as if set forth fully herein.

303.    Denies the allegations of Paragraph 303 of the Complaint.

304.    Denies the allegations of Paragraph 304 of the Complaint.

305.    Denies the allegations of Paragraph 305 of the Complaint.

306.    Denies the allegations of Paragraph 306 of the Complaint.

307.    Denies the allegations of Paragraph 307 of the Complaint.

308.    Denies the allegations of Paragraph 308 of the Complaint.

## NINTH CLAIM FOR RELIEF

309.    In response to paragraph 309 of the Complaint, Victory repeats its above answers to Paragraphs 1-308 of the Complaint as if set forth fully herein.

310.  Denies the allegations of Paragraph 310 of the Complaint.

311.  Denies the allegations of Paragraph 311 of the Complaint.

312.  Denies the allegations of Paragraph 312 of the Complaint.

313.  Denies the allegations of Paragraph 313 of the Complaint.

314.  Denies the allegations of Paragraph 314 of the Complaint.

## TENTH CLAIM FOR RELIEF

315.  In response to paragraph 315 of the Complaint, Victory repeats its above answers to Paragraphs 1-314 of the Complaint as if set forth fully herein.

316.  Denies the allegations of Paragraph 316 of the Complaint.

317.  Denies the allegations of Paragraph 317 of the Complaint.

318.  Denies the allegations of Paragraph 318 of the Complaint.

319.  Denies the allegations of Paragraph 319 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

320.  In response to paragraph 320 of the Complaint, Victory repeats its above answers to Paragraphs 1-319 of the Complaint as if set forth fully herein.

321.  Denies the allegations of Paragraph 321 of the Complaint.

322.  Denies the allegations of Paragraph 322 of the Complaint.

33

## FIRST AFFIRMATIVE DEFENSE

323.    The Complaint fails to allege a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

324.    The Complaint fails to allege facts with sufficient particularity.

## THIRD AFFIRMATIVE DEFENSE

325.    Plaintiffs unduly delayed giving notice to the trade and/or to Victory as to the likely or actual presence of alleged counterfeit product in the market.  Plaintiffs, therefore, acquiesced in the distribution and sale of these products and/or prevented Victory from having knowledge that the alleged counterfeit products were in the market.

## FOURTH AFFIRMATIVE DEFENSE

326.    Plaintiffs' claims are barred to the extent that the allegedly unlawful use was licensed or otherwise authorized.

## FIFTH AFFIRMATIVE DEFENSE

327.    Plaintiffs' claims are barred by the doctrines of waiver, ratification, estoppel, laches, release, illegality and/or fraud.

## SIXTH AFFIRMATIVE DEFENSE

328.    Plaintiffs' claims are barred by the statute of frauds.

34

## SEVENTH AFFIRMATIVE DEFENSE

329.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

330.    Victory has not continued to sell any alleged counterfeit product.

## NINTH AFFIRMATIVE DEFENSE

331.    Victory, at all times, acted with due care, innocently and in good faith with respect to the purchase and sale of the alleged counterfeit Energy Drinks.

## TENTH AFFIRMATIVE DEFENSE

332.    In its purchase, sale and distribution of the Energy Drinks, Victory acted neither with willful deception nor scienter that the alleging infringing goods would likely cause confusion. By reason of the foregoing, if Victory infringed anything, it did so innocently.

## ELEVENTH AFFIRMATIVE DEFENSE

333.    Any and all alleged events and happenings, injuries and damages, if any, referred to in the Complaint were proximately caused or contributed to by other parties. Therefore, it is necessary that the proportion or degree of fault of each of the other parties be determined so that as among the parties, Victory only pays that amount which is caused by it, if any.

## TWELFTH AFFIRMATIVE DEFENSE

334.    Plaintiffs have failed to mitigate their alleged damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

335.    If Plaintiffs are granted the relief which they seek here, they would be unjustly enriched.

## FOURTEENTH AFFIRMATIVE DEFENSE

336.    No act or conduct of Victory caused any damages or injury to Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

337.    Plaintiffs have not been irreparably injured as evidenced by their own conduct, including acts of omission as well as commission.

## SIXTEENTH AFFIRMATIVE DEFENSE

338.    Plaintiffs seek damages that violate Victory's constitutional right of due process and freedom from excessive fines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

339.    Victory is entitled to a set-off with respect to any amounts recovered or received by Plaintiffs from any other defendant or other person or entity, whether by settlement, judgment, or otherwise relating to this matter.

## EIGHTEENTH AFFIRMATIVE DEFENSE

340.    Plaintiffs' claims are barred to the extent that Plaintiffs seek to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

341.   Plaintiffs' trademarks are invalid and unenforceable.

## TWENTIETH AFFIRMATIVE DEFENSE

342.   To the extent that Plaintiffs may be entitled to damages, any claim for damages is limited to Victory's modest profit from the allegedly counterfeit Energy Drinks.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

343.   Victory reserves the right to assert any other defenses available to it under applicable law.

## CROSS-CLAIMS OF BROTHERS TRADING CO., INC. D/B/A VICTORY WHOLESALE GROCERS AGAINST DEFENDANTS TRADEWAY INTERNATIONAL INC., D/B/A BAJA EXPORTING INC., JOSEPH SHAYOTA AND ADRIANA SHAYOTA

Defendant/Cross-Claim Plaintiff Brothers Trading Co., Inc., d/b/a Victory Wholesale Grocers ("Victory"), as and for its cross-claims, alleges as follows:

## THE PARTIES

344.   Victory is a corporation organized and existing under the laws of Ohio with an office in Springboro, Ohio. Victory is engaged in the wholesale purchase and sale of grocery and health and beauty aid products. It is a merchant as defined in applicable state law.

345.   Upon information and belief, cross-claim defendant Tradeway International, Inc. d/b/a Baja Exporting, LLC ("Baja") is a limited liability company organized and existing by virtue of the laws of the State of California and maintains its principal place of business in San Diego, California.

37

346.     Upon information and belief, cross-claim defendants Joseph Shayota and Adriana Shayota are the principals of Baja and are the moving, active and conscious force behind Baja.

347.     Upon information and belief, Baja is engaged in the wholesale purchase and sale of grocery and other consumer products. It is a merchant as defined in applicable state law.

348.     Upon information and belief, Baja maintains systematic contacts with the state of New York, including selling and shipping product to buyers in New York.

349.     Cross-claim defendants Baja, Joseph Shayota and Adriana Shayota are hereinafter referred to collectively as the "Baja Defendants."

## JURISDICTION AND VENUE

350.     Personal jurisdiction is proper over the Baja Defendants pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y. C.P.L.R. §§ 301 and 302.

351.     The Court has jurisdiction over this cross-claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1138, and principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

352.     The claims set forth herein arise out of and are part of the same transactions or occurrences as alleged in the Seventh Amended Complaint (the "Complaint') of plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (the "Plaintiffs"), and the determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that will result if Victory was required to defend Plaintiffs' claims, and then bring separate actions against the Baja Defendants for, *inter alia*, indemnification of any sum or sums which Victory may be compelled to pay as a result of any

38

damages, judgments, or other awards arising out of the transactions or occurrences which are the subject matter hereof.

## BACKGROUND

353.    Plaintiffs have filed the Complaint against Victory allegedly arising out of Victory's purchase and sale of allegedly counterfeit Energy Drinks.

354.    Plaintiffs allege in the Complaint that Victory allegedly purchased from Baja the counterfeit Energy Drinks at issue in this lawsuit.

355.    By reason of the foregoing, Plaintiffs have asserted various claims against Victory and are seeking monetary damages from Victory, as well as reasonable attorneys' fees and costs and disbursements.

356.    Upon information and belief, based upon Plaintiffs' allegations in the Complaint, limited discovery and the deposition testimony of other defendants and Joseph Shayota, it appears that Joseph Shayota and Adriana Shayota were participants in a counterfeiting conspiracy, knew or had reason to believe that the Energy Drinks offered and sold to Victory by Baja were counterfeit.

## FACTS

357.    On or around November 30, 2011, Victory purchased from Baja 84 cases of Orange Flavor Energy Drinks that were labeled with Lot number 115111A2 and an expiration date of April 2013.

358.    Simultaneously, Victory also purchased from Baja 84 cases of Wild Berry Flavor Energy Drinks, Lot number 112611A4.

39

359.     Victory's purchases of Energy Drinks from Baja were made pursuant to purchase

order number 1699896 (the "Purchase Order").

360.     Pursuant to the express terms of the Purchase Order, Victory purchased the

Energy Drinks from the Baja Defendants in reliance on and subject to the following terms and

conditions being true at the time of purchase and at the time of Victory's acceptance of

conforming goods:

> [A]ll products offered and sold to [Victory] shall (i) be at the time
> of delivery in the current manufacturers trade dress identical to
> products which the manufacturer normally distributes in the United
> State; in consumer packaging, English language, without
> promotional markings such as limiting sale, export, sample or
> professional use; (ii) contain United States true net weights,
> ingredients, measures, contents, size, labels and product codes;
> (iii) not be adulterated or misbranded; (iv) be genuine first quality;
> (v) bear, upon arrival at [Victory's] facility a shelf stability life,
> sell by or expiration date of at least 12 months (18 months for
> health and beauty care products) remaining; (vi) be in compliance
> with all federal, state and local laws and regulations; (vii) not have
> been procured, to the [Baja Defendants'] knowledge, by means of
> trick, fraud or misrepresentations; (viii) be good and merchantable
> and fit for [Victory's] purpose, and sold to [Victory] free and clear
> of any claims, security interests or encumbrances; and (ix) be
> delivered within one week of the original expected arrival date.

361.     Victory paid the full contract price for the Energy Drinks to Baja and in exchange

was to receive genuine and authentic Energy Drinks.

362.     Victory has otherwise substantially performed all of its obligations under its

agreement with Baja in connection with its purchase of Energy Drinks.

363.     Victory believes and alleges that the allegations of the Complaint against it are

false; however, if it is determined that the allegations of the Complaint are true, then the Baja

Defendants made sales to Victory that violated the terms of the representations and agreement

and/or constituted a breach of express or implied warranties that were part of the alleged sales transactions between the respective parties.

364.     To the extent that Victory has any liability to Plaintiffs in this action arising from the Energy Drinks purchased from Baja, they have claims over for indemnity and/or contribution against the Baja Defendants.

## FIRST CAUSE OF ACTION

### (Breach of Contract against Baja)

365.     Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

366.     Baja sold 168 cases of Energy Drinks to Victory pursuant to the terms set forth in the Purchase Order.

367.     Victory sold the Energy Drinks it purchased from Baja to its customers.

368.     The Energy Drinks were purchased in order to be resold in the ordinary course of business.

369.     Believing the Energy Drinks purchased from Baja were genuine, Victory resold these goods in the ordinary course of its business.

370.     Plaintiffs have alleged in the Complaint that the Energy Drinks purchased by Victory from Baja was counterfeit. Victory continues to denies these allegations; but if true, the Baja Defendants materially breached their representations and express and implied contractual warranties made in conjunction with those sales and set forth in the Purchase Order.

41

371.     As a result of Baja's alleged or potential breach of contract, Victory has been

damaged because (*inter alia*) it is facing claims of liability to Plaintiffs and has incurred the cost

of defense and its own attorneys' fees, and has otherwise been damaged in an amount to be

proven at trial.

## SECOND CAUSE OF ACTION

### (Violation of Federal False Description and False Designation of Origin in Commerce against the Baja Defendants)

372.     Victory repeats and realleges the allegations of all of the preceding paragraphs of

this cross-claim as though fully set forth herein.

373.     Victory has denied the allegations of the Complaint, but if the allegations of the

Complaint are proven to be true, then the Baja Defendants, in connection with the alleged

counterfeit products, used in commerce a word, term, name, symbol or device, or any

combination thereof, or a false designation of origin, false or misleading description of fact or

false or misleading representation of fact, which was likely to cause confusion or to cause

mistake, or to deceive as to the approval of the goods at issue by their original manufacturer.

374.     Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(A).

375.     Victory has been and continues to be damaged by the Baja Defendants' above-

stated alleged activities and conduct in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Federal False Advertising against the Baja Defendants)

376.     Victory repeats and realleges the allegations of all of the preceding paragraphs of

this cross-claim as though fully set forth herein.

377.    Victory has denied the allegations of the Complaint, but if the allegations of the Complaint are proven to be true, the Baja Defendants, in connection with the sale of the alleged counterfeit products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of the alleged counterfeit products. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

378.    Victory has been and continues to be damaged by the Baja Defendants' above-stated alleged activities and conduct in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Statutory Warranties against the Baja Defendants)

379.    Victory repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

380.    Based on the above-alleged conduct of the Baja Defendants, if the allegations of the Complaint are proven to be true, the Baja Defendants have materially breached the statutory warranties provided for in applicable state law, including but not limited to N.Y. U.C.C. §§ 2-312 and 2-314, that title to goods be good, that the transfer of the goods be rightful, that the goods be free of the rightful claim of any third party by way of infringement or the like, and that the goods possess the ability to pass without objection in the trade.

381.    Accordingly, the Baja Defendants are liable for all injuries and damages to Victory that have proximately resulted from the Baja Defendants' breach of warranties, including but not limited to, the purchase price, value of genuine goods, lost profits, costs,

expenses, and any potential liability and defense costs and attorneys' fees incurred by Victory arising from the purchase and sale of allegedly counterfeit Energy Drinks.

## FIFTH CAUSE OF ACTION

### (Contractual Indemnity against Baja)

382.    Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

383.    Victory believes and has alleged that it is not liable for any claims alleged in the Complaint.

384.    If, however, any alleged liability of Victory was to be established, it would be a proximate result of the conduct of the Baja Defendants.

385.    According to the express terms of the Purchase Order, Baja "shall defend, indemnify and hold [Victory] harmless against any and all loss, cost, expense or damage arising out of this agreement."

386.    Baja, therefore, expressly agreed in the Purchase Order to defend, indemnify, and hold harmless Victory against any and all loss, cost, expense, or damage arising from Victory's purchase of 168 cases of Energy Drinks from the Baja Defendants.

387.    Victory is entitled to indemnification from Baja for any sums assessed and/or paid as a result of any damages, judgments, or other awards recovered against Victory, and for all other loss or damage that Victory may sustain because of any claims asserted against it, including costs and attorneys' fees incurred or to be incurred, and any additional costs and expenses, including costs of investigation and attorneys' fees.

388.    The exact amount of Victory's damages is not known at this time, and Victory

seeks leave to set forth the full amount of its damages pursuant to the pretrial procedures of this

Court and the Federal Rules of Civil Procedure.

## SIXTH CAUSE OF ACTION

### (Equitable Indemnification against the Baja Defendants)

389.    Victory repeats and realleges the allegations of all of the preceding paragraphs of

this cross-claim as though fully set forth herein.

390.    Victory is not liable for any claims alleged against it in the Complaint.

391.    Any alleged liability of Victory, if proven, would be a direct and proximate result

of the conduct of the Baja Defendants.

392.    Victory is entitled to indemnification from the Baja Defendants for any sums

assessed and/or paid as a result of any damages, judgments, or other awards assessed and/or

recovered against Victory, and for all other loss or damage that Victory may sustain because of

any claims asserted against it, including costs and attorneys' fees incurred or to be incurred, and

any additional costs and expenses, including costs of investigation and attorneys' fees.

393.    The exact amount of Victory's damages is not known at this time, and Victory

seeks leave to set forth the full amount of its damages pursuant to the pretrial procedures of this

Court and the Federal Rules of Civil Procedure.

## SEVENTH CAUSE OF ACTION

### (Equitable Contribution against the Baja Defendants)

394.     Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

395.     Victory has denied any responsibility or liability whatsoever with respect to the subject matter of the Complaint.

396.     If Victory is found in some manner to be liable, then any damages awarded against it were proximately caused or contributed to by the conduct of the Baja Defendants.

397.     It is necessary that a prorated degree of any proven negligence and/or fault, or other culpable conduct of any defendant be determined and prorated so that Victory will not be required to pay more than its prorated share of any judgment or other award, if any, and to pay only according to the degree of negligence and/or fault proven to be attributed to Victory, if any.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment against the Baja Defendants)

398.     Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

399.     An actual controversy exists between Victory on the one hand and the Baja Defendants on the other hand, as Victory contends that if it is to be held liable to Plaintiffs, either in damages or for attorneys' fees, or otherwise, the Baja Defendants are liable to Victory for any such sums, and that in all events, the Baja Defendants are also liable for the payment of Victory's reasonable attorneys' fees and costs incurred in defense of this action.

46

400.    It is anticipated that the Baja Defendants will denies any such liability.

401.    Victory requests a declaratory judgment that the Baja Defendants are required to pay the costs of defense as incurred by Victory in this action, and to further provide for indemnification and/or contribution in connection with any liability that may be adjudged against Victory, whether in damages (of whatever sort of however denominated) or for attorneys' fees, or otherwise.

402.    Such a determination is appropriate and necessary in that Victory has no adequate or speedy remedy at law and the request of such a judicial determination will avoid a multiplicity of suits, resulting in judicial economy and furtherance of the interest of justice.

## NINTH CAUSE OF ACTION

### (Common Law Unfair Competition against the Baja Defendants)

403.    Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

404.    Based on the allegations made against Victory, which Victory denies, and if they are proven to be true, the above-alleged conduct, including the Baja Defendants' sale of alleged counterfeit merchandise as genuine products, constitutes unfair competition under applicable common law.

405.    Victory has been and continues to be damaged by the Baja Defendants' above-stated alleged activities and conduct.

## TENTH CAUSE OF ACTION

### (Federal Trademark Infringement against the Baja Defendants)

406.    Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

407.    Assuming, hypothetically, the allegations of Plaintiffs in the Complaint to be true, that the Baja Defendants, in connection with the alleged counterfeit Energy Drinks used in commerce without Plaintiffs' consent, were either a reproduction, counterfeit, copy of colorable imitation of Plaintiffs' registered mark in connection with the sale, offering for sale, distribution, or advertising of counterfeit Energy Drinks or in connection with such use that is likely to cause confusion, or to cause mistake or to deceive, such conduct constitutes a violation of 15 U.S.C. § 1114(1)(a).

408.    Victory has been and continues to be damaged by the Baja Defendants' above-stated alleged activities and conduct.

## ELEVENTH CLAIM FOR RELIEF

### (Common Law Unjust Enrichment against the Baja Defendants)

409.    Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

410.    Assuming, hypothetically, the allegations in the Complaint to be true, then by selling the alleged counterfeit Energy Drinks to Victory bearing Plaintiffs' trademarks, the Baja Defendants have been unjustly enriched at Victory's expense in violation of common law.

411.    Victory has been and continues to be damaged by the Baja Defendants' above-stated alleged activities and conduct.

## TWELFTH CLAIM FOR RELIEF

### (Injurious Falsehood against the Baja Defendants)

412.    Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

413.    The Baja Defendants represented to Victory that the Energy Drinks that Victory purchased were genuine, authentic, first quality product.

414.    Victory paid the full contract price for the Energy Drinks to Baja in exchange for genuine and authentic Energy Drinks.

415.    Plaintiffs have alleged in the Complaint that the Energy Drinks purchased by Victory from Baja was counterfeit. Victory believes and alleges that the allegations of the Complaint against it are false; however, if it is determined that the allegations of the Complaint are true, then the Baja Defendants deliberately and intentionally made false statements to Victory about the authenticity and genuineness of the Energy Drinks that were sold to Victory.

416.    Believing the Energy Drinks purchased from Baja were genuine, Victory resold these goods in the ordinary course of its business.

417.    By virtue of the Baja Defendants' false statements concerning the authenticity of the Energy Drinks sold to Victory, the business name and reputation of Victory have been defamed and disparaged to Victory's clients and in the marketplace causing Victory injury.

## THIRTEENTH CLAIM FOR RELIEF

### (Slander of Goods/ Trade Libel against the Baja Defendants)

418.   Victory repeats and realleges the allegations of all of the preceding paragraphs of this cross-claim as though fully set forth herein.

419.   Victory denies the allegations against it in the Complaint; however, if it is determined that the allegations of the Complaint are true, then the Baja Defendants deliberately, intentionally, and with malice, made false statements to Victory about the authenticity and genuineness of the Energy Drinks that were sold to Victory.

420.   By virtue of the Baja Defendants' alleged wrongful acts and those of its co-conspirators, public allegations of potentially serious wrongdoing have been made against Victory which call into question the quality and genuineness of Victory's merchandise.

421.   Such allegations of wrongdoing have been made in various publications.

422.   The Baja Defendants' alleged wrongful acts and those of their co-conspirators have defamed and disparaged the integrity of Victory's business name and reputation with its clients and in the marketplace.

423.   Victory's business has been and continues to be damaged by the Baja Defendants' above-stated alleged activities and conduct.

### DEMAND FOR RELIEF

WHEREFORE, Victory demands that the Court enter judgment in its favor dismissing the Seventh Amended Complaint in its entirety as against Victory and requests judgment in its favor on its cross-claims against the Baja Defendants as follows:

a)     Awarding damages, including compensatory damages;

b)    Awarding punitive damages;

c)    Declaring that the Baja Defendants have duties of defense, indemnification, contribution, and to hold Victory free and harmless from any and all cost, expense, or liability in connection with any claim against them arising out of the transactions or occurrences which are the subject matter hereof;

d)    Declaring that the Baja Defendants must pay the costs of defense of this action (and any related actions) as incurred by Victory; and

e)    Awarding Victory such other and further relief to which it may be entitled in law and equity, including recovery of their costs and attorneys' fees.

### JURY DEMAND

Victory demands a trial by jury of all and any issues so properly tried to a jury.

Dated: March 8, 2013
     New York, New York           HODGSON RUSS LLP


By: _____ /s/ _____
     Joseph P. Goldberg
     jgoldberg@hodgsonruss.com
     Jacquelyn R. Trussell
     jtrussel@hodgsonruss.com
1540 Broadway, 24th Floor
New York, NY 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
*Attorneys for Defendant Brothers Trading Co., Inc.,*
*d/b/a Victory Wholesale Grocers*