**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **INNOVATION VENTURES, LLC; LIVING ESSENTIALS, LLC and INTERNATIONAL IP HOLDINGS, LLC,**<br><br>            **Plaintiffs,**<br><br>        **v.**<br><br>**ULTIMATE ONE DISTRIBUTING CORP., ET AL.,**<br><br>            **Defendants.** | **No.  12-cv-5354 (KAM) (RLM)** |

<u>**DEFENDANT CORE-MARK INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS'
SEVENTH AMENDED COMPLAINT**</u>

Defendant Core-Mark International, Inc. ("Core-Mark"), by and through its attorneys,

Weil, Gotshal & Manges LLP, answers the Seventh Amended Complaint as follows:

<u>**AS TO THE NATURE OF THE ACTION**</u>

1.       Core-Mark denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1.

2.        Core-Mark denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 2.

3.       Core-Mark denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3.

4.       Core-Mark denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 4 except admits that Plaintiffs have initiated an action

alleging claims under the Lanham Act, Copyright Act, New York General Business Law, and

common-law.

5.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

**AS TO THE PARTIES**

**Plaintiffs**

11.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.      Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

**<u>Previously Named Defendants</u>**

16.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Core-Mark denies the allegations in paragraph in 23, except admits that Core-Mark is a Delaware corporation with its principal place of business at 395 Oyster Point Boulevard, Suite 415, South San Francisco, California 94080.

24.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

US_ACTIVE:\44204528\3\39021.0034

36.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

US_ACTIVE:\44204528\3\39021.0034

47.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

US_ACTIVE:\44204528\3\39021.0034

58.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

US_ACTIVE:\44204528\3\39021.0034

80.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

**Defendants Newly Named In the Seventh Amended Complaint**

81.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

## AS TO JURISDICTION AND VENUE

89.     Paragraph 89 of the Seventh Amended Complaint states legal conclusions as to which no responsive pleading is required.

90.     Paragraph 90 of the Seventh Amended Complaint states legal conclusions as to which no responsive pleading is required.

91.     Paragraph 91 of the Seventh Amended Complaint states legal conclusions as to which no responsive pleading is required.

## AS TO FACTUAL ALLEGATIONS

### The 5-HOUR ENERGY Product

92.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

### Living Essentials' Protected Intellectual Property

96.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

US_ACTIVE:\44204528\3\39021.0034

100.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.     Paragraph 103 of the Seventh Amended Complaint states legal conclusions as to which no responsive pleading is required.

104.     Paragraph 104 of the Seventh Amended Complaint states legal conclusions as to which no responsive pleading is required.

105.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

US_ACTIVE:\44204528\3\39021.0034

**Living Essentials' Discovery of Counterfeit Product**

111.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

**Living Essentials' Investigation And Court-Ordered Discovery Connects Defendants With The Counterfeits And Reveals The Factory Where They Were Packaged**

118.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

US_ACTIVE:\44204528\3\39021.0034

121.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

***Involvement Of Defendants Midwest; Baja Exporting; JT Wholesale, Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc.; Justin Shayota; Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; Camilo Ramirez; and Naftaunited.com***

127.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

US_ACTIVE:\44204528\3\39021.0034

131.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 except admits that it has purchased 5-HOUR ENERGY product from Defendant Baseline Distribution, Inc.

132.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

***Involvement of Defendants Leslie Roman, Donna Roman, and Flexopack***

149.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

US_ACTIVE:\44204528\3\39021.0034

153.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

***Involvement Of Defendant One Stop Label Corporation***

156.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

***Involvement Of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC***

160.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

US_ACTIVE:\44204528\3\39021.0034

163.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

***Involvement Of Defendants Ultimate One Distributing Corp.; Gulam Najimi, a.k.a. Ghulamali Ali Najimi; Wally Najimi, a.k.a. Ahmed Wally Najimi; Price Master Corp.; and Abdul Satar Najimi***

164.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

***Involvement Of Defendants Excel Wholesale Distributors, Inc. and Farid Tursonzadah, a.k.a. Farid Turson***

169.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

170.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

US_ACTIVE:\44204528\3\39021.0034

*Involvement Of Defendant Core-Mark International, Inc.*

172.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, except admits that Core-Mark acquired certain assets and the business of two related companies, Melvin Sosnick Company and Capital Cigar Company in 1997.

174.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

176.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178.

179.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

180.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

181.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

US_ACTIVE:\44204528\3\39021.0034

182.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.    Core-Mark denies the allegations in paragraph 183, except admits that Core-Mark fully complied with this Court's temporary restraining order ("TRO") including by quarantining 5-HOUR ENERGY product in its possession.

**Involvement Of Defendants Heights Deli And Company; Richmond Wholesale Company; And Saquib Khan**

184.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185.

186.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

**Involvement Of Defendant CVS Caremark Corp.**

187.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

188.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188.

189.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189.

190.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190.

*Involvement Of The 7-Eleven Defendants*

191.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196.

197.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197.

*Involvement Of Defendant Prestige Mobil*

198.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198.

*Involvement Of Defendant Kaival Deli & Catering*

199.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199.

US_ACTIVE:\44204528\3\39021.0034

*Involvement Of Defendant Valero Retail Holdings*

200.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200.

201.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

*Involvement Of Defendant Nevins Gourmet*

203.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

*Involvement Of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., And Sulaiman S. Aamir*

204.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204.

205.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205.

206.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206.

207.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

*Involvement of Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers*

209.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210.

*Involvement Of Defendant Quality King Distributors, Inc.*

211.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211.

212.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212.

213.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213.

214.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214.

*Involvement Of Defendants Baseline Distribution, Inc. and David Flood*

215.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, except admits that Core-Mark has purchased 5-HOUR ENERGY product from Defendant Baseline Distribution, Inc., and admits that Core-Mark fully complied with this Court's TRO including by quarantining 5-HOUR ENERGY product in its possession.

216.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216.

***Involvement Of Defendants Moa Trading, Inc. and Mark K. Lee***

217.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217.

218.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218.

219.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219.

220.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220.

221.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221.

222.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222.

***Involvement Of Defendant Capital Sales Company***

223.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223.

224.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224.

***Involvement Of Defendants Elegant Trading, Inc. and Ahmed Bhimani***

225.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225.

226.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226.

227.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

***Involvement Of Defendants Food Distributors International, Inc. and Scott Tillbrook***

228.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228.

229.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229.

230.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230.

231.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231.

***Involvement Of Defendant Top Choice Trading USA, Inc.***

232.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232.

233.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233.

234.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234.

***Involvement Of Defendant Universal Wholesale, Inc. and Joseph Sevany, Sr. a.k.a. Joe Zaitouna***

235.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235.

236.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236.

237.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237.

238.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238.

239.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239.

***Involvement Of Defendant Purity Wholesale Grocers, Inc.***

240.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240.

241.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241.

242.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242, except admits that it has purchased 5-HOUR ENERGY product from Defendant Purity Wholesale Grocers, Inc.

***Involvement Of Defendant Shah Distributors, Inc. and Arvind Shah***

243.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243.

244.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244.

245.     Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245.

***Involvement Of Defendants Steerforth Trading, Inc. a.k.a. Steer Forth Trading, Inc. and Isaac Anzaroot***

246.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246.

247.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247.

248.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248.

***Involvement Of Defendant Akshar Services LLC a.k.a. Perfume Shower***

249.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249.

***Involvement Of Defendant Mike Wholesale a.k.a. Mikes-Wholesale.com***

250.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250.

***Involvement Of Defendants John Does 1-10***

251.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251.

**AS TO FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))**

252.    In response to paragraph 252, Core-Mark reasserts its responses to paragraphs 1 through 251 as stated herein.

253.    Core-Mark denies the allegations in paragraph 253.

254.    Core-Mark denies the allegations in paragraph 254.

255.    Core-Mark denies the allegations in paragraph 255.

26

256. Core-Mark denies the allegations in paragraph 256.

257. Core-Mark denies the allegations in paragraph 257.

**AS TO SECOND CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(b))**

258. In response to paragraph 258, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

259. Core-Mark denies the allegations in paragraph 259.

260. Core-Mark denies the allegations in paragraph 260.

261. Core-Mark denies the allegations in paragraph 261.

262. Core-Mark denies the allegations in paragraph 262.

263. Core-Mark denies the allegations in paragraph 263.

**AS TO THIRD CLAIM FOR RELIEF**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**

264. In response to paragraph 264, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

265. Core-Mark denies the allegations in paragraph 265.

266. Core-Mark denies the allegations in paragraph 266.

267. Core-Mark denies the allegations in paragraph 267.

268. Core-Mark denies the allegations in paragraph 268.

269. Core-Mark denies the allegations in paragraph 269.

270. Core-Mark denies the allegations in paragraph 270.

271. Core-Mark denies the allegations in paragraph 271.

**AS TO FOURTH CLAIM FOR RELIEF**
**FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE**

272.     In response to paragraph 272, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

273.     Core-Mark denies the allegations in paragraph 273.

274.     Core-Mark denies the allegations in paragraph 274.

275.     Core-Mark denies the allegations in paragraph 275.

276.     Core-Mark denies the allegations in paragraph 276.

277.     Core-Mark denies the allegations in paragraph 277.

**AS TO FIFTH CLAIM FOR RELIEF**
**FEDERAL FALSE ADVERTISING**

278.     In response to paragraph 278, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

279.     Core-Mark denies the allegations in paragraph 279.

280.     Core-Mark denies the allegations in paragraph 280.

281.     Core-Mark denies the allegations in paragraph 281.

282.     Core-Mark denies the allegations in paragraph 282.

283.     Core-Mark denies the allegations in paragraph 283.

284.     Core-Mark denies the allegations in paragraph 284.

**AS TO SIXTH CLAIM FOR RELIEF**
**FEDERAL DILUTION OF MARK**

285.     In response to paragraph 285, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

286.     Core-Mark denies the allegations in paragraph 286.

287.     Core-Mark denies the allegations in paragraph 287.

288.    Core-Mark denies the allegations in paragraph 288.

289.    Core-Mark denies the allegations in paragraph 289.

290.    Core-Mark denies the allegations in paragraph 290.

291.    Core-Mark denies the allegations in paragraph 291.

292.    Core-Mark denies the allegations in paragraph 292.

**AS TO SEVENTH CLAIM FOR RELIEF**
**FEDERAL COPYRIGHT INFRINGEMENT**

293.    In response to paragraph 293, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

294.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294.

295.    Core-Mark denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295.

296.    Core-Mark denies the allegations in paragraph 296.

297.    Core-Mark denies the allegations in paragraph 297.

298.    Core-Mark denies the allegations in paragraph 298.

299.    Core-Mark denies the allegations in paragraph 299.

300.    Core-Mark denies the allegations in paragraph 300.

301.    Core-Mark denies the allegations in paragraph 301.

**AS TO EIGHTH CLAIM FOR RELIEF**
**NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION**

302.    In response to paragraph 302, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

303.    Core-Mark denies the allegations in paragraph 303.

29

304.     Core-Mark denies the allegations in paragraph 304.

305.     Core-Mark denies the allegations in paragraph 305.

306.     Core-Mark denies the allegations in paragraph 306.

307.     Core-Mark denies the allegations in paragraph 307.

308.     Core-Mark denies the allegations in paragraph 308.

**AS TO NINTH CLAIM FOR RELIEF**
**NEW YORK DECEPTIVE BUSINESS PRACTICES**

309.     In response to paragraph 309, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

310.     Core-Mark denies the allegations in paragraph 310.

311.     Core-Mark denies the allegations in paragraph 311.

312.     Core-Mark denies the allegations in paragraph 312.

313.     Core-Mark denies the allegations in paragraph 313.

314.     Core-Mark denies the allegations in paragraph 314.

**AS TO TENTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

315.     In response to paragraph 315, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

316.     Core-Mark denies the allegations in paragraph 316.

317.     Core-Mark denies the allegations in paragraph 317.

318.     Core-Mark denies the allegations in paragraph 318.

319.     Core-Mark denies the allegations in paragraph 319.

30

**AS TO ELEVENTH CLAIM FOR RELIEF**
**COMMON LAW UNJUST ENRICHMENT**

320.    In response to paragraph 320, Core-Mark reasserts all of its responses to paragraphs 1 through 251 as stated herein.

321.    Core-Mark denies the allegations in paragraph 321.

322.    Core-Mark denies the allegations in paragraph 322.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

323.    The Seventh Amended Complaint, on one or more counts set forth therein, fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

324.    Defendant Core-Mark acted in good faith at all times.

325.    Defendant Core-Mark reasonably believed that the subject 5-HOUR ENERGY product that it purchased from Defendant Baseline Distribution, Inc., which bore Plaintiffs' trademark, was authentic and genuine, and not counterfeit.

326.    Defendant Core-Mark reasonably believed that the subject 5-HOUR ENERGY product that it purchased from Defendant Purity Wholesale Grocers, which bore Plaintiffs' trademark, was authentic and genuine, and not counterfeit.

327.    In its purchase, sale, and distribution of the subject 5-HOUR ENERGY product, Core-Mark acted neither with willful deception nor scienter that the alleged infringing goods were counterfeit or would likely cause confusion.

328.    The claims made in the Seventh Amended Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

US_ACTIVE:\44204528\3\39021.0034

## THIRD AFFIRMATIVE DEFENSE

329.    The claims in the Seventh Amended Complaint are barred, in whole or in part, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

330.    The claims in the Seventh Amended Complaint are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

331.    Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, due to Plaintiffs' delay in giving notice to the trade as to its belief that counterfeit products had entered the marketplace.

## SIXTH AFFIRMATIVE DEFENSE

332.    The claims in the Seventh Amended Complaint are barred, in whole or in part, by the doctrines of waiver, acquiescence and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

333.    The claims in the Seventh Amended Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic or otherwise not protectable.

## EIGHTH AFFIRMATIVE DEFENSE

334.    The claims in the Seventh Amended Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## NINTH AFFIRMATIVE DEFENSE

335.    Plaintiffs' claims against Core-Mark are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Core-Mark.

US_ACTIVE:\44204528\3\39021.0034

## TENTH AFFIRMATIVE DEFENSE

336.     Plaintiffs' claims against Core-Mark are barred, in whole or in part, because Plaintiffs are using their 5-HOUR ENERGY trademarks to create a monopoly for themselves and eliminate secondary market competition in distributing the 5-HOUR ENERGY product rather than to protect their trademarks.  Plaintiffs' actions are both in violation of the antitrust laws and unfair and amount to trademark misuse.

## ELEVENTH AFFIRMATIVE DEFENSE

337.     Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs cannot show they will suffer any irreparable harm from Core-Mark's actions.

## TWELFTH AFFIRMATIVE DEFENSE

338.     The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

339.     The claims in the Seventh Amended Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## FOURTEENTH AFFIRMATIVE DEFENSE

340.     Without admitting that the Seventh Amended Complaint are states any claims, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## FIFTEENTH AFFIRMATIVE DEFENSE

341.     The claims in the Seventh Amended Complaint are subject to dismissal based upon documentary evidence.

US_ACTIVE:\44204528\3\39021.0034

**WHEREFORE**, Core-Mark demands judgment as follows:

(a)  Dismissing the Seventh Amended Complaint in its entirety and each and every claim for relief against Core-Mark thereon, and awarding costs incurred in defending against the Seventh Amended Complaint; and

(b) Granting Core-Mark such other and further relief which this Court may deem just and proper.

Dated:  New York, New York
        March 11, 2013

                              Respectfully submitted,
                              WEIL, GOTSHAL & MANGES LLP

                        By:   /s/ Randi W. Singer
                              Randi W. Singer
                              767 Fifth Avenue
                              New York, New York 10153
                              (212) 310-8000 (Telephone)
                              (212) 310-8007 (Fax)

                              *Attorneys for Defendant Core-Mark*
                              *International, Inc.*

34