**Weil, Gotshal & Manges LLP**

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Randi W. Singer**
+1 (212) 310-8152
randi.singer@weil.com

March 11, 2013

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Room S905
Brooklyn, New York 11201

Re: **Innovation Ventures, LLC et al. v. Ultimate One Distributing Corp., et al., No. 12 Civ. 5354**

Dear Judge Matsumoto:

We write to request a pre-motion conference on Core-Mark International, Inc.'s ("Core-Mark") proposed partial motion to dismiss Plaintiffs' Seventh Amended Complaint (the "Motion") in the above-captioned litigation for failure to state a claim as to certain causes of action under Federal Rule of Civil Procedure 12(b)(6). Pursuant to the Court's Chambers Practices, this letter sets forth the basis for the partial motion to dismiss and a proposed briefing schedule and, accordingly, constitutes timely service of a motion pursuant to Federal Rule of Civil Procedure 12(b). Chambers Practices at § IV.B.1.

Core-Mark is a Fortune 500 company that provides sales and marketing, distribution and logistics services to retail locations. Plaintiffs' Seventh Amended Complaint (the "Complaint") alleges that during retail location inspections in Arizona, California and Nevada, a private investigator purchased bottles of allegedly counterfeit 5-HOUR ENERGY merchandise and was informed that the 5-HOUR ENERGY merchandise was provided by Core-Mark. Complaint ¶¶ 172-182. The Complaint acknowledges that, after Core-Mark first received notice of potentially infringing product through this Court's temporary restraining order, Core-Mark cooperated and quarantined almost 700,000 allegedly counterfeit bottles of 5-HOUR ENERGY product. *Id.* at ¶ 183; *see also* Stipulation (Docket No. 161). Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products in the marketplace prior to receiving the Complaint. Stipulation at ¶ 1. Based solely on the foregoing, Plaintiffs assert eleven claims against Core-Mark and all other Defendants. Complaint at ¶¶ 252-322.

Plaintiffs allege all claims as against all Defendants. But, for nine of those claims, they have failed to state facially plausible claims against Core-Mark and those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"). Fed. R. Civ. P. 8(a) requires that "a complaint against multiple defendants indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. Astrazeneca AB*, No. 10 Civ. 6062(PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) (Chin, J.). Plaintiffs

**Weil, Gotshal & Manges LLP**

March 11, 2013
Page 2

make no such distinctions among the over 70 named Defendants in the Complaint. Despite their seven attempts at a proper pleading, the hundreds of pages of discovery provided by Core-Mark and the nearly five months since the original complaint, Plaintiffs still fail to sufficiently plead their allegations. The deficiencies of each of Plaintiffs' unsupported claims against Core-Mark will be discussed in turn.

Count II – Federal Trademark Infringement (15 U.S.C. § 1114(1)(b)): Plaintiffs fail to state a claim under Section 1114(1)(b) of the Lanham Act because they fail to allege that Core-Mark "reproduce[d], counterfeit[ed], cop[ied], or colorably imitate[d] a registered mark." 15 U.S.C. § 1114(1)(b); *see* Complaint ¶¶ 172-183, 258-263. There are no allegations that Core-Mark applied any counterfeit marks to labels, signs, prints, etc. and, moreover, there is no allegation of any intent to cause confusion, mistake or to deceive, as required for damages. 15 U.S.C. § 1114(1)(b); *see* Stipulation ¶ 1 (Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products in the marketplace).

Count III – Contributory Trademark Infringement: Plaintiffs fail to properly allege a claim of contributory trademark infringement against Core-Mark because they do not and cannot allege sufficient facts to indicate that Core-Mark either intentionally induced other parties to infringe the 5-HOUR ENERGY marks or that Core-Mark continued to supply its services to persons whom they knew or had reason to know were infringing. *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d, 93, 106 (2d Cir. 2010); *see also* Complaint ¶¶ 172-183, 264-271. In fact, as set forth in the Stipulation, Core-Mark ceased distribution of any 5-HOUR ENERGY product meeting Plaintiffs' indicia as soon as it was notified of the potentially counterfeit merchandise. *See* Stipulation ¶ 4.

Count VI – Federal Dilution of Mark and Count VIII New York Dilution of Mark and Injury to Business Reputation: Plaintiffs' trademark dilution claim fails because it does not make the requisite pleadings under the 2006 Trademark Dilution Revision Act ("TDRA"), which requires Plaintiffs to demonstrate that their marks are famous through four factors, which include "the extent of actual recognition of the mark." 15 U.S.C. § 1125(c). The TDRA "restrict[s] dilution causes of action to those few truly famous marks like Budweiser beer, Camel cigarettes [and] Barbie Dolls." *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods*, No. 12 Civ. 3599(RWS), 2012 WL 3240442, at *8 (S.D.N.Y. Aug. 7, 2012). Plaintiffs must demonstrate that their marks are "almost universally recognized by the general public" and conclusory allegations that a mark is well-recognized by the public are insufficient. *Id.* As Plaintiffs fail to sufficiently allege their 5-HOUR Energy marks are sufficiently famous and instead make only conclusory allegations as to their notoriety, *see* Complaint ¶¶ 106, 108-110, 285-292, their federal dilution claim fails. Similarly, Plaintiffs' state law claim of injury to business reputation and dilution under GBL § 360-l, *id.* at ¶¶ 302-308, also fails as only "extremely strong marks" are entitled to protection. *Johnson & Johnson v. Am. Nat. Red Cross*, 552 F. Supp. 2d 434, 447 (S.D.N.Y. 2008).

Count VII – Federal Copyright Infringement: Plaintiffs' copyright infringement claim against Core-Mark fails because Plaintiffs have not sufficiently alleged that Core-Mark infringed Plaintiffs' work. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) ("plaintiff [must] plead with specificity the acts by which a defendant has committed copyright infringement"); *see also* Complaint ¶¶ 172-183, 293-301. Plaintiffs' allegation that Core-Mark "secondarily infringed" their copyright, *id.* at ¶ 297, also fails because they do not allege that Core-Mark knowingly induced, caused or materially contributed to a third party's infringing conduct. *Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*, No.

**Weil, Gotshal & Manges LLP**

March 11, 2013
Page 3

08 Civ. 5463(CM), 2011 WL 744732, at *4 (S.D.N.Y. Mar. 1, 2011); see Stipulation ¶ 1 (Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products).

Count IX – New York Deceptive Business Practice: Plaintiffs fail to state a claim under GBL § 349 as they fail to allege that the allegedly deceptive practices or acts at issue occurred within New York. *See Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 8 (2d Cir. 2012) (affirming dismissal where "plaintiff[s] do not allege any 'intrastate transaction' that caused [them] harm"); *see also* Complaint ¶¶ 172-183, 309-314 (indicating that allegations against Core-Mark relate to conduct in Arizona, California and Nevada). Further, New York courts have held that trademark infringement claims are not cognizable under GBL § 349 "unless there is a specific and substantial injury to the public interest *over and above ordinary trademark infringement*." *Nomination Di Antoni v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959(DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009) (emphasis in original). Plaintiffs have failed to allege adequate injury above trademark infringement and, coupled with the out-of-state nature of their allegations against Core-Mark, warrant dismissal of Plaintiffs' claim under GBL § 349.

Count X – Common Law Unfair Competition: Plaintiffs' unfair competition claim fails because New York requires a showing of bad faith. *Technomarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790(KBF), 2012 WL 5278539, at *10 (S.D.N.Y. Oct. 24, 2012). Plaintiffs claim should be dismissed because they do not and cannot allege such bad faith on behalf of Core-Mark. Complaint ¶¶ 172-183, 315-319; *see* Stipulation at ¶ 1 (Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products).

Count XI – Common Law Unjust Enrichment: Plaintiffs fail to state a claim for unjust enrichment because Plaintiffs do not and cannot properly allege that Core-Mark was enriched at Plaintiffs' expense. *See In re JetBlue Privacy Litig.*, 379 F. Supp. 2d 299, 329 (E.D.N.Y. 2005). Plaintiffs fail to allege that they "conferred a benefit on [Core-Mark], thereby resulting in [Core-Mark's] unjust enrichment." *Id.*; Complaint ¶¶ 172-183, 320-322. In fact, Core-Mark quarantined and turned over to Plaintiffs bottles of 5-HOUR ENERGY product bearing the indicia identified by Plaintiffs. Complaint ¶ 183.

Accordingly, as demonstrated above, the Unsupported Claims should be dismissed. Core-Mark proposes that it file its motion to dismiss by April 5, 2013, that Plaintiffs file a response by April 26, 2013 and that Core-Mark's reply is filed by May 3, 2013. However, if settlement discussions progress, Core-Mark would be willing to postpone this briefing schedule. If you have any questions regarding any of the above or related to the briefing scheduling, please do not hesitate to contact the undersigned.

Respectfully submitted,

/s/ Randi W. Singer

Randi W. Singer

cc: Counsel of Record (via ECF)