UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------- X
:
INNOVATION VENTURES, LLC and :
LIVING ESSENTIALS, LLC,         :   12 Civ. 5354 (KAM)
:
              Plaintiffs,   :
:   **UNIVERSAL WHOLESALE AND**
     -against-              :   **JOSEPH SEVANY'S THIRD-**
:   **PARTY CLAIM AGAINST DAN**
ULTIMATE ONE DISTRIBUTING CORP., :   **DEE COMPANY, INC. AND KEVIN**
ET AL.                          :   **ATTIQ**
:
              Defendants.   :
--------------------------------------------- X

    Defendants, Universal Wholesale, Inc. ("Universal"), and Joseph Sevany ("Sevany"), by and through their undersigned counsel, for their Third-Party Claim Against Dan Dee Company, Inc., state as follows:

## GENERAL ALLEGATIONS

    1.    Defendant, Universal Wholesale, Inc., is a Michigan corporation, with its principal place of business located in Southfield, Michigan.

    2.    Defendant, Joseph Sevany, is an in individual residing in Michigan.

    3.    Third-Party Defendant, Dan Dee Company, Inc., is a California corporation, with its principal place of business located in Spring Valley, California.

    4.    Third-Party Defendant, Kevin Attiq ("Attiq"), is an officer and owner of Third-Party Defendant, Dan Dee Company, Inc., and resides in California.

    5.    Plaintiffs have filed a Complaint in which they make allegations against Universal and Sevany related to goods purchased by Universal from Third-

Party Defendant, Dan Dee Company, Inc. ("Dan Dee").

6. Co-Defendant, Quality King Distributor, Inc. ("Quality King") has alleged a Cross-Claim against Universal and Sevany related to goods purchased by Universal from Dan Dee.

7. This Court has jurisdiction in that Universal and Sevany are entitled to indemnity from Dan Dee and Attiq for the claims asserted in this action against Universal and Sevany by Plaintiffs and Quality King. Additionally, the claims arise out of Dan Dee's and Attiq's participation in the sale of products intended for resale in the State of New York.

## COUNT I – INDEMNIFICATION
## (UNIVERSAL AND SEVANY AGAINST DAN DEE)

8. Third-Party Plaintiffs Universal and Sevany reallage the allegations made in paragraphs 1 through 7 above as if fully incorporated at this point.

9. The claims asserted by Plaintiffs in this action against Universal and Sevany are based on the alleged counterfeit nature of goods that were purchased by Universal from Dan Dee Company.

10. Dan Dee issued the invoice attached hereto as **Exhibit A** to Universal.

11. Universal purchased from Dan Dee the products identified in the invoice attached as **Exhibit A** and has paid that invoice in full.

12. The products identified in **Exhibit A** as "Five-Hour Energy Extra Strength," "Five-Hour Energy Orange," and "Five-Hour Energy Berry" are the goods that Plaintiffs in their claims against Universal and Sevany, have asserted were

counterfeit in nature, and are hereinafter referred to as "the goods."

13. Pursuant to UCC § 2-312, Dan Dee warranted that the goods purchased by Universal were free of any claim by a third-party for trademark infringement, trade dress infringement, copyright infringement, or the like.

14. Pursuant to UCC § 2-314, Dan Dee warranted that the goods purchased by Universal would be merchantable.

15. Dan Dee was a merchant with respect to the goods that Universal purchased from it.

16. If the allegations in Plaintiff's' Complaint against Universal and Sevany that the goods that Universal purchased from Dan Dee and resold were counterfeit are true, then Dan Dee breached its warranty under UCC § 2-312, that the goods would be free from any claim of trademark infringement or copyright infringement, and breached its warranty under UCC § 2-314 that the goods would be merchantable.

17. Dan Dee accomplished the sale to Universal and breached its warranties by selling the alleged counterfeit goods in a manner that allegedly infringed the trade dress of Plaintiffs' products and allegedly infringed the copyright in the labels on Plaintiffs' products so that purchasers and their agents, such as Universal and Sevany, were led to believe the goods were genuine. Had the

goods not been packaged in such a manner as to make it appear to be a genuine product manufactured by Plaintiffs, Universal would not have made the purchase, nor would Universal have re-sold the goods.

18. Dan Dee utilized the trade dress, trademarks and labeling of Plaintiffs in order to sell the alleged counterfeit goods not only to Universal, but also to sell similar products to large numbers of customers throughout the United States.

19. As a result of Dan Dee's breach of its warranties, Universal and its agents, including Sevany, are entitled to indemnification from Dan Dee for all costs and attorney fees incurred in defending the claims brought by Plaintiffs. Additionally, Universal and Sevany are entitled to indemnification for any liability they may incur to Plaintiffs either by way of settlement or judgment in this action, including any costs, attorney fees, damages, assessments and/or obligations of any kind.

20. Furthermore, Quality King, has brought a Cross-Claim against Universal and Sevany alleging the goods purchased by Universal from Dan Dee and resold to Quality King is a cause in part of Plaintiffs' claims against Quality King in this action.

21. The breach of Dan Dee's warranty under UCC § 2-312, and the breach of its warranty under UCC § 2-314 also entitles Universal and Sevany to indemnification from Dan Dee for all costs and attorney fees incurred in defending the claims of Quality King. Additionally, Universal and Sevany are entitled to indemnification from Dan Dee for any liability they may incur to Quality King by

way of settlement or judgment in this action, including any costs, attorney fees, damages, assessments and/or obligations of any kind.

WHEREFORE, Universal and Sevany request this Honorable Court to enter judgment in their favor on their Cross-Claim against Dan Dee, and:

A. To declare and award judgment in favor of Universal and Sevany against Dan Dee requiring Dan Dee to indemnify Universal and Sevany for all costs and attorney fees incurred in defending the actions brought by Plaintiffs, and by Cross-Plaintiff, Quality King, and to require Dan Dee to indemnify Universal and Sevany for any liability they may incur to Plaintiffs and/or to Cross-Plaintiff, including costs, attorney fees, damages, and assessments and/or obligations of any kind.

B. To award Universal and Sevany such further relief as the Court deems just and appropriate, including costs, interest, and attorney fees.

## COUNT II – NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (UNIVERSAL AGAINST DAN DEE AND ATTIQ)

22. Universal realleges the allegations made in paragraphs 1 through 21 above as if fully incorporated at this point.

23. Universal purchased the goods from Dan Dee for the purpose of re-selling the goods to third-parties, and in fact, Universal had pre-sold most of the goods to third-parties.

24. In connection with the sale of the goods to Universal, Kevin Attiq acted as the agent for Dan Dee.

5

25. Dan Dee and Attiq knew that Universal intended to re-sell the goods to third-parties and knew that Universal had entered into contracts with third-parties for the purpose of re-selling the goods.

26. Dan Dee and Attiq were aware or should have been aware that if they did not act with due care to ensure the goods were not counterfeit, their actions would interfere with Universal's relationships with its customer, and cause Universal to lose the economic benefit of its re-sale agreements with its customers.

27. Dan Dee and Attiq were negligent in that, despite having reasons to suspect the origin of the goods they sold to Universal, Dan Dee and Attiq failed to verify the origin and source of the goods, and failed to verify the genuineness of the goods.

28. Dan Dee's and Attiq's negligence caused damage to Universal by virtue of the fact that customers have demanded refunds of their payments for the re-sold goods and have brought suit against Universal.

WHEREFORE, Universal requests this Honorable Court to enter judgment in its favor against Third-Party Defendants Dan Dee and Kevin Attiq, and to award Universal its damages including loss of the sales price on re-sales to third-parties, attorney fees and costs incurred in defending claims brought by such third-parties, and any and all liability or damages Universal may have to such third-parties.

## COUNT III – BREACH OF WARRANTY – DAMAGES
## (UNIVERSAL AGAINST DAN DEE)

29. Third-Party Plaintiff, Universal realleges the allegations made in

6

paragraphs 1 through 28 above as if fully incorporated at this point.

30. Pursuant to UCC § 2-312, Dan Dee warranted that the goods purchased by Universal were free of any claim by a third-party for trademark infringement, trade dress infringement, copyright infringement, or the like.

31. Pursuant to UCC § 2-314, Dan Dee warranted that the goods purchased by Universal would be merchantable.

32. Dan Dee breached its warranties to Universal.

33. Universal paid Dan Dee $100,968.00 for the goods.

34. As a result of Dan Dee's breaches of its warranties under UCC § 2-312 and § 2-314, Universal has incurred damages in the amount of the purchase price paid for the goods, plus consequential and incidental damages, including lost profits, costs, and attorney fees, and potential liability resulting from the re-sale of the goods and/or the inability to re-sell the goods.

WHEREFORE, Universal requests this Honorable Court to enter judgment in its favor on its Third-Party Claim against Dan Dee, and to award Universal:

A. Any and all damages, including the full amount of the purchase price it paid to Dan Dee for the goods in the amount of $100,968.00, plus all consequential and incidental damages resulting from the re-sale of the goods purchased from Dan Dee and/or the inability to re-sell the goods.

B. To award Universal such further relief as the Court deems just and appropriate, including costs, interest, and attorney fees.

## COUNT IV – CONTRIBUTION AND/OR INDEMNITY WITH RESPECT TO CLAIMS AGAINST THIRD-PARTY PLAINTIFFS FOR UNFAIR COMPETITION

### (UNIVERSAL AND SEVANY AGAINST DAN DEE AND ATTIQ)

35. Universal and Sevany realleges the allegations made in paragraphs 1 through 34 above as if fully incorporated at this point.

36. Plaintiffs and Quality King have asserted claims of unfair competition against Universal and Sevany.

37. Universal and Sevany deny any liability for unfair competition or for any of the claims made by Plaintiffs and Quality King.

38. Universal and Sevany are entitled to indemnity from Dan Dee and Attiq for the reason that the alleged liability of Universal and Sevany for unfair competition was caused by the actions of Attiq and Dan Dee.

39. To the extent any liability is found against Universal and Sevany, Universal and Sevany are entitled to contribution from Dan Dee and Attiq in accordance with the degree of negligence and fault attributed to Dan Dee and Attiq.

WHEREFORE, Universal and Sevany request this Honorable Court to enter judgment in their favor and against Dan Dee and Attiq declaring that Dan Dee and Attiq must indemnify and/or contribute to Universal and Sevany for any liability they may incur to Plaintiffs and/or Cross-Plaintiffs, either by way of settlement or

judgment in this action, including any costs, attorney fees, damages, assessments and/or obligations of any kind.

                        Respectfully Submitted,

                        PLUNKETT COONEY

By: /s/ Michael J. Barton (P34509)
     Michael J. Barton
     Megan P. McKnight
     Chiara M. Mattieson
     38505 Woodward Avenue, Suite 2000
     Bloomfield Hills, MI 48304
     (248) 901-4000
     Attorneys for Defendants Universal
     Wholesale, Inc. and Joseph Sevany
     mbarton@plunkettcooney.com

Dated: March 20th, 2013

**PROOF OF SERVICE**

The undersigned certifies that on the 20 day of March, 2013, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery   ☐ Overnight mail
☐ U.S. Mail       ☐ Facsimile
☐ Email           ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/  Michael J. Barton  (P34509)
_____
Michael J. Barton  (P34509)
Megan P. McKnight
Chiara M. Mattieson
Attorney for Defendants
Universal Wholesale, Inc. and
Joseph Sevany, Sr., a.k.a. Joe Zaitouna
38505 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI 48304
Telephone:  248-901-4000
Facsimile:  248-901-4040
mbarton@plunkettcooney.com

Open.22666.23502.12663276-1