UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INNOVATION VENTURES, LLC, et al,

                    Plaintiffs,

          -against-

ULTIMATE ONE DISTRIBUTING CORP., et al,

                    Defendants.

1:12-cv-05354-KAM-RLM

HON. Kiyo A. Matsumoto

---

### THE MIDWEST DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S SEVENTH AMENDED COMPLAINT

**and**

### FIRST AMENDED AFFIRMATIVE AND SPECIAL DEFENSES

**and**

### FIRST AMENDED COUNTERCLAIM AGAINST PLAINTIFFS

**and**

### FIRST AMENDED CROSS CLAIM AGAINST BAJA, JOSEPH SHAYOTA, ADRIANA SHAYOTA, LESLIE ROMAN, ONE STOP LABEL CORPORATION AND JUAN ROMERO

**and**

### FIRST AMENDED THIRD-PARTY CLAIM AGAINST ROBERT MCCORMACK

## THE MIDWEST DEFENDANTS' FIRST AMENDED ANSWER TO
## PLAINTIFF'S SEVENTH AMENDED COMPLAINT

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil aka Wally Jamil; Raid Jamil a/k/a Brian Jamil; Justin Shayota; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, the "Midwest Defendants") state for their First Amended Answer to Plaintiffs' Seventh Amended Complaint as follows:

### THE NATURE OF THE ACTION

1.  The Midwest Defendants deny the allegations as untrue to the extent they are asserted against them.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

2.  The Midwest Defendants deny the allegations as untrue to the extent they are asserted against them.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

3.  The Midwest Defendants deny that they are "criminal counterfeiters." Further answering, the Midwest Defendants neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

4.  No answer is required in response to this allegation.  To the extent the Court deems an answer required, the Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

5.  The Midwest Defendants deny the allegations that are asserted against them as untrue.  Further answering, the Midwest Defendants neither admit nor deny the allegations to the

extent they are asserted against other named defendants because the Midwest Defendants lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

6.   The Midwest Defendants deny as untrue that they delivered "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

7.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

8.   The Midwest Defendants deny as untrue that they shipped "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

9.   The Midwest Defendants deny as untrue that they possessed "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

10. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

## THE PARTIES

11. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

12. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

13. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

14. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

15. No answer is required in response to this allegation.

**Previously Named Defendants**

16. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

17. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

18. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

19. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

20. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

21. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

22. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

23. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

24. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

25. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

26. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

27. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

28. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

29. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

30. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

31. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

32. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

33. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

34. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

35. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

36. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

37. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

38. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

39. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

40. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

41. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

42. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

43. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

44. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

45. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

46. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

47. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

48. The Midwest Defendants admit that Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with facilities in Troy, Michigan and San Diego, California, but deny the remaining allegations as untrue.

49. The Midwest Defendants admit only that Justin Shayota and Walid Jamil are related, that Justin Shayota is an owner of Midwest and Walid Jamil provides certain services to Midwest as an independent contractor, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

50. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

51. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

52. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

53. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

54. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

55. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

56. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

57. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

58. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

59. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

60. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

61. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

62. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

63. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

64. The Midwest Defendants deny as untrue that they shipped "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

65. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

66. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

67. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

68. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

69. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

70. The Midwest Defendants admit that JT Wholesale, Inc. ("JT Wholesale") is a California corporation with its principal place of business located in San Diego, California, but denies that it participated in any "counterfeiting conspiracy."

71. The Midwest Defendants admit that Justin Shayota is the sole shareholder, director and officer of JT Wholesale, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

72. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

73. The Midwest Defendants admit that Walid and Raid Jamil are part owners of MCR Innovations and Packaging, Inc. ("MCR Innovations"), but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

74. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

75. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

76. The Midwest Defendants admit that Trimexico Inc. ("Trimexico") is a California corporation with facilities in El Centro, California and Sterling Heights, Michigan, but deny that they participated in any "counterfeiting conspiracy."

77. The Midwest Defendants admit that Justin Shayota and Walid Jamil are principals of Trimexico, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

78. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

79. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

80. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Defendants Newly Named in The Seventh Amended Complaint**

81. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

82. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

83. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

84. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

85. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

86. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

87. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

88. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

## JURISDICTION AND VENUE

89. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

90. The Midwest Defendants deny the allegations as untrue.

91. The Midwest Defendants deny the allegations as untrue.

## FACTUAL ALLEGATIONS

92. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

93. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

94. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

95. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

96. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

97. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

98. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

99. The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

100.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

101.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

102.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

103.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

104.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

105.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

106.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

107.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

108.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

109.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

110.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Living Essentials' Discovery of Counterfeit Product**

111.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

112.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

113.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

114.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

115.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

116.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

117.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Living Essentials' Investigation and Court-Ordered Discovery Connects Defendants With The Counterfeits And Reveals The Factory Where They Were Packaged**

118.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

119.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

120.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

121.    The Midwest Defendants deny as untrue that they shipped or sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

122.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

123.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

124.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

125.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

126.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants Midwest; Baja Exporting; JT Wholesale, Inc.; MCR Innovations and Packaging, Inc.; MCR Printing and Packaging Corp.; Trimexico Inc.; Justin Shayota; Walid Jamil; Joseph Shayota; Adriana Shayota; Raid Jamil; Mario Ramirez; Camilo Ramirez; and Naftaunited.com***

127.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

128.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

129.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

130.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

131.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

132.    The Midwest Defendants deny the allegations as untrue.

133.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

134.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

135.    The Midwest Defendants deny that Midwest produced any "counterfeits," but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

136.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

137.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

138.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

139.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

140.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

141.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

142.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

143.    The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

144.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

145.    The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

146.    The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.

147.    The Midwest Defendants deny as untrue that they engaged in any unlawful conduct.  Further answering, the Midwest Defendants deny any ownership stake in, or control of, MCR Printing and Packaging Corp.

148.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Leslie Roman, Donna Roman and Flexopack***

149.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

150.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

151.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

152.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

153.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

154.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

155.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### *Involvement of Defendant One Stop Label Corporation*

156.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

157.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

158.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

159.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Juan Romero, Nutrition Private Label, Inc. and Advanced Nutraceutical Manufacturing LLC***

160.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

161.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

162.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

163.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Ultimate One Distributing Corp.; Gulam Najimi, a.k.a. Ghulamali Ali Najimi; Wally Najimi, a.k.a. Ahmed Wally Najimi; Price Master Corp.; and Abdul Satar Najimi***

164.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

165.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

166.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

167.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

168.     The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants Excel Wholesale Distributors, Inc. and Farid Tursonzadah, a.k.a. Farid Turson***

169.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

170.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

171.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Core-Mark International, Inc.***

172.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

173.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

174.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

175.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

176.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

177.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

178.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

179.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

180.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

181.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

182.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

183.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Heights Deli And Company; Richmond Wholesale Company, Inc.; and Saquib Khan***

184.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

185.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

186.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

187.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

188.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

189.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

190.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Involvement Of The 7-Eleven Defendants**

191.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

192.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

193.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

194.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

195.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

196.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

197.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Involvement Of Defendant Prestige Mobil**

198.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

**Involvement Of Defendant Kaival Deli & Catering**

199.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Valero Retail Holdings, Inc.*

200.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

201.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

202.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Nevins Gourmet*

203.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendants New Island Deli, Delta Distribution Services Corp., Empire Trade Wholesale Corp., And Sulaiman S. Aamir*

204.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

205.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

206.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

207.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

208.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendant Brothers Trading Co., Inc. d/b/a Victory Wholesale Grocers*

209.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

210.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendant Quality King Distributors, Inc.*

211.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

212.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

213.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

214.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendants Baseline Distribution, Inc. and David Flood*

215.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

216.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement of Defendants Moa Trading, Inc. and Mark K. Lee*

217.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

218.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

219.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

220.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

221.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

222.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### Involvement Of Defendant Capital Sales Company

223.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

224.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

### Involvement Of Defendants Elegant Trading, Inc. and Ahmed Bhimani

225.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

226.    The Midwest Defendants deny that they sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

227.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendants Food Distributors International, Inc. and Scott Tilbrook***

228.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

229.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

230.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

231.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Top Choice Trading USA, Inc.***

232.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

233.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

234.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement Of Defendant Universal Wholesale, Inc. and Joseph Sevany, Sr. a.k.a. Joe Zaitouna***

235.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

236.    The Midwest Defendants deny that they sold "counterfeit" product, but neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

237.    The Midwest Defendants deny as untrue the allegations that Walid Jamil is a principal of Midwest or one of the "kingpins" of any conspiracy.  To the extent the allegations in paragraph 237 refer to specific documents, the Midwest Defendants neither admit nor deny the allegations as the referenced documents speak for themselves and constitute the best evidence of their contents.    The Midwest Defendants neither admit nor deny the remaining allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

238.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

239.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Purity Wholesale Grocers, Inc.*

240.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

241.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

242.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

*Involvement Of Defendant Shah Distributors, Inc. and Arvind Shah*

243.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

244.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

245.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants Steerforth Trading, Inc. a.k.a. Steer Forth Trading, Inc. and Isaac Anzaroot***

246.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

247.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

248.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Akshar Services LLC a.k.a. Perfume Shower***

249.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendant Mike Wholesale a.k.a Mikes-Wholesale.com***

250.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

***Involvement of Defendants John Does 1-10***

251.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114(1)(a))

252.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

253.    The Midwest Defendants deny the allegations as untrue.

254.   The Midwest Defendants deny the allegations as untrue.

255.   The Midwest Defendants deny the allegations as untrue.

256.   The Midwest Defendants deny the allegations as untrue.

257.   The Midwest Defendants deny the allegations as untrue.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114(1)(b))

258.   The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

259.   The Midwest Defendants deny the allegations as untrue.

260.   The Midwest Defendants deny the allegations as untrue.

261.   The Midwest Defendants deny the allegations as untrue.

262.   The Midwest Defendants deny the allegations as untrue.

263.   The Midwest Defendants deny the allegations as untrue.

## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT

264.   The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

265.   The Midwest Defendants deny the allegations as untrue.

266.   The Midwest Defendants deny the allegations as untrue.

267.   The Midwest Defendants deny the allegations as untrue.

268.   The Midwest Defendants deny the allegations as untrue.

269.   The Midwest Defendants deny the allegations as untrue.

270.   The Midwest Defendants deny the allegations as untrue.

271.   The Midwest Defendants deny the allegations as untrue.

## FOURTH CLAIM FOR RELIEF
## FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE

272.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

273.    The Midwest Defendants deny the allegations as untrue.

274.    The Midwest Defendants deny the allegations as untrue.

275.    The Midwest Defendants deny the allegations as untrue.

276.    The Midwest Defendants deny the allegations as untrue.

277.    The Midwest Defendants deny the allegations as untrue.

## FIFTH CLAIM FOR RELIEF
## FEDERAL FALSE ADVERTISING

278.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

279.    The Midwest Defendants deny the allegations as untrue.

280.    The Midwest Defendants deny the allegations as untrue.

281.    The Midwest Defendants deny the allegations as untrue.

282.    The Midwest Defendants deny the allegations as untrue.

283.    The Midwest Defendants deny the allegations as untrue.

284.    The Midwest Defendants deny the allegations as untrue.

## SIXTH CLAIM FOR RELIEF
## FEDERAL DILUTION OF MARK

285.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

286.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

287.    The Midwest Defendants deny the allegations as untrue.

288.    The Midwest Defendants deny the allegations as untrue.

289.    The Midwest Defendants deny the allegations as untrue.

290.    The Midwest Defendants deny the allegations as untrue.

291.    The Midwest Defendants deny the allegations as untrue.

292.    The Midwest Defendants deny the allegations as untrue.

## SEVENTH CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRINGEMENT

293.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

294.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

295.    The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

296.    The Midwest Defendants deny the allegations as untrue.

297.    The Midwest Defendants deny the allegations as untrue.

298.    The Midwest Defendants deny the allegations as untrue.

299.    The Midwest Defendants deny the allegations as untrue.

300.    The Midwest Defendants deny the allegations as untrue.

301.    The Midwest Defendants deny the allegations as untrue.

## EIGHTH CLAIM FOR RELIEF
## NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

302.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

303.   The Midwest Defendants neither admit nor deny the allegations because they lack sufficient knowledge or information to form an opinion as to the truth of those allegations.

304.   The Midwest Defendants deny the allegations as untrue.

305.   The Midwest Defendants deny the allegations as untrue.

306.   The Midwest Defendants deny the allegations as untrue.

307.   The Midwest Defendants deny the allegations as untrue.

308.   The Midwest Defendants deny the allegations as untrue.

## NINTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES

309.   The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

310.   The Midwest Defendants deny the allegations as untrue.

311.   The Midwest Defendants deny the allegations as untrue.

312.   The Midwest Defendants deny the allegations as untrue.

313.   The Midwest Defendants deny the allegations as untrue.

314.   The Midwest Defendants deny the allegations as untrue.

## TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

315.   The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

316.   The Midwest Defendants deny the allegations as untrue.

317.   The Midwest Defendants deny the allegations as untrue.

318.   The Midwest Defendants deny the allegations as untrue.

319.   The Midwest Defendants deny the allegations as untrue.

## ELEVENTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT

320.    The Midwest Defendants incorporate and restate their foregoing answers as though fully set forth herein.

321.    The Midwest Defendants deny the allegations as untrue.

322.    The Midwest Defendants deny the allegations as untrue.

## THE MIDWEST DEFENDANTS' FIRST AMENDED AFFIRMATIVE
## AND SPECIAL DEFENSES TO PLAINTIFF'S SEVENTH AMENDED COMPLAINT

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; Raid Jamil a/k/a Brian Jamil; Justin Shayota; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, "Midwest Defendants") state for their First Amended Affirmative and Special Defenses to Plaintiffs' Seventh Amended Complaint as follows:

1.    Plaintiffs' Seventh Amended Complaint fails to state a claim upon which relief may be granted and the Midwest Defendants are entitled to judgment as a matter of law.

2.    Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' fraud.

3.    Plaintiffs' claimed trademarks may not be protectable or enforceable.

4.    Plaintiffs' claimed trademarks may not be inherently distinctive and may not have acquired distinctiveness or secondary meaning in the marketplace.

5.    Even if cognizable as trademarks, the claimed trademarks are exceedingly weak and cannot be extended to enjoin competitors of non-identical marks.

6.    The Midwest Defendants are not using Plaintiffs' claimed trademark or any confusingly similar mark.

7.    The Midwest Defendants are causing no likelihood of confusion as to the source of their products or any affiliation with or endorsement by the Plaintiffs.

8.   The Midwest Defendants have not knowingly or willfully infringed any trademark or copyright of the Plaintiffs.  Any alleged infringement was inadvertent, not intentional or with Plaintiffs' permission.

9.   The Plaintiffs' copyrighted work is not a work of original authorship and is therefore not susceptible to registration and should be cancelled.

10. Plaintiffs' copyrighted work was not developed by the Plaintiffs and was otherwise widely available to manufacturers of dietary supplements.

11. Plaintiffs' copyright violates public policy and is therefore unenforceable.

12. Plaintiffs' claims may be barred entirely or partly by the doctrine of fair use.

13. Plaintiffs' claims may be barred entirely or partly by the doctrine of acquiescence.

14. Plaintiffs' claims for copyright infringement are barred, in whole or in part, because of defects in Plaintiffs' copyright registrations.

15. Plaintiffs are unable to enforce the alleged copyright because Plaintiffs abandoned the copyrighted material.

16. Plaintiffs may have unclean hands with regard to the subject matter of this action.

17. If it is proven that any products or materials advertised, sold or distributed by the Midwest Defendants infringed on any trademark, trade dress rights, or copyrights of the Plaintiffs in any way, then any such activity was done innocently, unintentionally, and without any intention to cause confusion, to cause mistake or to deceive.

18. If it is proven that any products advertised, sold or distributed by the Midwest Defendants infringed on any trademark or trade dress rights of Plaintiffs in any way, then any such activity was done without any knowledge or awareness of Plaintiffs' claims or asserted rights to any such marks or trade dress.

19. Any alleged copyright infringement was innocent, inadvertent, and unintentional.

20. The names, marks, trade dress claims, copyrights, and registrations asserted by the Plaintiffs against the Midwest Defendants in this case are being used to violate the antitrust laws of the United States.

21. The service of the summons and complaint in this case was the first notice to the Midwest Defendants of the claims and allegations asserted in the complaint against the Midwest Defendants.  The Midwest Defendants received no prior notice, cease and desist request, or other objection from Plaintiffs with respect to any advertising, sale or distribution of products allegedly incorporating marks, language, materials, copyrights, or trade dress in which Plaintiffs claim proprietary or exclusive rights.

22. Plaintiffs have sustained no damages attributable to any alleged copyright infringement.

23. Any claim for damages arising out of any alleged copyright infringement may be barred if the Midwest Defendants' first use of any allegedly infringing material took place prior to registration of any copyrights at issue in this case.

24. Plaintiffs' claims may be barred by failure of one or more conditions precedent.

25. Plaintiffs' claims may be barred by failure of one or more conditions subsequent.

26. Any alleged wrongful acts and/or incidents and/or occurrence and/or breaches complained of by Plaintiffs did not occur as stated by Plaintiffs or did not occur at all.

27. Plaintiffs' claims may be barred for lack of standing.

28. Plaintiffs' claims may be barred by the parole evidence rule.

29. Plaintiffs' claims may be barred because they failed to join all necessary parties.

30. Some or all of the claims may be barred by the statute of limitations.

31. Plaintiffs' claims are barred under the doctrine of unclean hands.

32. Upon information and belief, the alleged conduct, had it occurred, was authorized.

33. Plaintiffs' claims are barred by their failure to mitigate damages.

34. Plaintiffs' claims are barred by license, consent, acquiescence, waiver, laches and estoppel.

35. Plaintiffs' copyrights are unenforceable due to Plaintiffs' misuse.

36. The Midwest Defendants are not liable for copyright infringement for their use, if any, of the copyrighted works, because such use, if any, constituted fair use of the copyrighted works.

37. One or more of the copyright registrations that are allegedly infringed by the Midwest Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

38. The Midwest Defendants' alleged use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

39. Plaintiffs consented to the Midwest Defendants' use of Plaintiffs' copyrighted material under agreements between the Plaintiffs and their customers and/or former customers.

40. One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

41. Plaintiffs are not entitled to injunctive relief because any alleged injury to

42. Plaintiffs' damages are not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

43. The Midwest Defendants are not liable for copyright infringement to the extent their use of the copyrighted material, if any, is protected by Title II of the 1998 Digital Millennium Copyright Act, known as the Online Copyright Infringement Liability Limitation Act (OCILLA) (17 U.S.C. § 512).

44. Plaintiffs may lack standing to sue

45. The Midwest Defendants are not, and never were, major marketers of 5 Hour Energy.

46. The Midwest Defendants hereby give notice that they intend to rely upon such other and further affirmative and special defenses as may appear applicable through discovery proceedings and hereby reserve the right to amend their answer to reflect such other affirmative and special defenses.

## THE MIDWEST DEFENDANTS'
## FIRST AMENDED COUNTERCLAIM AGAINST PLAINTIFFS

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; and Justin Shayota (collectively, the "Midwest Parties" or "Counter-Plaintiffs") state for their First Amended Counterclaim against Plaintiffs as follows:

## PARTIES, JURISDICTION AND VENUE

1. Counter-Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2. Counter-Plaintiff Walid Jamil a/k/a Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3. Counter-Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4. Counter-Defendant Innovation Ventures, LLC is a Michigan limited liability company with its principal place of business located in Farmington Hills, Michigan.

5. Counter-Defendant Living Essentials, LLC is a Michigan limited liability company with its principal place of business located in Farmington Hills, Michigan.

6. Counter-Defendant International IP Holdings, LLC is a Michigan limited liability company with its principal place of business located in Bloomfield Hills, Michigan.

7. The Counter-Defendants are collectively referred to herein as "Living Essentials."

8. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

9. Midwest is a reputable re-packer and wholesale distributor of daily household products in Michigan and California.

10. Justin Shayota owns Midwest.

11. Justin Shayota is the nephew of Jamil. Jamil is not an officer, director or shareholder of Midwest, however, Jamil has assisted his nephew, Justin Shayota, in getting Midwest's business off the ground, and Jamil's personal residence serves as the resident agent office for Midwest.

12. At some point between May and July of 2011, Jamil participated in a telephone conference with Robert McCormack ("McCormack"), a high-ranking employee of Living Essentials, and Joseph Shayota ("Joe Shayota"), the owner of Baja Exporting, LLC and Tradeway International, Inc. d/b/a Baja Exporting (collectively, "Baja").

13. Baja is also owned by Joe Shayota's wife, Adriana Shayota.

14. At the time of the telephone conference, upon information and belief, Baja was an authorized distributor of 5 Hour Energy product ("5 Hour"). Baja represented that it had

exclusive rights to distribute and sell 5 Hour in Mexico, and non-exclusive rights to distribute and sell 5 Hour in the United States.

15. During the telephone conference, Joe Shayota communicated to McCormack that it was difficult to sell 5 Hour in Mexico. Jamil was informed during this call by Joe Shayota that Joe Shayota had already brought some 5 Hour from Mexico into the United States for sale and that he was in the process of transporting additional quantities.

16. McCormack directed Joe Shayota to arrange for transportation of the 5 Hour from Mexico to the United States and to engage a company to re-label and re-package 5 Hour from Spanish/Mexican labels to English/United States labels for sale in the United States. Baja hired Midwest for this purpose.

17. Midwest retained Leslie Roman ("Roman"), which the Midwest Parties understood to be an authorized supplier of 5 Hour boxes and English labels.

18. In fact, Roman represented to Jamil that Roman was an owner of One Stop Label and that Roman and One Stop Label made official 5 Hour labels and boxes.

19. As a result, Midwest hired Roman and One Stop Label, which began selling 5 Hour labels and boxes to Midwest.

20. In or around October of 2011, Roman directed Midwest to purchase a printer for coding and printing expiration dates. Based on this direction, Justin Shayota acquired a printer through Videojet Technologies, Inc. and other equipment, totaling $50,000, which was paid by Baja, along with the subsequent ink, equipment and other supplies.

21. Midwest commenced its re-labeling and re-packaging operations in or about November 2011. Once the product was labeled, it was packed for delivery back to Baja.

22. On November 23, 2011, Midwest issued its first 5-Hour invoice to Baja for 168 boxes of berry flavored 5 Hour for a total cost of $42,000.

23. On December 2, 2011, Midwest issued another invoice to Baja for 843 boxes of orange flavored 5 Hour and 795 boxes of berry flavored 5 Hour for a total cost of $409,500.

24. In late 2011 or early 2012, Joe Shayota informed Jamil that Baja lost its exclusive 5 Hour distributorship rights in Mexico. As a result, Joe Shayota directed Midwest to find a 5 Hour packer, *i.e.*, someone that could manufacture or make the 5 Hour product.

25. Thereafter, Roman represented to Jamil that Juan Romero was an authorized 5 Hour packer. Roman also said that he and Romero were partners.

26. Based on Roman's representation, Midwest hired Romero to pack 5 Hour, and Romero began delivering 5 Hour product to Midwest in unmarked bottles. Romero personally delivered most, if not all, of the 5 Hour to Midwest, but never once stated or even suggested that the product was not genuine 5 Hour.

27. Upon receipt of the unmarked bottles from Romero, Midwest applied labels and placed them into boxes, both of which were supplied by Roman or One Stop Label, and then delivered the 5 Hour to Baja.

28. In May of 2012, Baja and Joe Shayota directed Midwest to continue with the labeling and packaging of 5 Hour, but to commence deliveries to Dan-Dee Company, a wholesale distributor in Spring Valley, California, as well as to Baja.

29. Dan Dee's owners, Fadi and Kevin Attiq, represented that Dan-Dee was also an authorized 5 Hour distributor.

30. Midwest's labeling and packaging operations continued until late October or early November of 2012.

31. Importantly, the Midwest Parties never tampered with any liquid, bottle, cap or related mold. Midwest simply labeled and packaged the 5 Hour.

32. Further, at all relevant times, the Midwest Parties reasonably believed that Living Essentials approved the re-labeling and re-packaging of the Mexican 5 Hour for distribution and sale in the United States. This reasonable belief was supported by the telephone conference in the summer of 2011 between McCormack, Joe Shayota and Jamil, McCormack's directives during that telephone conference, Roman's representations that he and One Stop Label made official 5 Hour labels and boxes, Baja's and Dan Dee's authority as 5 Hour distributors, Baja's numerous representations and directives, and the fact that the product crossed from Mexico into the United States without incident.

33. In late October or early November of 2012, the Midwest Parties learned that their understanding regarding the nature of the parties' relationships to Living Essentials may have been erroneous. As a result, Midwest immediately shut down its operations.

### Count I - Fraudulent Misrepresentation

34. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

35. Living Essentials, through their employee (McCormack) and authorized distributor (Baja), intentionally made false representations of material facts to the Midwest Parties. Specifically, they represented that Midwest was authorized to change the labels on 5 Hour product from Mexico for re-sale in the United States.

36. Living Essentials' representations were false when they were made.

37. Living Essentials knew that their representations were false when they were made or they made them recklessly, without knowing whether they were true.

38. Living Essentials intended that Counter-Plaintiffs rely on the representations.

39. Counter-Plaintiffs relied on Living Essentials' false representations by engaging in the business transactions referenced above.

40. As a result of Living Essentials' fraudulent misrepresentations, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## Count II - Innocent Misrepresentation

41. Counter-Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

42. Living Essentials' representations, as set forth in the preceding paragraphs, were made in connection with the negotiation and formation of contracts between Midwest, Baja, Roman, One Stop Label and various other persons and entities.

43. Midwest would not have entered into the contracts if Living Essentials had not made the representations.

44. As a result of Living Essentials' misrepresentations, Counter-Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## REQUEST FOR RELIEF

45. Counter-Plaintiffs respectfully request this Court to enter a Judgment in their favor and against Living Essentials in an amount sufficient to compensate them for all economic loss, exemplary and punitive damages, and attorney's fees and costs.

## THE MIDWEST DEFENDANTS' FIRST AMENDED CROSS CLAIM AGAINST BAJA, JOSEPH SHAYOTA, ADRIANA SHAYOTA, LESLIE ROMAN, ONE STOP LABEL CORPORATION AND JUAN ROMERO

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil a/k/a Wally Jamil; Justin Shayota; Raid Jamil aka Brian Jamil; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, "Midwest Parties" or "Cross Plaintiffs") state for their First Amended Cross Claim Against Defendants Baja Exporting, LLC, Tradeway International, Inc. d/b/a Baja Exporting, Joseph Shayota, Adriana Shayota, Leslie Roman, One Stop Label Corporation and Juan Romero as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Cross Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2.  Cross Plaintiff Walid Jamil aka Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3.  Cross Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4.  Cross Plaintiff Raid Jamil aka Brian Jamil is an individual residing in Michigan.

5.  Cross Plaintiff JT Wholesale, Inc. is a California corporation with its principal place of business located in San Diego, California.

6.  Cross Plaintiff Trimexico, Inc. was a California corporation with its principal place of business located in California.

7.  Cross Defendant Joseph Shayota ("Joe Shayota") is an individual residing in San Diego, California.

8. Cross Defendant Adriana Shayota ("Adriana Shayota") is an individual residing in San Diego, California.

9. Cross Defendant Baja Exporting, LLC is a California limited liability company with its principal place of business located in San Diego, California.

10. Cross Defendant Tradeway International, Inc. d/b/a Baja Exporting is a California corporation with its principal place of business located in San Diego, California.

11. Baja Exporting, LLC and Tradeway International, Inc. d/b/a Baja Exporting are collectively referred to herein as "Baja."

12. Cross Defendant Leslie Roman ("Roman") is an individual residing in California.

13. Cross Defendant One Stop Label Corporation ("One Stop Label") is a California corporation with its principal place of business located in Ontario, California.

14. Cross Defendant Juan Romero Gutierrez ("Juan Romero") is an individual residing in California.

15. Joe Shayota, Baja, Leslie Roman, Adriana Shayota and Juan Romero are collectively referred to as "Cross Defendants."

16. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

17. Cross Plaintiffs incorporate and restate the general allegations set forth in their First Amended Counterclaim against Living Essentials.

### Count I - Fraudulent Misrepresentation
### (Cross Plaintiffs Midwest, Jamil and Justin Shayota Against
### Baja, Joe Shayota, One Stop Label and Leslie Roman)

18. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

19. Cross Defendants intentionally made false representations of material facts to the Midwest Parties, including, but not limited to, the following:

    a.  Joe Shayota and Baja represented that Baja was an authorized 5 Hour distributor;

    b.  Joe Shayota and Baja represented that Midwest could change the labels on 5 Hour from Mexico;

    c.  Roman and One Stop Label represented that he or One Stop Label made official 5 Hour labels and boxes; and

    d.  Roman represented that Romero was an authorized 5 Hour packer.

20. Cross Defendants' representations were false when they were made.

21. Cross Defendants knew that their representations were false when they were made or made them recklessly, without knowing whether they were true.

22. Cross Defendants intended that Cross Plaintiffs rely on the representations.

23. Cross Plaintiffs relied on Cross Defendants' false representations in engaging in the business transactions referenced above.

24. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count II - Innocent Misrepresentation
### (Cross Plaintiffs Midwest, Jamil and Justin Shayota Against
### Baja, Joe Shayota, One Stop Label and Leslie Roman)

25. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

26. Cross Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of contracts between Midwest, Baja, Roman, One Stop Label, and Romero.

27. Cross Plaintiffs would not have entered into the contracts if Cross Defendants had not made the representations.

28. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count III – Silent Fraud
### (Cross Plaintiffs Midwest, Jamil and Justin Shayota Against All Cross Defendants)

29. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

30. Cross Defendants had an affirmative duty to speak, but failed to disclose material facts, causing the Cross Plaintiffs to have a false impression as to the legitimacy of the business transactions referenced above.

31. As a direct and proximate result of Cross Defendants' wrongful conduct, Cross Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count IV –Indemnification
### (All Cross Plaintiffs Against All Cross Defendants)

32. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

33. Living Essentials have commenced litigation against Cross Plaintiffs alleging that they engaged in a counterfeiting conspiracy.

34. Cross Plaintiffs were named in this litigation based on the representations and actions, or lack thereof, of Cross Defendants.

35. Under the circumstances, Cross Defendants should be ordered to indemnify Cross Plaintiffs whether based on express agreement, implied agreement or common law.

### V – Contribution
### (All Cross Plaintiffs Against All Cross Defendants)

36. Cross Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

37. Based on Cross Defendants' representations and actions, or lack thereof, as referenced above, Cross Plaintiffs are entitled to contribution from each of them to pay or defray any judgment entered against Cross Plaintiffs.

### REQUEST FOR RELIEF

38. Cross Plaintiffs respectfully request this Court to enter a Judgment in their favor and against Cross Defendants in an amount sufficient to compensate them for all economic loss, exemplary and punitive damages, and attorney's fees and costs.

### THE MIDWEST DEFENDANTS' FIRST AMENDED
### THIRD-PARTY COMPLAINT AGAINST ROBERT MCCORMACK

Defendants Midwest Wholesale Distributors, Inc., Walid Jamil aka Wally Jamil; and Justin Shayota; Raid Jamil aka Brian Jamil; JT Wholesale, Inc.; and Trimexico, Inc. (collectively, the "Midwest Parties" or "Third-Party Plaintiffs") state for their First Amended Third-Party Complaint Against Third-Party Defendant Robert McCormack as follows:

### PARTIES, JURISDICTION AND VENUE

1. Third-Party Plaintiff Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation with its principal places of business located in Troy, Michigan and San Diego, California.

2. Third-Party Plaintiff Walid Jamil aka Wally Jamil ("Jamil") is an individual residing in Troy, Michigan.

3. Third-Party Plaintiff Justin Shayota ("Justin Shayota") is an individual residing in San Diego, California.

4. Third-Party Plaintiff Raid Jamil aka Brian Jamil is an individual residing in Michigan.

5. Third-Party Plaintiff JT Wholesale, Inc. is a California corporation with its principal place of business located in San Diego, California.

6. Third-Party Plaintiff Trimexico, Inc. was a California corporation with its principal place of business located in California.

7. Third-Party Defendant Robert McCormack ("McCormack") is an individual residing in Michigan.

8. Jurisdiction and venue have been established in the Court.

## GENERAL ALLEGATIONS

9. Third-Party Plaintiffs incorporate and restate the general allegations set forth in their First Amended Counterclaim against Living Essentials.

### Count I - Fraudulent Misrepresentation
### (Third Party Plaintiffs Jamil, Midwest and Justin Shayota Against McCormack)

10. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

11. McCormack intentionally made false representations of material facts to the Midwest Parties. Specifically, he represented that Midwest was authorized to change the labels on 5 Hour product from Mexico for re-sale in the United States.

12. McCormack's representations were false when they were made.

13. McCormack knew that his representations were false when they were made or he made them recklessly, without knowing whether they were true.

14. McCormack intended that Third-Party Plaintiffs rely on the representations.

15. Third-Party Plaintiffs relied on McCormack's false representations by engaging in the business transactions referenced above.

16. As a result of McCormack's fraudulent misrepresentations, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count II - Innocent Misrepresentation
### (Third Party Plaintiffs Jamil, Midwest and Justin Shayota Against McCormack)

17. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

18. McCormack's representations, as set forth in the preceding paragraphs, were made in connection with the negotiation and formation of contracts between Midwest, Baja, Roman, One Stop Label and various other persons and entities.

19. Midwest would not have entered into the contracts if McCormack had not made the representations.

20. As a result of McCormack's misrepresentations, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### Count III – Silent Fraud
### (Third Party Plaintiffs Jamil, Midwest and Justin Shayota Against McCormack)

21. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

22. McCormack had an affirmative duty to speak, but failed to disclose material facts, causing Third-Party Plaintiffs to have a false impression as to the legitimacy of the business transactions referenced above, including as to Baja's status and authority with 5 Hour.

23. As a result of McCormack's silent fraud, Third-Party Plaintiffs have suffered substantial damages and other economic injury, loss of goodwill, harm to their business reputation, loss of esteem and standing in the community, and loss of business opportunities.

**Count IV – Indemnification**
**(All Third Party Plaintiffs Against McCormack)**

24. Third-Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

25. Living Essentials have commenced litigation against Third-Party Plaintiffs alleging that they engaged in a counterfeiting conspiracy.

26. Third-Party Plaintiffs were named in this litigation based on the representations of McCormack.

27. Under the circumstances, McCormack should be ordered to indemnify Third-Party Plaintiffs, whether based on express agreement, implied agreement, common law or equity.

**V – Contribution**
**(All Third Party Plaintiffs Against McCormack)**

28. Third Party Plaintiffs incorporate the foregoing allegations as though fully re-stated herein.

29. Based on McCormack's representations, as referenced above, Third Party Plaintiffs are entitled to contribution from him to pay or defray any judgment entered against Third Party Plaintiffs.

## REQUEST FOR RELIEF

30. Third-Party Plaintiffs respectfully request this Court to enter a Judgment in their favor and against McCormack in an amount sufficient to compensate them for all economic loss, exemplary and punitive damages, and attorney's fees and costs.

Respectfully Submitted,

PAESANO AKKASHIAN, PC

By: */s/Brian M. Akkashian*
Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Richard M. Apkarian Jr. (P66206)
132 N. Old Woodward Avenue
Birmingham, MI  48009
248-792-6886

*Counsel for Defendants Walid Jamil, Raid Jamil, Midwest Wholesale Distributors, Justin Shayota, JT Wholesale and Trimexico*

Dated:  April 5, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF counsel.

Respectfully Submitted,

PAESANO AKKASHIAN, PC

*/s/Richard M. Apkarian Jr.*
Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Richard M. Apkarian Jr. (P66206)
132 N. Old Woodward Avenue
Birmingham, MI 48009
248-792-6886

*Counsel for Defendants Walid Jamil, Raid Jamil, Midwest Wholesale Distributors, Justin Shayota, JT Wholesale and Trimexico*