# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

――――――――――――――――――――― X
                                              :
INNOVATION VENTURES, LLC, ET AL.,             :
                                              :   12 Civ. 5354 (KAM)
                    Plaintiffs,               :
                                              :
        -against-                             :   **STIPULATION AND ORDER**
                                              :
ULTIMATE ONE DISTRIBUTING CORP., ET           :
AL.                                           :
                                              :
                    Defendants.               :
                                              :
――――――――――――――――――――― X

UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs Innovation Ventures, LLC; Living Essentials, LLC; International IP Holdings, LLC (together, "Plaintiffs"), and counsel for Defendant Raid a/k/a Brian Jamil, it hereby is ORDERED as follows:

1. Defendant Raid a/k/a Brian Jamil acknowledges having been served with the following documents and waives any defenses as to subject matter jurisdiction with respect to these documents: Summons and Fifth Amended Complaint; Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction ("Order to Show Cause"), including the supporting Declarations and Memorandum of Law;

2. For purposes of this stipulation, the "5 HOUR ENERGY Marks" are:

   - "5 HOUR ENERGY" (Registration No. 3,003,077);

   - "5-HOUR ENERGY" (Registration No. 4,004,225);

   -  (Registration No. 4,104,670);

- ▢ which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- 🏃, commonly referred to as "Running Man," (Registration No. 3,698,044); and

- ▢ which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

3. Defendant Raid a/k/a Brian Jamil and his agents, servants, employees, and all other persons in active concert and participation with him, pending the final hearing and determination of this action are preliminarily enjoined from:

(a) using any of the 5 HOUR ENERGY Marks (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

(b) using any logo, trade name or trademark confusingly similar to any of the 5 HOUR ENERGY Marks which may be calculated to falsely represent or which has the

effect of falsely representing that the services or products of the Jamil Defendants or of others are sponsored by, authorized by, or in any way associated with Plaintiffs;

(c)  infringing any of the 5 HOUR ENERGY Marks;

(d)  otherwise unfairly competing with Plaintiffs in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of dietary supplements;

(e)  falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that they or the other defendants are associated with Plaintiffs;

(f)  using any reproduction, counterfeit, copy, or colorable imitation of any of the 5 HOUR ENERGY Marks in connection with the publicity, promotion, sale, or advertising of dietary supplements;

(g)  affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being 5-hour ENERGY® and from offering such goods in commerce;

(h)  diluting any of the 5 HOUR ENERGY Marks;

(i)  buying, selling, transferring (other than to Plaintiffs or law enforcement officials), altering, or destroying any counterfeit products with the 5 HOUR ENERGY Marks;

(j)  destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement or receipt of any product purporting to be 5 HOUR ENERGY®; and

(k)  assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

- 3 -

5787136v.2

4.  Plaintiffs and Defendant Raid a/k/a Brian Jamil stipulate that, as among them, there are no issues to address at the hearing scheduled for December 12, 2012, with respect to the Order to Show Cause. Defendant Raid a/k/a Brian Jamil waives any and all rights he may have to a hearing challenging the issuance of a preliminary injunction.

5.  Plaintiffs and their surety U.S. Specialty Insurance Company are released from any and all liability under Bond Number 1000772126 as it relates to the Temporary Restraining Orders dated November 27, 2012.

6.  Defendant Raid a/k/a Brian Jamil shall be restrained from secreting any assets, and from transferring or conveying any assets. However, this Order does not preclude Defendant Raid a/k/a Brian Jamil from paying for reasonable living expenses in a monthly amount to be determined by the Court, provided Raid a/k/a/ Brian Jamil provides adequate documentation for the Court's consideration.

7.  All assets frozen or restrained pursuant to this Court's November 27, 2012 Order to Show Cause for a Temporary Restraining Order and Preliminary Inunction for, or in an account of, Defendant Raid a/k/a Brian Jamil, or in an account as to which he has signature authority, shall remain restrained and not be released until further order of this Court.

8.  Upon service of this Stipulated Order upon a bank, brokerage house or financial institution, all assets held by, for, or on account of Defendant Raid a/k/a Brian Jamil, or in an account as to which he has signature authority, shall be frozen and restrained and any bank, brokerage house or financial institution holding such funds are restrained from releasing them until further order of this Court.

9.  To the extent that Plaintiffs now or in the future seek to restrain funds in accounts held in the name of Charter Home Healthcare, LLC ("Charter"), a Michigan Limited Liability Company purportedly owned by Defendant Raid a/k/a Brian Jamil, those restraints will not impede (a) deposits into those accounts for services rendered to patients of Charter, or (b)

- 4 -

5787136v.2

payments to employees of Charter who directly provide home health services to patients of Charter, provided that Defendant Raid a/k/a Brian Jamil provide Plaintiffs and the Court with adequate documentation to determine what specific monies held by Charter are being used for those purposes.

10. This agreement may be executed in counterparts. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: December 11, 2012

**CONSENTED AND AGREED TO BY:**

| PATTERSON BELKNAP WEBB & TYLER LLP | PAESANO AKKASHIAN, PC |
|---|---|
| By: _____<br>Geoffrey Potter<br>gpotter@pbwt.com<br>Michelle Waller Cohen<br>mcohen@pbwt.com<br>Thomas P. Kurland<br>tkurland@pbwt.com<br>1133 Avenue of the Americas<br>New York, New York 10036<br>(212) 336-2000<br>Attorneys for Plaintiffs | By: /s/ Anthony Paesano<br>Anthony Paesano<br>apaesano@paesanoakkashian.com<br>132 North Old Woodward Avenue<br>Birmingham, Michigan 48009<br>248-792-6886<br>Attorneys for the Jamil Defendants |

SO ORDERED:   December 11, 2012

_____
UNITED STATES DISTRICT JUDGE