# Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
INNOVATION VENTURES, LLC, LIVING
ESSENTIALS, LLC, and INTERNATIONAL IP
HOLDINGS, LLC,

                       Plaintiffs,

    -against-

ULTIMATE ONE DISTRIBUTING CORP.;
GULAM NAJIMI, a.k.a. GHULAMALI ALI
NAJIMI; WALLY NAJIMI, a.k.a. AHMED
WALLY NAJIMI; EXCEL WHOLESALE
DISTRIBUTORS, INC.; FARID
TURSONZADAH, a.k.a. FARID TURSON;
CORE-MARK INTERNATIONAL, INC.;
RICHMOND WHOLESALE COMPANY, INC.;
SAQUIB KHAN; CVS CAREMARK CORP.; 7-
ELEVEN, INC.; 7-ELEVEN STORE # 11152; 7-
ELEVEN STORE # 25449C-2422; 7-ELEVEN
STORE # 11168F-2422; 7-ELEVEN STORE #
11181; 7-ELEVEN STORE # 32760; 7-ELEVEN
STORE # 23407; PRESTIGE MOBIL; KAIVAL
DELI & CATERING; HEIGHTS DELI AND
COMPANY; VALERO RETAIL HOLDINGS,
INC.; NEW ISLAND DELI; NEVINS GOURMET;
DELTA DISTRIBUTION SERVICES CORP.;
SULAIMAN S. AAMIR; BROTHERS TRADING
CO., INC. D/B/A VICTORY WHOLESALE
GROCERS; QUALITY KING DISTRIBUTORS,
INC.; BASELINE DISTRIBUTION, INC.; DAVID
FLOOD; MIDWEST WHOLESALE
DISTRIBUTORS; JUSTIN SHAYOTA; MOA
TRADING, INC.; DAVID K. LEE; CAPITAL
SALES COMPANY; WALID JAMIL, a.k.a.
WALLY JAMIL; PRICE MASTER CORP.;
ABDUL SATAR NAJIMI; FOOD
DISTRIBUTORS INTERNATIONAL, INC.;

12 Civ. 5354 (KAM)

**ORDER
GRANTING PRELIMINARY
INJUNCTION**

SCOTT TILBROOK; ELEGANT TRADING, INC.; AHMED BHIMANI; EMPIRE TRADE WHOLESALE CORP.; TOP CHOICE TRADING USA, INC.; UNIVERSAL WHOLESALE, INC.; JOSEPH SEVANY, SR. a.k.a. JOE ZAITOUNA; BAJA EXPORTING, LLC; JOSEPH SHAYOTA; TRADEWAY INTERNATIONAL, INC. d/b/a BAJA EXPORTING; PURITY WHOLESALE GROCERS, INC.; SHAH DISTRIBUTORS, INC.; ARVIND SHAH; STEERFORTH TRADING, INC., a.k.a. STEER FORTH TRADING, INC.; ISAAC ANZAROOT; JT WHOLESALE, INC.; MCR INNOVATIONS AND PACKAGING, INC.; MCR PRINTING AND PACKAGING CORP.; RAID JAMIL, a.k.a. BRIAN JAMIL; MARIO RAMIREZ; CAMILO RAMIREZ; TRIMEXICO INC.; ADRIANA SHAYOTA; and JOHN DOES 1-10,

Defendants.

---------------------------------------------------------------- x

It is hereby ORDERED that:

1. Defendants Justin Shayota; Midwest Wholesale Distributors; Joseph Shayota; and Tradeway International, Inc. d/b/a Baja Exporting, and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them, pending the final hearing and determination of this action, are enjoined from:

(a) Purchasing, selling, distributing, marketing, manufacturing or otherwise using any of the 5 HOUR ENERGY Marks (as defined herein), on any counterfeit product, or any marks confusingly similar thereto in connection with any 5-Hour ENERGY products or other products. The "5 HOUR ENERGY" Marks are:

- "5 HOUR ENERGY" (Registration No. 3,003,077);
- "5-HOUR ENERGY" (Registration No. 4,004,225);

- **5-hour ENERGY** (Registration No. 4,104,670);

- which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- commonly referred to as "Running Man" (Registration No. 3,698,044); and

- which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4.120,360).

(b)   Using any logo, trade name or trademark confusingly similar to any of the 5 HOUR ENERGY Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Living Essentials;

3

5750336v.2

(c) Infringing any of the 5 HOUR ENERGY Marks;

(d) Otherwise unfairly competing with Living Essentials in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of 5-hour ENERGY®;

(e) Falsely representing any or all of the Defendants as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Defendants are associated with Living Essentials;

(f) Using any reproduction, counterfeit, copy, or colorable imitation of any of the 5 HOUR ENERGY Marks in connection with the publicity, promotion, sale, or advertising of counterfeit 5-hour ENERGY®;

(g) Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being 5-hour ENERGY® and from offering such goods in commerce;

(h) Diluting any of the 5 HOUR ENERGY Marks;

(i) Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, business records (including but not limited to internet-based email communications) or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be 5-hour ENERGY®; and

    (j)  Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

  2.  This Court's Seizure Order of November 13, 2012 is confirmed as to Defendants Midwest Wholesale Distributors and Tradeway International, Inc. d/b/a Baja Exporting.

  3.  Pursuant to this Court's Seizure Order and Order to Show Cause, issued on November 13, 2012, Plaintiffs posted bonds as security for the payment of costs and damages incurred or suffered by any of these defendants as a result of a wrongful seizure or any undue harm caused by the Order to Show Cause or Seizure Order. The seizures having been concluded and confirmed, and no undue harm having been caused by the Order to Show Cause, it is ORDERED that Plaintiffs and their surety U.S. Specialty Insurance Company are released from any and all liability under Bond Numbers 1000772124 and 1000772125.

  4.  Defendants Justin Shayota; Midwest Wholesale Distributors; Joseph Shayota; and Tradeway International, Inc. d/b/a Baja Exporting shall be restrained from secreting any assets, and from transferring or conveying any assets.

  5.  All assets frozen or restrained pursuant to this Court's November 13, 2012 Order to Show Cause for a Temporary Restraining Order and Preliminary Inunction for, or in an account of, Defendants Midwest Wholesale Distributors and Justin Shayota, or in an account as to which either of them has signature authority, shall remain restrained and not be released until further order of this Court.

  6.  All assets frozen or restrained pursuant to this Court's November 13, 2012 Order to Show Cause for a Temporary Restraining Order and Preliminary Inunction for, or in an account of, Defendants Tradeway International, Inc. d/b/a Baja Exporting or Joseph Shayota, or

in an account as to which either of them has signature authority, up to an amount of $6.9 million, shall remain restrained and not be released until further order of this Court.

7.  Upon service of this Preliminary Injunction Order upon a bank, brokerage house or financial institution, all assets held by, for, or on account of Defendants Midwest Wholesale Distributors and Justin Shayota, or in an account as to which either of them has signature authority, shall be frozen and restrained and any bank, brokerage house or financial institution holding such funds are restrained from releasing them until further order of this Court.

8.  Upon service of this Preliminary Injunction Order upon a bank, brokerage house or financial institution, all assets held by, for, or on account of Defendants Tradeway International, Inc. d/b/a Baja Exporting or Joseph Shayota, or in an account as to which either of them has signature authority, up to an amount of $6.9 million, shall be frozen and restrained and any bank, brokerage house or financial institution holding such funds are restrained from releasing them until further order of this Court.

_____
UNITED STATES DISTRICT JUDGE

Issued:  November 30, 2012 at 10:35 o'clock a.m.