UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— X
                                        :

INNOVATION VENTURES, LLC, ET AL.,    :

                               :   12 Civ. 5354 (KAM) (RLM)

                 Plaintiffs,    :

                               :

        -against-       :   **STIPULATED PROTECTIVE ORDER**

                               :

ULTIMATE ONE DISTRIBUTING CORP., ET  :
AL.                                 :

                               :

            Defendants.    :

                               :

———————————————————————— X

        The parties to the above-captioned action (the "Action") recognize that the parties and non-parties may be required to disclose trade secrets, confidential research, development, or proprietary information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and for which special protection from public disclosures and from use for any purpose other than prosecuting this litigation may be warranted. To protect against the improper use or disclosure of such information, the parties to the Action, through their respective counsel, hereby stipulate to and petition the court to enter the following Stipulated Protective Order:

1.   <u>SCOPE OF STIPULATED PROTECTIVE ORDER</u>: This Protective Order shall govern all Disclosure or Discovery Materials (as defined below in paragraph 2.6) produced or disclosed in this Action. The Producing Party (or their respective counsel, retained experts, directors, officers, employees, or agents) shall have the right to designate as confidential and subject to this Protective Order any Confidential Material (as defined below in paragraph 2.2).

2.   <u>DEFINITIONS</u>

      2.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: any Discovery Material (regardless of
how it is generated, stored or maintained) including interrogatory responses, other discovery
responses, deposition transcripts and exhibits or other written information produced in response
to discovery requested in this Action, or tangible things that in good faith a Party or Non-Party
reasonably believes to contain non-public, confidential or proprietary information whether
personal or business-related.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as
well as their support staff).

2.4     Designated House Counsel: Up to two House Counsel per Party who seek access
to "CONFIDENTIAL" information in this matter.  The Designated House Counsel are listed in
Exhibit B to this Order and may be changed only by notifying all of the Parties in writing.
Plaintiffs shall jointly be entitled to designate only two House Counsel in total.

2.5     Designating Party: a Party or Non-Party that designates information or items that
it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, regardless of the
medium or manner in which it is generated, stored, or maintained (including, among other things,
testimony, transcripts, and tangible things), that are produced or generated in disclosures or
responses to discovery in this Action.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to
the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or
as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's
competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party
or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"
Information or Items: trade secrets, know-how, research and development of products or
formulations that have not been published, company-wide business plans or forecasts,

commercially sensitive information, and such additional categories as may be reasonably agreed to by the parties upon request of a Party, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   House Counsel: attorneys who are employees of a party to this Action or otherwise represent a party to this Action. House Counsel does not include Outside Counsel of Record.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11   Outside Counsel of Record: attorneys and their support staff, including outside investigators, all of whom are not employees of a Party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action, or from which Discovery Material was obtained during the course of a seizure conducted pursuant to an order of this or another Court.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    Requesting Party: any Party that requests to review a Non-Party production for the purpose of changing a confidentiality designation.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either:

1. identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, information, or exhibits that are to be so designated and specify the level of protection being asserted; or

2. send written notice to the Receiving Party and the court reporter within 21 calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated and the level of protection asserted. Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material during this 21-day period. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. For depositions that have already occurred, any Party may designate any portion of a deposition transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" within 21 days of the entry of this Order. If the transcript for such deposition has already been disseminated, it will be the responsibility of the Designating Party to provide notice of the designation. No other Party shall be obligated to take any measures regarding a deposition transcript designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that has previously been disseminated.

(c) Parties shall give the other parties notice if they reasonably expect any portion of a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present for the portions of those proceedings that include Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.2     Inadvertent Failures to Designate: An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Designating Party promptly serves a written notice upon the Receiving Party upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Disclosure or Discovery Material marked with the appropriate legend. Upon receipt of such replacement copy, the Receiving Party shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Disclosure or Discovery Material within 14 calendar days and certify in writing that it has done so.

5.3     Seized Materials: All materials seized by law enforcement personnel, Plaintiffs or agents of Plaintiffs pursuant to an order issued by this Court shall be deemed

"CONFIDENTIAL" under this Order. ~~A Party may request that the "CONFIDENTIAL" designation be revised by Plaintiffs before the seized materials are disseminated to other Parties, in which case the parties shall work together to allow the Party requesting the change to review the documents and revise the designation~~Upon entry of this Order, all seized material deemed relevant by Plaintiffs shall be returned to the Party from which it was seized for the purpose of applying confidentiality designations and Bates stamping.  The Party shall have ten (10) business days to return the seized materials to Plaintiffs with Bates stamping and confidentiality designations.  When the materials are returned, Plaintiffs shall post the returned material onto the Box pursuant to the Order for Access to Disclosure or Discovery Material.  Plaintiffs will maintain a copy of all other seized material, but will not access such material except as permitted by subsequent agreement or order of the Court.  By restricting access to these materials, Plaintiffs do not waive their right to request documents—including documents that had been seized—from all parties again through ordinary discovery channels.  All Parties shall retain the right to challenge the confidentiality designation with the Court pursuant to Section 6 of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Any Party or Non-Party may move the Court for a modification of or relief from the terms of this Order at any time.

        The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.  The entry of this Order shall not be construed as a basis for permitting the discovery of Disclosure or Discovery Material that would not otherwise be discoverable but for the existence of this Order.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as

described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or a Non-Party only in connection with prosecuting, defending, or attempting to settle this litigation. Except where a Court orders otherwise, a Receiving Party may not use Protected Material that is disclosed or produced by another Party or a Non-Party in any other action or for any other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record;

        (b) the officers, directors, and employees, and Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) All individual defendants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

        (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) a court and its personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this Action.

(f) court reporters and their staff;

(g) Professional Vendors and professional jury or trial consultants, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, any witnesses or potential witnesses who are not employed by or affiliated with the parties.  However, after any such depositions the deponents shall not be given and shall not retain any copies, in any form, electronic, paper, or otherwise, of any information or item designated "CONFIDENTIAL."  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) during their depositions, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or an individual who has been designated to testify about the document or information (including as a 30(b)(6) representative);

(j) a Non-Party who has served a subpoena or request upon a Party, provided the conditions set forth in Section 8 have been satisfied; and

(k) one attorney or other representative of a Party's insurance carrier, provided that the carrier has either agreed to cover, or is deciding whether to cover, the defense of the Party and that Party has notified all other Parties of the carrier.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) a court and its personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this Action;

(d) court reporters and their staff;

(e) Professional Vendors and professional jury or trial consultants, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or an individual who has been designated to testify about the document or information (including as a 30(b)(6) representative);

(g) during their depositions, any witnesses or potential witnesses who are not employed by or affiliated with the parties.  However, after any such depositions the deponents shall not be given and shall not retain any copies, in any form, electronic, paper, or otherwise, of any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) a Non-Party who has served a subpoena or request upon a Party, so long as the conditions set forth in Section 8 have been satisfied; and

(i) one attorney or other representative of a Party's insurance carrier, provided that the carrier has either agreed to cover, or is deciding whether to cover, the defense of the Party and that Party has notified all other Parties of the carrier.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION, INVESTIGATION, OR PROCEEDING

If a Party is served with a subpoena or a court order issued in another litigation, investigation, or proceeding that compels disclosure of any information or items designated in

this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that Party must, except where a court orders otherwise:

(a) notify in writing the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding; or

(b) give telephonic notice and written notice by email to counsel for the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding.

The Party served with a subpoena or a court order issued in another litigation, investigation, or proceeding must also promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

In no event shall production or other disclosure of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information pursuant to the subpoena or court order issued in another litigation, investigation, or proceeding be made before fourteen (14) days following the date on which notice is given to the Designating Party.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Despite the above, in no event shall any Party be required to submit to contempt or violate a court order provided it has:

(a) acted in good faith to promptly advise the Designating Party of the subpoena or order requiring disclosure of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (unless specifically prohibited by court order); and

(b) sought an extension of time from the court ordering disclosure by, among other things, alerting the court ordering disclosure to the terms of this Stipulated Protective Order so that the Designating Part may have the fourteen (14) days described above to seek protection from disclosure of such documents.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 <u>Non-Party Information.</u>  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 <u>Designation of Non-Party Information.</u>  If a Non-Party has produced sensitive information about a Party (such as documents revealing trade secrets, an individual's social security number, or other personal financial information), and has chosen not to designate that information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and a Party believes that a confidentiality designation is warranted, or if a Non-Party in this Action has designated sensitive information it produced as "CONFIDENTIAL" and a Party believes a "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation is warranted, the Party may request that the confidentiality designation be revised for such documents pursuant to the following process:

(a) When the Receiving Party obtains a production from a Non-Party, it shall notify all Parties by email within 7 days of the production.

(b) If a Party seeks to revise the confidentiality designation of the Non-Party production, within 4 days of receiving notice it shall notify the Receiving Party of its intent to review the production.  If no Party requests to review the Non-Party production within 4 days of receiving notice, the Receiving Party may disseminate the production to all Parties with the original confidentiality designation.

(c) In response to a request to review and revise the confidentiality designation of a Non-Party production, within 4 days of receiving the request the Receiving Party shall provide the production to the Requesting Party for its review.  The Parties shall reach agreement as to the manner of transferring the production.

(d) Upon receipt, the Requesting Party shall have 7 days to review and designate the Non-Party production as appropriate pursuant to the terms of this Order.  The Requesting Party is then required to ~~Bates-stamp the documents if such documents have not already been stamped and either~~ return the production to the Receiving Party ~~or disseminate the produced documents to all Parties~~.

(e) All Parties shall retain the right to challenge the revised confidentiality designation with the Court pursuant to Section 6 of this Order.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately use its best efforts to retrieve all unauthorized copies of the Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Stipulated Protective Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of the Stipulated Protective Order; (b) identify such person immediately to the Designating Party; and (c) provide such

-13-

person a copy of this Stipulated Protective Order. Upon receipt of a copy of this Stipulated

Protective Order, any such person shall be subject to its provisions.

The foregoing shall not relieve a Party of liability, if any, for disclosing

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" information in violation of this Stipulated Protective Order.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

No provision of this Stipulated Protective Order shall be deemed to create a waiver as to

inadvertently produced Discovery Material that is protected from discovery on the basis of

privilege, the work-product doctrine, or any other applicable privilege, and the inadvertent

production of such documents does not waive any privilege or immunity, so long as, as soon as

reasonably possible after learning of the inadvertent disclosure, the Designating Party serves a

request identifying the Discovery Material and privilege involved, and requesting the return of

all copies of the inadvertently produced Discovery Material.  Upon receipt of such notice, the

Receiving Party shall immediately take reasonable efforts to return or destroy all copies of the

inadvertently produced Discovery Material identified, and certify in writing that it has done so.

This provision is not intended to modify whatever procedure may be established in an e-

discovery order that provides for production without prior privilege review. Pursuant to Federal

Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

disclosure of a communication or information covered by the attorney-client privilege or work

product protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.

12.     MISCELLANEOUS

12.1    Filing Protected Material.  No materials designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," nor any pleading,

memorandum of law, motion, letter, or other document disclosing such materials, shall be filed

with the Court except as provided herein:  Discovery Materials that consist of materials

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
EYES ONLY" shall be filed through the Electronic Case Filing system ("ECF") with access
restricted, as appropriate, to either case participants only or to only the Court and the filing Party,
as set forth in the cm/ECF User's Guide for the United States District Court for the Eastern
District of New York.  When a Party files a pleading, memorandum of law, motion, letter, or
other document disclosing materials designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on ECF, that document shall be
filed with access restricted, as appropriate, to either case participants only or to only the Court
and the filing Party.  A document filed with restricted access shall simultaneously be publicly
filed on ECF with redactions to omit any confidential information.

   12.2 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to
seek its modification by the court in the future.

   12.3 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective
Order no Party waives any right it otherwise would have to object to disclosing or producing any
information or item on any ground not addressed in this Stipulated Protective Order. Similarly,
no Party waives any right to object on any ground to use in evidence of any of the material
covered by this Protective Order.

   12.4 <u>Enforcement of this Order</u>. In the event anyone shall violate or threaten to violate
the terms of this Stipulated Protective Order, the Designating Party may immediately apply to
obtain injunctive relief against any such person.  This shall not be construed as limiting the
Designating Party's right to seek other remedies, including damages, if any, in the event of a
violation. This Court shall retain jurisdiction over the Parties and the subject matter of this Order
for the purpose of enforcing its terms.

13. <u>FINAL DISPOSITION</u>

   Within 60 days after the final disposition, as defined in paragraph 4, each Receiving Party
must return all Protected Material to the Producing Party or destroy such material. As used in
this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____ _____ _____

Attorneys for Plaintiffs




DATED: _____ _____ _____

Attorneys for Defendant(s) _____ _____

_____ _ _____


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____

Magistrate Judge Roanne L. Mann<br>United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of New York on _____ [date] in the case of Innovation Ventures, LLC, et al. v. Ultimate One Distributing Corp., et al., 12-cv-5354-KAM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　　[printed name]

Signature: _____
　　　　　　　　[signature]

EXHIBIT B

DESIGNATED HOUSE COUNSEL