UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— X
:
INNOVATION VENTURES, LLC, ET AL., :
: 12 Civ. 5354 (KAM)(RLM)
                Plaintiffs, :
:
   -against- : **ORDER FOR ACCESS TO**
: **DISCLOSURE OR DISCOVERY**
ULTIMATE ONE DISTRIBUTING CORP., ET : **MATERIAL**
AL. :
:
               Defendants. :
:
—————————————————————— X

      In furtherance of the Scheduling Order dated March 11, 2013 (Dkt. No. 452), the Court orders the following, which governs access to all Disclosure or Discovery Material:

1.    **Definitions.** The following definitions shall apply in the construction and application of this Order:

    (a)    <u>Disclosure or Discovery Material</u>: all documents, items, or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this Action.  Material that has been seized by law enforcement personnel, Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC, or agents of Plaintiffs pursuant to an order issued by this Court shall be treated as Disclosure or Discovery Material under this Stipulation once the Parties have complied with Section 2(b) below.

    (b)    <u>Outside Counsel of Record</u>: attorneys and their support staff, all of whom are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action

6174339v.1

and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

(c) <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record and their support staff.

(d) <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2. **Discovery Repository**

(a) Plaintiffs will open a cloud-based repository (the "Box"), in which they will keep encrypted copies of the above Disclosure or Discovery Material for the duration of the Action. Plaintiffs will bear the costs associated with maintaining the Box. Plaintiffs will also take responsibility for uploading all Disclosure or Discovery Material to the Box; Outside Counsel of Record for all other Parties will be able to view and download documents from the Box, but will not be able to upload documents.

(b) Material that has been copied pursuant to the execution of a seizure order issued by this Court shall be governed by Section 5.3 of the Protective Order. After seized material has been Bates stamped and designated pursuant to the Protective Order by the Producing Party, Plaintiffs shall upload the materials onto the Box for access by all Parties. Any materials that have not been stamped or designated will not be posted onto the Box, but shall be maintained by Plaintiffs pursuant to Section 5.3 of the Protective Order.

(c) The Producing Party must include 5HEDiscovery@pbwt.com on all discovery-related productions, including email service of documents and written discovery demands, responses, and objections. Outside Counsel of Record for each Party must register an email

address to access the Box. All registered counsel will receive an email notice when new Disclosure or Discovery Material has been posted to the Box.

  (d)  Only Outside Counsel of Record may access the Box. Specifically, by requesting access to the Box, Outside Counsel of Record agree not to provide access to the Box, or share their password for access to the Box, with their client or anyone else not included within the definition of Outside Counsel of Record.

  (e)  Compliance with the terms of this Order does not constitute effective service of Disclosure or Discovery Material.

IT IS SO ORDERED.

DATED: _____  _____

                Magistrate Judge Roanne L. Mann
                United States Magistrate Judge