# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Randi W. Singer**
+1 (212) 310-8152
randi.singer@weil.com

BY ECF

June 14, 2013

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Room S905
Brooklyn, New York 11201

Re:  **Innovation Ventures, LLC et al. v. Ultimate One Distributing Corp., et al., No. 12 Civ. 5354**

Dear Judge Matsumoto:

We write to renew Core-Mark International, Inc.'s ("Core-Mark") March 11, 2013 request for a pre-motion conference on its proposed partial motion to dismiss Plaintiffs' Seventh Amended Complaint (the "Motion") in the above-captioned litigation for failure to state a claim as to certain causes of action under Federal Rule of Civil Procedure 12(b)(6).  *See* Docket No. 457.

As the Court likely recalls, this Court held a pre-motion conference on the proposed Motion on March 22, 2013.  At that time, the Court decided that "in light of Judge Mann's 5/31/13 deadline for plaintiffs to file a final amended complaint as of right, Core-Mark's prospective motion practice should wait and be re-visited after the filing of plaintiffs' amended complaint."  Minute Entry dated March 22, 2013.  This deadline to file a final amended complaint has passed and, despite encouragement from this Court to do so, Plaintiffs have failed to file an amended complaint to remedy the many deficiencies identified in Core-Mark's March 11, 2013 pre-motion letter.  Accordingly, Core-Mark's partial motion to dismiss should be allowed to go forward.

Core-Mark is a Fortune 500 company that provides sales and marketing, distribution and logistics services to retail locations.  Plaintiffs' Seventh Amended Complaint (the "Complaint") alleges that during retail location inspections in Arizona, California and Nevada, a private investigator purchased bottles of allegedly counterfeit 5-HOUR ENERGY merchandise and was informed that the 5-HOUR ENERGY merchandise was provided by Core-Mark.  Complaint ¶¶ 172-182.  The Complaint acknowledges that, after Core-Mark first received notice of potentially infringing product through this Court's temporary restraining order, Core-Mark cooperated and quarantined almost 700,000 allegedly counterfeit bottles of 5-HOUR ENERGY product.  *Id.* at ¶ 183; *see also* Stipulation (Docket No. 161).  Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products in the marketplace prior to receiving the Complaint.  Stipulation at ¶ 1.  Based solely on the foregoing, Plaintiffs assert ten claims against Core-Mark and eleven against all other Defendants.  Complaint at ¶¶ 252-322.  Plaintiffs voluntarily dismissed the claim of trademark infringement under 15 U.S.C. § 1114(1)(b) as against Core-Mark.  *See* Docket No. 463.

June 14, 2013
Page 2

**Weil, Gotshal & Manges LLP**

Plaintiffs allege all claims as against all Defendants. But, for seven of those claims, they have failed to state facially plausible claims against Core-Mark and those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"). Fed. R. Civ. P. 8(a) requires that "a complaint against multiple defendants indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. Astrazeneca AB*, No. 10 Civ. 6062(PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) (Chin, J.). Plaintiffs make no such distinctions among the over 70 named Defendants in the Complaint. Despite their seven attempts at a proper pleading, the hundreds of pages of discovery provided by Core-Mark and the nearly five months since the original complaint, Plaintiffs still fail to sufficiently plead their allegations. The deficiencies of each of Plaintiffs' unsupported claims against Core-Mark will be discussed in turn.

Count III – Contributory Trademark Infringement: Plaintiffs fail to properly allege a claim of contributory trademark infringement against Core-Mark because they do not and cannot allege sufficient facts to indicate that Core-Mark either intentionally induced other parties to infringe the 5-HOUR ENERGY marks or that Core-Mark continued to supply its services to persons whom they knew or had reason to know were infringing. *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d, 93, 106 (2d Cir. 2010); *see also* Complaint ¶¶ 172-183, 264-271. In fact, as set forth in the Stipulation, Core-Mark ceased distribution of any 5-HOUR ENERGY product meeting Plaintiffs' indicia as soon as it was notified of the potentially counterfeit merchandise. *See* Stipulation ¶ 4.

Count VI – Federal Dilution of Mark and Count VIII New York Dilution of Mark and Injury to Business Reputation: Plaintiffs' trademark dilution claim fails because it does not make the requisite pleadings under the 2006 Trademark Dilution Revision Act ("TDRA"), which requires Plaintiffs to demonstrate that their marks are famous through four factors, which include "the extent of actual recognition of the mark." 15 U.S.C. § 1125(c). The TDRA "restrict[s] dilution causes of action to those few truly famous marks like Budweiser beer, Camel cigarettes [and] Barbie Dolls." *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods*, No. 12 Civ. 3599(RWS), 2012 WL 3240442, at *8 (S.D.N.Y. Aug. 7, 2012). Plaintiffs must demonstrate that their marks are "almost universally recognized by the general public" and conclusory allegations that a mark is well-recognized by the public are insufficient. *Id.* As Plaintiffs fail to sufficiently allege their 5-HOUR Energy marks are sufficiently famous and instead make only conclusory allegations as to their notoriety, *see* Complaint ¶¶ 106, 108-110, 285-292, their federal dilution claim fails. Similarly, Plaintiffs' state law claim of injury to business reputation and dilution under GBL § 360-l, *id.* at ¶¶ 302-308, also fails as only "extremely strong marks" are entitled to protection. *Johnson & Johnson v. Am. Nat. Red Cross*, 552 F. Supp. 2d 434, 447 (S.D.N.Y. 2008).

Count VII – Federal Copyright Infringement: Plaintiffs' copyright infringement claim against Core-Mark fails because Plaintiffs have not sufficiently alleged that Core-Mark infringed Plaintiffs' work. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) ("plaintiff [must] plead with specificity the acts by which a defendant has committed copyright infringement"); *see also* Complaint ¶¶ 172-183, 293-301. Plaintiffs' allegation that Core-Mark "secondarily infringed" their copyright, *id.* at ¶ 297, also fails because they do not allege that Core-Mark knowingly induced, caused or materially contributed to a third party's infringing conduct. *Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*, No. 08 Civ. 5463(CM), 2011 WL 744732, at *4 (S.D.N.Y. Mar. 1, 2011); *see* Stipulation ¶ 1 (Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products).

June 14, 2013  
Page 3

**Weil, Gotshal & Manges LLP**

Count IX – New York Deceptive Business Practice:  Plaintiffs fail to state a claim under GBL § 349 as they fail to allege that the allegedly deceptive practices or acts at issue occurred within New York.  *See Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 8 (2d Cir. 2012) (affirming dismissal where "plaintiff[s] do not allege any 'intrastate transaction' that caused [them] harm"); *see also* Complaint ¶¶ 172-183, 309-314 (indicating that allegations against Core-Mark relate to conduct in Arizona, California and Nevada).  Further, New York courts have held that trademark infringement claims are not cognizable under GBL § 349 "unless there is a specific and substantial injury to the public interest *over and above ordinary trademark infringement*."  *Nomination Di Antoni v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959(DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009) (emphasis in original).  Plaintiffs have failed to allege adequate injury above trademark infringement and, coupled with the out-of-state nature of their allegations against Core-Mark, warrant dismissal of Plaintiffs' claim under GBL § 349.

Count X – Common Law Unfair Competition:  Plaintiffs' unfair competition claim fails because New York requires a showing of bad faith.  *Technomarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790(KBF), 2012 WL 5278539, at *10 (S.D.N.Y. Oct. 24, 2012).  Plaintiffs claim should be dismissed because they do not and cannot allege such bad faith on behalf of Core-Mark.  Complaint ¶¶ 172-183, 315-319; *see* Stipulation at ¶ 1 (Core-Mark had no knowledge of counterfeit 5-HOUR ENERGY products).

Count XI – Common Law Unjust Enrichment:  Plaintiffs fail to state a claim for unjust enrichment because Plaintiffs do not and cannot properly allege that Core-Mark was enriched at Plaintiffs' expense.  *See In re JetBlue Privacy Litig.*, 379 F. Supp. 2d 299, 329 (E.D.N.Y. 2005).  Plaintiffs fail to allege that they "conferred a benefit on [Core-Mark], thereby resulting in [Core-Mark's] unjust enrichment."  *Id.*; Complaint ¶¶ 172-183, 320-322.  In fact, Core-Mark quarantined and turned over to Plaintiffs bottles of 5-HOUR ENERGY product bearing the indicia identified by Plaintiffs.  Complaint ¶ 183.

Accordingly, as demonstrated above, the Unsupported Claims should be dismissed.  Core-Mark proposes that it file its motion to dismiss by July 19, 2013, that Plaintiffs file a response by August 9, 2013 and that Core-Mark's reply is filed by August 23, 2013.  However, if settlement discussions progress, Core-Mark would be willing to postpone this briefing schedule.  If you have any questions regarding any of the above, please do not hesitate to contact the undersigned.

Respectfully submitted,

/s/ Randi W. Singer

Randi W. Singer

cc:  Counsel of Record (via ECF)

US_ACTIVE:\44273996\1\39021.0034