SELTZER | CAPLAN | McMAHON | VITEK
A LAW CORPORATION

www.scmv.com
619.685.3003
619.685.3100 FAX

750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101

DAVID M. GREELEY
greeley@scmv.com
(619) 685-3150
(619) 702-6893 FAX

NORMAN T. SELTZER
(1918-2011)

ROBERT CAPLAN
GERALD L. McMAHON
REGINALD A. VITEK
DAVID J. DORNE
JAMES R. DAWE
BRIAN T. SELTZER
JOYCE A. McCOY
DENNIS J. WICKHAM
JOHN H. ALSPAUGH
JAMES P. DELPHEY
ELINOR T. MERIDETH
MICHAEL G. NARDI
THOMAS F. STEINKE
NEAL P. PANISH
SEAN T. HARGADEN
DAVID J. ZUBKOFF
MICHAEL A. LEONE
J. SCOTT SCHEPER
DANIEL E. EATON
GREGORY A. VEGA
HOWARD J. BARNHORST, II
AMANDA L. HARRIS
DAVID M. GREELEY
CHARLES B. WITHAM
RHONDA CRANDALL
ROBERT (ROBIN) M. TRAYLOR
JOSEPH P. MARTINEZ
G. SCOTT WILLIAMS
MATTHEW M. MAHONEY
ERIK L. SCHRANER
DANIEL W. ABBOTT
JAMES H. SIEGEL
CHRISTINE M. LA PINTA
TODD E. HYATT
ANDREW D. BROOKS
ANGELA A. WOOLARD
JASON M. SANTANA
MICHAEL B. LEES
MATTHEW D. SELTZER
DAVID H. LICHTENSTEIN
ANDREA N. MYERS
MARISSA A. McARTHUR
TREVOR B. POTTER
BRIAN M. RAGEN
BRIAN M. KATUSIAN
REBECCA L. VAN LOON
JASON R. FAAS
PARISA F. WEISS
HILLARY M. DORNE

OF COUNSEL
LAWRENCE S. BRANTON
DAVID P. RUTH
LAURA M. LAMB
MARNIE WRIGHT BARNHORST

September 19, 2013

Honorable Kiyo A. Matsumoto            **Via ECF**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Innovation Ventures, LLC et al. v. Walid Jamil et al.*
        Docket No. 12 Civ. 05354; Our File No.: 15654.69841

Dear Judge Matsumoto:

I write on behalf of Defendants Joseph Shayota, Adriana Shayota and Tradeway Int'l Inc. dba Baja Exporting (collectively the "Baja Defendants") in response to Plaintiffs' letter of September 13, 2013. (Docket # 628.) On page 2 of that letter, Plaintiffs argue the improper venue portion of the motion. Therefore, in the event the Court considers this additional argument, the Baja Defendants respond to the argument as follows.

Plaintiffs argue that the Baja Defendants incorrectly characterize the "passing off" of alleged counterfeit goods as having occurred in San Diego. Plaintiffs miss the point of the Baja Defendants' statement and misstate the law. Plaintiffs may not simply establish venue for the case; Plaintiffs must establish venue for each cause of action as to each party. Plaintiffs' efforts to establish FDI as an agent of the Baja Defendants failed. (See Reply, p. 6, docket # 621.) Plaintiffs do not assert that anyone else acted as the agent of the Baja Defendants. Therefore, Plaintiffs must establish venue based on the acts of the Baja Defendants—not their supposed agents. The Baja Defendants sold the alleged counterfeit product in San Diego, and therefore, the "passing off" occurred in San Diego, not New York. Accordingly, a substantial part of the acts giving rise to the claims alleged against the Baja Defendants did not occur in New York; they occurred in San Diego.

The cases to which Plaintiffs cite in their letter brief do not support a finding of venue in this district. In assessing whether a substantial part of the events giving rise to the claim occurred in the judicial district, *Cartier v. Micha, Inc.*, 2007 WL 1187188 (S.D.N.Y.), 2007 U.S. Dist. LEXIS 29785, citing to *Vanity Fair Mills v. T. Eaton Co.*, stated as follows:

> Claims in trademark infringement and unfair competition cases arise
> not where the deceptive labels are affixed to the goods or where the

S E L T Z E R | C A P L A N | M c M A H O N | V I T E K

Honorable Kiyo A. Matsumoto
September 19, 2013
Page 2

goods are wrapped in the misleading packages, but where the passing off occurs, *i.e.,* **where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's**.

*Cartier*, *supra*, 2007 WL 1187188 at \*3 citing, *inter alia*, *Vanity Fair Mills v. T. Eaton Co*., 234 F.2d 633, 639 (2nd Cir. 1956) (emphasis added; internal quotations omitted).  *Cartier* also notes that "significant events or omissions material to the plaintiff's claim must have occurred in the district for venue to be proper."  *Id*. at \* 4 (internal quotations and citations omitted).   The only new case Plaintiffs cite, *Imagineering, Inc. v. Lukingbeal*, 1996 WL 148431 (S.D.N.Y. 1996), finds venue based on a small amount of sales in the district coupled with the defendant targeting the district with advertising and actively pursuing efforts to market the product by making sales presentations.  *Id*. at 1996 WL 148431, \* 4; 1996 U.S. Dist. LEXIS 3939.  Such facts are not present here.  The footnote in *Imagineering* to which Plaintiffs cite in their letter brief is dicta.   Here, either Quality King or FDI bought Baja's product in San Diego in the belief that it was buying Plaintiffs' products.  Therefore, as to the Baja Defendants, the "passing off" occurred in San Diego and no substantial part of the events giving rise to the claims against the Baja Defendants occurred in this district, making venue improper as to the Baja Defendants.

Very truly yours,

/s/ David M. Greeley

David M. Greeley, Firm Member
Seltzer Caplan McMahon Vitek
A Law Corporation

DMG:pcm

cc:     All Counsel via ECF

SELTZER | CAPLAN | McMAHON | VITEK

Honorable Kiyo A. Matsumoto
September 19, 2013
Page 3

P:\15\15654\69841\Pleads\Baja's Motion to Dismiss for lack of jurisdiction\Ltr to Judge re Plts letter.docx