**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

October 25, 2013

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

**By ECF**

Hon. Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  <u>Innovation Ventures, et al. v. Ultimate One Dist. Corp., et al. 12 Civ. 5354 (E.D.N.Y.)</u>

Dear Judge Matsumoto,

On behalf of Plaintiffs Living Essentials, LLC, Innovation Ventures, LLC, and International IP Holdings, LLC (collectively, "Living Essentials"), I write to inform the Court of a recent decision relevant to the Baja Defendants' pending motion to dismiss and/or transfer for lack of personal jurisdiction and/or improper venue.  The decision, *Floyd's 99 Holding, LLC v. Jude's Barbershop, Inc.*, 2013 U.S. Dist. LEXIS 123116 (E.D. Mich. Aug. 29, 2013), postdates Living Essentials' opposition to the Baja Defendants' motion.

In *Floyd's*, the Court stated the following rule for venue in a trademark case:

> Venue is proper under 28 U.S.C. §1391 in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). ***In a trademark suit brought under the Lanham Act, a "substantial part" of the events giving rise to the claims occur[s] in any district where consumers are likely to be confused by the accused goods***, "whether that occurs solely in one district or in many." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994); *see also Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995) ("The place where the alleged passing off occurred . . . provides an obvious correct venue.") . . . .

2013 U.S. Dist. LEXIS 123116, at *4-5 (emphasis added).

As the Baja Defendants concede, more than 1.4 million bottles of the counterfeit 5-hour ENERGY® they caused to be manufactured and distributed (over 36% of the total) were sold into this district.  Therefore, this is a district where purchasers were "likely to be confused by the accused goods," and accordingly, venue is proper here.

      Notably, *Floyd's* equates the place "where the passing off occurs" with the place *where consumer confusion is ultimately felt*—not the place where possession or title initially "passes" from the infringer to another party. *Floyd's* therefore undermines the Baja Defendants' arguments that venue properly lies only in the Southern District of California because that is the place where they loaded the counterfeits onto their direct customers' trucks. *Cf.* Letter from Geoffrey Potter (Dkt. No. 628) at 2.

      Finally, the venue rule stated in *Floyd's* does not turn on whether the infringer entered the forum district, advertised there, or took any other affirmative steps to direct the infringing product there. *Floyd's* is therefore consistent with the Second Circuit's observation that "venue focuses not on whether [the] defendant has made…contact" with the forum district, but simply "on the location where the events [giving rise to the claim] occurred." Living Essentials' Opposition Br. (Dkt. No. 625) at 27 (quoting *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992)). The confusion of countless ultimate purchasers of the Baja Defendants' counterfeits indisputably "occurred" in this district; nothing further is required. *Cf. Bates*, 980 F.2d at 868 (venue properly lay in district where unlawful debt-collection letter was ultimately received, even though sender took no affirmative steps to direct it there, and it was forwarded there without sender's knowledge).

Respectfully submitted,

Geoffrey Potter