**PAESANO | AKKASHIAN**

ATTORNEYS & COUNSELORS

Anthony R. Paesano
Brian M. Akkashian
Richard M. Apkarian Jr.
Michael C. Davidson
Daniel S. Hoops, Of Counsel

www.paesanoakkashian.com

7457 Franklin Road, Suite 200
Bloomfield Hills, Michigan 48301
P 248.792.6886
F 248.792.6885

7421 Beverly Boulevard, Suite 2
Los Angeles, California 90036
P 323.682.0700
F 323.682.0701

October 29, 2013

**VIA ECF**
Honorable Kiyo A. Matsumoto
Eastern District of New York
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Innovation Ventures, LLC et al. v Walid Jamil et al.*, Docket No: 12 Civ. 05354

Dear Judge Matsumoto:

The undersigned counsel represents Defendant Walid Jamil and this is in response to Plaintiffs' letter to the Court dated October 24, 2013. Based on Plaintiffs' letter to the Court, Mr. Jamil canceled his trip. Plaintiffs' counsel, Thomas Kurland, was informed by Mr. Jamil's counsel on the afternoon of Friday, October 25, 2013, that Mr. Jamil had canceled the trip, but refused to withdraw Plaintiffs' letter, despite Mr. Jamil's counsel's request that Plaintiffs do so. Mr. Jamil's counsel has also informed Plaintiffs that Mr. Jamil will appear for deposition on October 30, 2013, as originally scheduled.

Having said that, Mr. Jamil was scheduled to travel to Arizona this week with his 26 year old son, Kevin Jamil, who is moving there on a permanent basis. As part of the trip, Mr. Jamil also intended to visit one or more home health care companies, with which Charter Home Health Care may do business. In addition, part of the reason that Mr. Jamil was planning to accompany his son was to ascertain whether there may be a job opportunity for Kevin Jamil with one of the home health care companies Mr. Jamil intended to visit. As a result, in his October 24, 2013 email, Mr. Paesano characterized the trip as exactly what it was – partly business and partly "vacation," in that Mr. Jamil was moving his son to Arizona.

Importantly, the trip Mr. Jamil had intended to take does not violate this Court's August 1, 2013 Order in any way. The Order affords Mr. Jamil $2,760 per month for reasonable living expenses. Order, p. 13. Certainly costs incurred by a parent moving his son to Arizona because the son is permanently relocating to that state should be considered a "reasonable living expense." Moreover, Mr. Jamil's plane ticket to Arizona cost $580 and Mr. Jamil intended to share a hotel room with his son, for which the son was going to pay. Thus, nothing about Mr. Jamil's intended trip violated the Court's Order or would have exceeded the reasonable living expenses allowed by the Court.

Plaintiffs also make the argument that Mr. Jamil should somehow be precluded from traveling to Arizona because he has not deposited money into the Court's escrow account. Mr. Jamil has provided substantial financial documentation, which confirms that he does not have assets to deposit into the Court's escrow. Certainly he is not required to deposit into escrow the $2,760 allotted for reasonable living expenses, as such a requirement would render meaningless the Court's allowance of such expenses.

Finally, it is worth noting that Plaintiffs filed their letter within hours of Mr. Paesano's email. Plaintiffs made no attempt to contact Mr. Jamil's counsel or otherwise ascertain the nature of Mr. Jamil's trip, the costs associated with it, or who was paying those costs. Plaintiffs made no such inquiry because Plaintiffs don't care about what is actually going on, but only about how they can distort it to their advantage in this litigation.

Mr. Jamil respectfully requests that this Court deny any request by Plaintiffs for sanctions, and further requests that this Court issue an Order allowing Mr. Jamil to reschedule his Arizona trip, provided such travel does not violate the restrictions set forth in the Court's August 1, 2013 Order.

Very truly yours,

PAESANO AKKASHIAN, P.C.

Brian M. Akkashian

cc: Geoff Potter