# VANDEVEER GARZIA
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

**JAMES K. THOME**
**(248) 312-2910**
jthome@vgpclaw.com

1450 West Long Lake Road
Suite 100
Troy, MI 48098-6330
(248) 312-2800
Facsimile: (248) 267-1242
http://www.VGpcLAW.com

January 21, 2014

Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Innovation Ventures, LLC, et al v. Ultimate One Distributing Corp., et al
      Case No: 1:12-cv-05354-KAM-RLM
      File Number: C151-20733

Dear Judge Mann:

I represent Capital Sales Company ("CSC"), one of the defendants in this matter. For a number of years, CSC has been a good customer of the plaintiff, Living Essentials. This letter is in response to the plaintiffs' letter motion of January 17, 2014 related to the continued Rule 30(b)(6) deposition(s) of one or more representatives of the plaintiff, Dkt. # 658. This letter is also being filed pursuant to your order of January 17, 2014 inviting responses to the plaintiffs' letter motion.

### Products at Issue

As this Court is well aware, this case involves alleged counterfeit 5-hour Energy Shot products. If those products are truly counterfeit, the alleged counterfeiters were ingenious. The overall appearance of the alleged counterfeit products is virtually identical to the genuine products. The packaging itself is identical in every significant respect. See below:



**GENUINE PRODUCT**



**ALLEGED COUNTERFEIT PRODUCT**

    The point is that if the products at issue are counterfeit, then many of the defendants in this case were victimized as well.  Those defendants as well as all defendants should have the opportunity to determine what evidence there is in the possession of the plaintiffs that has convinced the plaintiffs to charge them with serious

and intentional wrongdoing. The most efficient way to obtain this information is through one or more Rule 30(b)(6) depositions.

### The Prior Deposition

On October 31, 2013 the plaintiffs did produce their Chief Financial Officer, Matthew Dolmage, for a deposition. The attorneys for defendant and third-party defendant Dan-Dee Company, Inc. ("Dan-Dee") conducted the deposition. Neither I nor other defense counsel present had a reasonable opportunity to ask questions about the allegations against our clients before the termination of the deposition. Therefore, information with respect to the allegations against CSC and many of the other defendants was not elicited in that deposition.

### The Request to Reconvene One or More Rule 30(b)(6) Depositions

The current defendants have asked to re-convene a Rule 30(b)(6) deposition of one or more representatives of the plaintiff in order to ask questions about the basis for the plaintiffs' claims against them and to determine what evidence exists with regard to those claims including allegations of intentional wrongdoing. This Court agreed: "… the other defendants are entitled to a 30(b)(6) deposition or possibly depositions. Dkt. # 658-7, p. 16, Transcript of 12/17/13 Hearing. The Court advised counsel to avoid duplicative questioning.

Following the telephonic hearing of December 17, 2013, attorneys for Quality King Distributors, Inc. ("QKD") did contact other defense counsel requesting information concerning estimated time for questioning of Rule 30(b)(6) witnesses and a description of topics that counsel anticipated to cover in a reconvened deposition. Based upon the responses that I was able to receive and review, I believe that all counsel who anticipated asking any questions in a reconvened Rule 30(b)(6) deposition responded with estimates of time and descriptions of topics that they intended to cover. As far as I could tell, counsel for QKD told plaintiffs' counsel what time was needed based partly on the responses from other defense counsel

Counsel for QKD plans to take the lead in any reconvened Rule 30(b)(6) depositions. Therefore, it is anticipated that counsel for QKD will ask any remaining general questions that might apply to all defendants and that were not covered by counsel for Dan-Dee in the prior deposition of Mr. Dolmage.

Based upon the responses and input from other defense counsel that I was able to review, I believe that defense counsel will make every effort to avoid duplication of prior questions and any future questioning in compliance with the directives of the Court. As an example, I am interested in what evidence the plaintiffs have with respect to specific activities of my client, Capital Sales Company, and what communications exist relating to CSC during the critical time frame in which CSC is interested, approximately April 1, 2012 through November 30, 2012. It is my understanding and belief that other defense counsel who anticipate questioning any witnesses that the

plaintiffs produce are interested in the same information about their respective clients and intend to limit their questioning to topics specific to their respective clients.

### Relief Requested

Capital Sales Company respectfully requests this Court to deny the request of the plaintiffs to relieve them of "any obligation to provide further deposition testimony" unless the defendants comply with the conditions that the plaintiff suggests. Dkt. # 658, p. 3. We believe that defense counsel has supplied sufficient information concerning proposed topics for questioning.

Capital Sales Company has no objection to convening any future depositions in the Detroit, Michigan area.

Respectfully submitted,

James K. Thome

JKT/rls