**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Randi W. Singer**
+1 (212) 310-8152
randi.singer@weil.com

BY ECF

January 21, 2014

Hon. Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Innovation Ventures, LLC et al. v. Ultimate One Distributing Corp., et al., No. 12 Civ. 5354**

Dear Judge Mann:

We represent Defendant Core-Mark International, Inc. ("Core-Mark") in the above-captioned litigation. We write in opposition to Plaintiffs' January 17, 2014 letter seeking to limit the ability of Defendants in this action from taking Plaintiffs' deposition and "relieving [Plaintiff] of any obligation to provide further deposition testimony unless and until QKD and its co-defendants fully comply with the Federal Rules and this Court's directions." *See* Docket No. 658. Plaintiffs ignore that Quality King Distributors, Inc. ("Quality King") and the Defendants are complying with this Court's directions and the Federal Rules and therefore, Plaintiffs motion should be denied.

Plaintiffs chose to institute two separate actions, one in California against 18 defendants, and the second in New York involving 68 defendants. *See* Docket No. 452. The idea that one day of deposition would be sufficient to address the concerns of 86 defendants (and to expect coordination of 86 defendants, many of whom are only in the New York action and not in the California action) is an unfair and undue burden on defendants and should not be sanctioned by the Court. Moreover, counsel for Quality King, the intended lead counsel for the New York action deposition, attended the California action deposition of Plaintiffs' designee and was prepared to question the witness, however, counsel was unable to question the witness as the California action defendants used the limited time that Plaintiffs' counsel allowed for questioning. *See* Docket No. 646. As discovery in these two actions has not been consolidated, *see* Docket No. 452, it is therefore within Plaintiffs' reasonable expectation that they should be subject to at least two Rule 30(b)(6) depositions. Further, as Your Honor acknowledged, "it was plaintiffs' decision to name all those defendants, that to say that because there's been a nine-hour 30(b)(6) deposition notice by one party that that's the end of it and no other parties are entitled to a 30(b)(6) witness I think is not a reasonable or fair position to take." *See* Docket No. 658-7.

Defendants in the New York action have adhered to this Court's ruling from December 17, 2013, *see* Docket No. 658-7, and will have Quality King act as lead counsel covering the common topics for the New York action. While Defendants have asked Plaintiffs to set aside three days for examination in order to allow time for certain defendant-specific questioning, Core-Mark and others have acknowledged that Quality King's questioning may obviate the need for further examination. Plaintiffs

January 21, 2014
Page 2

**Weil, Gotshal & Manges LLP**

appear to object to the length of time proposed, ignoring that a seven-hour deposition day would amount to six minutes of questioning per the 68 defendants that Plaintiffs chose to sue, many of whom Plaintiffs acknowledge had no role in instigating the alleged counterfeiting conduct. Moreover, Quality King has repeatedly assured Plaintiffs and this Court that it would take into account testimony from Plaintiffs' California action 30(b)(6) deposition and that it does not plan to waste time on questions that have been asked and answered. *See* Docket Nos. 646, 658-7. Therefore, Plaintiffs' concern that the further deposition will result in "repetitious and burdensome examination" is unwarranted. *See* Docket No. 658.

Plaintiffs' complaint regarding the "failure to provide a collective list of topics" for examination is also unwarranted. Lead counsel for the 30(b)(6) deposition has already provided an amended notice of deposition topics that Plaintiffs have been aware of for months. *See* Docket No. 646. Plaintiffs should not be allowed to continue stalling its deposition by requesting essentially a list of all proposed deposition questions.

Further, mediation between Core-Mark, Plaintiffs and other Defendants is currently scheduled for mid-March. Your Honor recently so-ordered a stipulation between Plaintiffs and several Defendants that indicated the scheduling for mediation and for Plaintiffs' deposition. *See* Docket No. 656. However, such mediation is contingent upon Plaintiffs' deposition occurring prior to mediation. Restrictions on Plaintiffs' deposition will therefore prevent the planned mediation from proceeding as expected and hinder potential settlement of this action.

Defendant Core-Mark therefore respectfully requests that this Court deny Plaintiffs' motion for a protective order and allow the 30(b)(6) deposition of Plaintiffs' corporate designee to proceed accordingly.

We are available at the Court's convenience to answer any questions or if the Court wishes to discuss further.


Respectfully submitted,

/s/ Randi W. Singer


cc: Counsel of Record (via ECF)