UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATION VENTURES, LLC; LIVING ESSENTIALS, LLC; and INTERNATIONAL IP HOLDINGS, LLC,<br><br>     Plaintiffs,<br><br>  -against-<br><br>ULTIMATE ONE DISTRIBUTING CORP., ET AL.,<br><br>     Defendants. | 12-cv-05354 (KAM-RLM)<br><br>**AMENDED ANSWER OF TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING), JOE SHAYOTA AND ADRIANA SHAYOTA TO FIRST AMENDED CROSS CLAIMS OF MIDWEST WHOLESALE DISTRIBUTORS, INC., WALID JAMIL AND JUSTIN SHAYOTA** |

COMES NOW Third-Party Defendants and Cross-Defendants, TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING), JOSEPH SHAYOTA and ADRIANA SHAYOTA (collectively, the "Baja Defendants" or "Responding Parties") hereby respond to the Cross Claims of Third-Party Defendants and Cross-Defendants Midwest Wholesale Distributors, Inc., Walid Jamil, and Justin Shayota (collectively, the "Midwest Cross-Claimants") [Docket #499] as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Responding Parties lack sufficient information to admit or deny the allegations in ¶ 1 and therefore deny these allegations.

2.     Responding Parties admit that Walid Jamil is an individual. Except as expressly admitted, Responding Parties lack sufficient information to admit or deny the remaining allegations in ¶ 2 and therefore deny these allegations.

3.     Responding Parties admit that Justin Shayota is an individual. Except as expressly admitted, Responding Parties lack sufficient information to admit or deny the remaining allegations in ¶ 3 and therefore deny these allegations.

1

4. Responding Parties admit that Raid Jamil is an individual. Except as expressly admitted, Responding Parties lack sufficient information to admit or deny the remaining allegations in ¶ 4 and therefore deny these allegations.

5. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 5 and therefore deny these allegations.

6. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 6 and therefore deny these allegations.

7. Responding Parties admit the allegations in ¶ 7.

8. Responding Parties admit the allegations in ¶ 8.

9. Responding Parties deny the allegations in ¶ 9.

10. Responding Parties admit the allegations in ¶ 10.

11. Responding Parties deny the allegations in ¶ 11.

12. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 12 and therefore deny these allegations.

13. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 13 and therefore deny these allegations.

14. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 14 and therefore deny these allegations.

15. Responding Parties deny the allegations in ¶ 15.

16. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 16 and therefore deny these allegations.

## **GENERAL ALLEGATIONS**

17. Paragraph 17 restates the general allegations of the Midwest Cross-Claimants' claims against Plaintiffs; as to Paragraph 17 as stated, Responding Parties assert the paragraph is improper. To the extent Responding Parties are required to respond to the general allegations contained in the Midwest Cross-Claimants' claims against the Plaintiffs, such allegations are in

paragraphs 9-33 on pages 36-40 of the same pleading in which the Midwest Cross-Claimants assert their claims against Responding Parties, Docket # 499.

**Responding Parties' Response to Midwest Cross-Claimants'**

**General Allegations As To Plaintiffs As Set Forth On Pages 36-40, ¶¶ 9-33**

18. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 9 and therefore deny these allegations.

19. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 10 and therefore deny these allegations.

20. Responding Parties admit that Justin Shayota is the nephew of Walid Jamil. Except as expressly admitted, Responding Parties lack sufficient information to admit or deny the remaining allegations in ¶ 11 and therefore deny these allegations.

21. Responding Parties admit that Joseph Shayota spoke to Robert McCormack by telephone in 2011. Except as expressly admitted, Responding Parties deny the allegations in ¶ 12.

22. Responding Parties admit that Adriana Shayota is the principal shareholder of Tradeway Int'l, Inc. d/b/a Baja Exporting. Except as expressly admitted, Responding Parties deny the remaining allegations in ¶ 13.

23. Responding Parties admit that Tradeway Int'l, Inc. d/b/a Baja Exporting was the exclusive distributor of 5-Hour Energy products in Mexico at one time. Except as expressly admitted, Responding Parties deny the remaining allegations in ¶ 14.

24. Responding Parties admit that during a telephone conversation, Joseph Shayota communicated to McCormack that it was difficult to sell 5 Hour product in Mexico. Except as expressly admitted, Responding Parties deny the allegations in ¶ 15.

25. Responding Parties deny the allegations in ¶ 16.

26. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 17 and therefore deny these allegations.

27. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 18 and therefore deny these allegations.

28. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 19 and therefore deny these allegations

29. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 20 and therefore deny these allegations.

30. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 21 and therefore deny these allegations

31. Responding Parties admit that they are in possession of an invoice dated November 23, 2011 issued by JT Wholesale, Inc. Except as expressly admitted, Responding Parties deny the allegations in ¶ 22.

32. Responding Parties admit that they are in possession of an invoice dated December 2, 2011 issued by Midwest Wholesale Distributors. Except as expressly admitted, Responding Parties deny the allegations in ¶ 23.

33. Responding Parties deny the allegations in ¶ 24.

34. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 25 and therefore deny these allegations

35. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 26 and therefore deny these allegations

36. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 27 and therefore deny these allegations

37. Responding Parties deny the allegations in ¶ 28.

38. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 29 and therefore deny these allegations.

39. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 30 and therefore deny these allegations.

40. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 31 and therefore deny these allegations.

41. Responding Parties deny the allegations in ¶ 32.

42. Responding Parties lack sufficient information to admit or deny the allegations in ¶ 33 and therefore deny these allegations.

### Count 1- Fraudulent Misrepresentation

43. Paragraph 18 does not require a response as it simply realleges and incorporates the allegations contained in the Midwest Cross-Claimants' cross-claim. To the extent it includes any allegations, those allegations are denied.

44. Responding Parties deny the allegations in ¶ 19.

45. Responding Parties deny the allegations in ¶ 20.

46. Responding Parties deny the allegations in ¶ 21.

47. Responding Parties deny the allegations in ¶ 22.

48. Responding Parties deny the allegations in ¶ 23.

49. Responding Parties deny the allegations in ¶ 24.

### Count II – Innocent Misrepresentation

50. Paragraph 25 does not require a response as it simply realleges and incorporates the allegations contained in the Midwest Cross-Claimants' cross-claim. To the extent it includes any allegations, those allegations are denied.

51. Responding Parties deny the allegations in ¶ 26.

52. Responding Parties deny the allegations in ¶ 27.

53. Responding Parties deny the allegations in ¶ 28.

### Count III – Silent Fraud

54. Paragraph 29 does not require a response as it simply realleges and incorporates the allegations contained in the Midwest Cross-Claimants' cross-claim. To the extent it includes any allegations, those allegations are denied.

55. Responding Parties deny the allegations in ¶ 30.

56. Responding Parties deny the allegations in ¶ 31.

## Count IV – Indemnification

57. Paragraph 32 does not require a response as it simply realleges and incorporates the allegations contained in the Midwest Cross-Claimants' cross-claim. To the extent it includes any allegations, those allegations are denied.

58. Responding Parties admit that Living Essentials has commenced litigation against the Midwest Cross-Claimants. Except as expressly admitted, Responding Parties deny the remaining allegations of ¶ 33

59. Responding Parties deny the allegations in ¶ 34.

60. Responding Parties deny the allegations in ¶ 35.

## Count V – Contribution

61. Paragraph 36 does not require a response as it simply realleges and incorporates the allegations contained in the Midwest Cross-Claimants' cross-claim. To the extent it includes any allegations, those allegations are denied.

62. Responding Parties deny the allegations in ¶ 37.

## REQUEST FOR RELIEF

63. Responding Parties deny the allegations in ¶ 38.

## BAJA DEFENDANTS' AFFIRMATIVE DEFENSES
## TO MIDWEST CROSS-CLAIMANTS' CROSS-CLAIM

Baja Defendants allege the following as separate and affirmative defenses to the cause of action set forth in the Midwest Cross-Claimants' cross-claim:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Baja Defendants allege that the cross-claim, and each claim for relief therein, fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Baja Defendants allege that, if it is shown that the Midwest Cross-Claimants willfully or intentionally engaged in the distribution of counterfeit product, then the Midwest Cross-Claimants should be estopped from pursuing their claims against Responding Parties.

## THIRD AFFIRMATIVE DEFENSE
### (Offset)

Baja Defendants allege that the Midwest Cross-Claimants' claims are subject to offsets, including but not limited to offsets for amounts Baja Exporting loaned to Walid Jamil and Midwest.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Baja Defendants allege that, if it is shown that the Midwest Cross-Claimants willfully or intentionally engaged in the distribution of counterfeit product, then the Midwest Cross-Claimants' claims should be precluded because the Midwest Cross-Claimants would be coming to this Court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence and Comparative Fault)

If Plaintiffs prove some or all of their claims against the Midwest Cross-Claimants, then the Midwest Cross-Claimants' claims would be barred in whole or in part pursuant to the doctrines of contributory negligence and comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

In the event the Responding Parties are found to have violated any rights of the Midwest Cross-Claimants, which the Responding Parties deny, such violations were done with innocent intent and were not willful or intentional.

## SEVENTH AFFIRMATIVE DEFENSE
### (Indemnification and Contribution)

In the event the Responding Parties are found to have violated any rights of the Midwest Cross-Claimants, which Responding Parties deny, the Responding Parties are entitled to equitable indemnity and contribution from tortfeasors.

## EIGHTH AFFIRMATIVE DEFENSE
### (Damages Speculative)

The damages the Midwest Cross-Claimants seek are speculative.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The Midwest Cross-Claimants have failed to mitigate any damages to which they allege they have suffered.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

The Midwest Cross-Claimants' cross-claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Release Based on Settlement)

As a result of Responding Parties' arms-length, good-faith settlement with Plaintiffs, any claims for indemnity or contribution against Responding Parties are barred and have been released pursuant to California Code of Civil Procedure section 877, New York's General Obligations Law, section 15-108 and/or any other similar law.

## TWELFTH AFFIRMATIVE DEFENSE
### (*In Pari Delicto*)

Baja Defendants allege that the Midwest Cross-Claimants' claims should be precluded based on the doctrine of In Pari Delicto.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Illegality)

Baja Defendants allege that if the Midwest Cross-Claimants engaged in illegal conduct, as Plaintiffs allege in their operative complaint in this action, then the Midwest Cross-Claimants' claims should be precluded and damages barred as a result of engaging in such illegal conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Responding Parties reserve the right to amend this answer and assert additional affirmative defenses as they learn new information through discovery.

**WHEREFORE**, Responding Parties pray as follows:

a.  That the Midwest Cross-Claimants takes nothing by way of its Cross-claim;

b.  That judgment be entered in favor of the Responding Parties and against the Midwest Cross-Claimants;

c.  That Responding Parties be awarded their costs of suit incurred herein; and

d.  For such other and further relief as the Court deems just and proper.

Dated: February 21, 2014	SELTZER CAPLAN MCMAHON VITEK


By:  /s/ *David M. Greeley*
David M. Greeley
750 B Street, Suite 2100
San Diego, California 92101
greeley@scmv.com
T: (619) 685-3003 / F: (619) 685-3100
Attorneys for Tradeway Int'l, Inc. dba Baja Exporting, Joseph Shayota, and Adriana Shayota

## DEMAND FOR JURY TRIAL

The Responding Parties demand a jury trial pursuant to Federal Rules of Civil Procedure Rule 38.

Dated: February 21, 2014	SELTZER CAPLAN MCMAHON VITEK


By:  /s/ *David M. Greeley*
David M. Greeley
750 B Street, Suite 2100
San Diego, California 92101
greeley@scmv.com
T: (619) 685-3003 / F: (619) 685-3100
Attorneys for Tradeway Int'l, Inc. dba Baja Exporting, Joseph Shayota, and Adriana Shayota

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2014, I caused the **AMENDED ANSWER OF TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING), JOE SHAYOTA AND ADRIANA SHAYOTA TO CROSS CLAIMS OF MIDWEST WHOLESALE DISTRIBUTORS, INC., WALID JAMIL AND JUSTIN SHAYOTA** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 21, 2014.

By: /s/ *David M. Greeley*
David M. Greeley
Seltzer Caplan McMahon Vitek
750 B Street, Suite 2100
San Diego, California 92101
greeley@scmv.com
T: (619) 685-3003 / F: (619) 685-3100
Attorneys for Tradeway Int'l, Inc. dba Baja Exporting, Joseph Shayota, and Adriana Shayota