

**PAESANO | AKKASHIAN**

ATTORNEYS & COUNSELORS

Richard M. Apkarian Jr.
7547 Franklin Road, Suite 200
Bloomfield Hills, Michigan 48301
P 248.792.6886
F 248.792.6885
rapkarian@paesanoakkashian.com
www.paesanoakkashian.com

February 21, 2014

**VIA ECF AND FACSIMILE (718) 613-2185**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
c/o Clerk of the Court
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Innovation Ventures, LLC et al. v. Ultimate One Distributing Co., et al.,* Case No: 12 Civ. 05354; and *Innovation Ventures, LLC et al. v. Pittsburgh Wholesale Grocers, et al.,* Case No. 13 Civ. 06397.

Dear Judge Matsumoto:

    This letter is being sent to the Court pursuant to Rule (IV)(B)(1) of the Court's Chamber Practices and in response to the Baja Parties' request for a pre-motion conference in connection with their contemplated motions for summary judgment as to cross claims filed by Cross-Plaintiffs Midwest Wholesale Distributors, Inc., Walid Jamil and Justin Shayota (collectively, the "Midwest Parties"). This office represents the Midwest Parties in this case.

    The Midwest Parties do not object to participating in a pre-motion conference with the Court, however, they will oppose the contemplated motions.

    As the Midwest Parties have stated throughout this case, the Baja Parties are the ones that brought the Midwest Parties into the 5 Hour Energy business. Baja Exporting was an authorized 5 Hour distributor and, with the approval of 5 Hour executive Robert McCormack, hired Midwest Wholesale to change or affix labels and re-pack 5 Hour Energy. The Midwest Parties never manufactured or tampered with any product. If that product was counterfeit, a fact that has *not* been proven, the Midwest Parties had no such knowledge. As a result, the Midwest Parties properly asserted cross claims against the Baja Parties for fraud, indemnification, contribution, among other claims, after the Midwest Parties were dragged into this litigation.

    Notwithstanding the foregoing, the Baja Parties assert that the cross claims fail under the doctrine of *in pari delicto*. They are incorrect for various reasons, including, but not limited to, they falsely assert that "it is *undisputed* that the Midwest Parties engaged in illegal activity and wrongdoing," and that "Walid Jamil and Justin Shayota *admit* to distributing 5-Hour Energy product that they *knew had not been authorized or approved by 5-Hour Energy*." (Greeley Letter, pp. 1-2). On the contrary, the allegations are disputed and the Midwest

1

Parties have denied all wrongdoing. Only if these allegations are proven would the doctrine of *in pari delicto* come into play. Thus, the doctrine is not applicable in this case or, at a minimum, premature.[1]

As to the briefing schedule for the contemplated motions, the Midwest Parties request a delay until the Rule 30(b)(6) deposition of Plaintiffs is completed. The Midwest Parties intend to ask questions to Plaintiffs' corporate representative(s) related to Plaintiffs' distributorship relationship with Baja Exporting and Plaintiffs' knowledge of or permission to Baja or Midwest in changing labels, among other topics, which directly impact Baja's contemplated motions. (**Exhibit A**, Midwest's Notice of Deposition). The date of Plaintiffs' deposition has not yet been finalized, but it is anticipated that it will occur in March or April. Further, counsel for the Midwest Parties has several scheduled commitments in March, which will make it difficult to prepare responsive briefs during that month. The Midwest Parties suggest a briefing schedule that includes: (1) the Baja Parties filing their motions by May 1, 2014, (2) the Midwest Parties filing their responses by May 21, 2014, and (3) the Baja Parties filing their reply briefs by June 2, 2014.

Very truly yours,

PAESANO AKKASHIAN, PC

Richard M. Apkarian Jr.

cc:   All counsel of record (via ecf)

---

[1] The Midwest Parties intend to asset additional defenses in their formal response briefs.

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

INNOVATION VENTURES, LLC, LIVING
ESSENTIALS, LLC, and INTERNATIONAL
IP HOLDINGS, LLC,

                Plaintiffs,

    -against-

ULTIMATE ONE DISTRIBUTING CORP.;
ET AL.,

                Defendants.

12 Civ. 5354 (KAM)

**MIDWEST DEFENDANTS'
NOTICE OF DEPOSITION OF
PLAINTIFFS PURSUANT TO
FED. R. CIV. P. 30(b)(6)**

---

    Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Midwest Wholesale Distributers, Inc., Walid Jamil, Raid Jamil, Justin Shayota, JT Wholesale, Inc., and Trimexico, Inc. (collectively "Midwest Defendants") will take the deposition by oral examination of plaintiffs Innovation Ventures, LLC; Living Essentials, LLC; and International IP Holdings, LLC (collectively "Plaintiffs") before a notary public or other officer authorized by law to administer oaths at a date, time and location to be set by agreement of the parties. The deposition shall continue from day-to-day until completed, may be videotaped and may be transcribed stenographically. You are invited to attend.

    Pursuant to Fed R Civ P 30(b)(6), the Plaintiffs must designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on their behalf, for examination on the topics set forth in the attached Schedule A. The person(s) designated must testify about information known or reasonably available to Plaintiffs.

    Midwest Defendants also join in the notice of Rule 30(b)(6) deposition of the Plaintiffs issued by Quality King Distributors, Inc.

<table>
<tr><td></td><td>PAESANO AKKASHIAN, P.C.<br><br>By: /s/ Richard M. Apkarian<br>      Richard M. Apkarian Jr. (P66206)<br>7457 Franklin Road, Suite 200<br>Bloomfield Hills, MI 48301<br>(248) 792-6886</td></tr>
<tr><td>Dated: February 5, 2014</td><td>*Counsel for the Midwest Defendants*</td></tr>
</table>

## SCHEDULE A - DEPOSITION TOPICS

1. Plaintiffs' distributorship relationship with Baja Exporting.

2. Plaintiffs' efforts to sell 5 Hour Energy in Mexico.

3. Plaintiffs' knowledge of, or permission for, Baja or Midwest changing Spanish labels of 5 Hour Energy to English.

4. Plaintiffs' knowledge of, or assistance in moving, 5 Hour Energy across the US-Mexican border.

5. Plaintiffs' knowledge of, or relationship with, Leslie Roman and One Stop Label.

6. All current and past manufacturers or 5 Hour Energy product, labels and boxes.

7. Plaintiffs' distributorship relationship with Dan Dee.

8. Plaintiffs' surveillance of the Midwest Parties.

9. Plaintiffs' execution of seizure orders at the Midwest facilities and Walid Jamil's home.

10. The location of the seized, and alleged counterfeit, 5 Hour Energy from Midwest, the chain of custody from the date of seizure through today, and the names of all persons and entities that have, or have had, custody or control.

11. Robert McCormack's job duties, responsibilities, and authority.

12. Plaintiffs' disclosing of the 5 Hour Energy formula to Baja.