**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

INNOVATION VENTURES, LLC; LIVING ESSENTIALS, LLC; and INTERNATIONAL IP HOLDINGS, LLC,

                Plaintiffs,

-against-

ULTIMATE ONE DISTRIBUTING CORP., et al.,

                Defendants.

---------------------------------------------------------------- x

12 Civ. 5354 (KAM) (RLM)

**[PROPOSED] CONSENT ORDER**

On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (together, "Living Essentials") and Defendant CVS Pharmacy, Inc., a Rhode Island corporation ("CVS") accidentally identified as CVS Caremark Corporation, a Delaware corporation in the Complaint, it is hereby ORDERED, ADJUDGED and DECREED:

1. For purposes of this Consent Order, the "5 HOUR ENERGY Marks" are:

   - "5 HOUR ENERGY" (Registration No. 3,003,077);

   - "5-HOUR ENERGY" (Registration No. 4,004,225);

   -  (Registration No. 4,104,670);

   - which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- ![running man icon], commonly referred to as "Running Man," (Registration No. 3,698,044); and

- ![5-hour ENERGY logo] which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2. Subject to the terms of Paragraphs 3 and 4 hereof, CVS and its agents, servants, employees, and all other persons in active concert and participation with them, are enjoined from:

(a) using any of the 5 HOUR ENERGY Marks (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

(b) buying, selling, transferring (other than to Plaintiffs or law enforcement officials), altering, or destroying any counterfeit products bearing any of the 5 HOUR ENERGY Marks;

(c) destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement or receipt of any product bearing a counterfeit of any of the 5 HOUR ENERGY Marks; and

(d) assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

3. For the duration of this Order, if CVS chooses to purchase any products with any of the 5 HOUR ENERGY Marks from anyone other than Plaintiffs or one of Plaintiffs' authorized brokers, CVS shall obtain a pedigree signed by the supplier that traces the product back to one of the Plaintiffs or one of their authorized brokers. The signed pedigree shall include, at a minimum, an unbroken chain of invoices from one of the Plaintiffs or one of their authorized brokers to CVS showing the identity of each vendor, and to the extent available, lot numbers, product type, and expiration dates of the product. CVS shall retain any records documenting the sale, distribution, receipt, or pedigree of any product bearing any of the 5 HOUR ENERGY Marks for a period consistent with its current business practices but no less than two years. The records may be retained in electronic form, or as otherwise consistent with CVS's then-current business practices.

4. If subsequent to the date of this Order, counterfeit products bearing any of the 5 HOUR ENERGY Marks are found in any CVS store, CVS shall not be in violation of this Order if CVS, from the date of this Order, has bought products bearing the 5 HOUR ENERGY Marks solely from one or more of the following three sources: (a) one or more of the Plaintiffs, (b) a broker authorized by one or more of the Plaintiffs, or (c) another supplier which has given CVS a written pedigree signed by that supplier that fully complies with the requirements of paragraph three above, and provided that CVS has fully complied with its other obligations under paragraph three.

5. Nothing contained in this Consent Order is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability on the part of CVS. Further, it is expressly understood and acknowledged that CVS maintains that it did not purchase or sell any counterfeit products, did not know or had reason to know that any of

the Living Essentials products that it purchased and thereafter sold were other than genuine, and CVS maintains that it made reasonable efforts to ensure that the Living Essentials products it purchased and resold were genuine.

6. Any claims that CVS may have against any other individual or entity arising out of their purchase, distribution, advertising, offering for sale, and sale in commerce of products containing the 5-hour ENERGY® Marks, except any such claims that it may have against Quality King Distributors, Inc. ("QKD") or any entity or individual affiliated with QKD, are hereby assigned to Living Essentials.

7. In addition to other remedies, including damages, for contempt of this Consent Order, in the event of breach or violation of the terms of this Consent Order by CVS, its servants, employees, affiliates, or subsidiaries, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Living Essentials and CVS agree that jurisdiction and venue for such an action exist in this District Court, and CVS waives any and all defenses based on personal jurisdiction and venue.

8. This Consent Order is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed with prejudice against only CVS, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Order or the settlement of this action with regard to CVS. In the event of a dispute covered by the preceding sentence, the prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of reasonable attorneys' fees incurred by reason of any such dispute.

9. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: March 5, 2014

| PATTERSON BELKNAP WEBB & TYLER LLP | KENYON & KENYON LLP |
|---|---|
| By: *(signature)* <br> Geoffrey Potter <br> gpotter@pbwt.com <br> Christos Yatrakis <br> cyatrakis@pbwt.com <br> 1133 Avenue of the Americas <br> New York, New York 10036 <br> (212) 336-2000 <br> Attorneys for Plaintiffs | By: *(signature)* <br> Howard J. Shire <br> hshire@kenyon.com <br> One Broadway <br> New York, NY 10004-1004 <br> (212) 908-6205 <br> Attorneys for Defendant CVS Pharmacy, Inc. |

**IT IS SO ORDERED**

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE