UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
INNOVATION VENTURES, LLC; LIVING
ESSENTIALS, LLC; and INTERNATIONAL IP
HOLDINGS, LLC,

        Plaintiffs,

-against-

ULTIMATE ONE DISTRIBUTING CORP., et
al.,

        Defendants.
-------------------------------------------------------------- x

12 Civ. 5354 (KAM) (RLM)

[PROPOSED] CONSENT
JUDGMENT AND PERMANENT
INJUNCTION

On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (together, "Living Essentials") and 7-Eleven Store #25449C-2422 *East Meadow Food, Inc. d/b/a*, it is hereby ORDERED, ADJUDGED and DECREED:

  1. For purposes of this injunction, the "5-hour ENERGY® Marks" are:

- "5 HOUR ENERGY" (Registration No. 3,003,077);

- "5-HOUR ENERGY" (Registration No. 4,004,225);

- **5-hour ENERGY** (Registration No. 4,104,670);

- [image] which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

6052454v.1

-  commonly referred to as "Running Man." (Registration No. 3,698,044); and

-  which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2. For purposes of this injunction, the "5-hour ENERGY® Trade Dress" is the distinctive packaging used to distinguish 5-hour ENERGY® products in the marketplace and which consumers associate strongly with the products. The packaging is shown as follows:

6052454v.1

3. 7-Eleven Store #25449C-2422, its agents, servants, employees, affiliates, or any other person in active concert and participation with it, is permanently enjoined from:

    a. using any of the 5-hour ENERGY® Marks, as defined in Paragraph 1 (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

    b. using any logo, trade name, or trademark confusingly similar to any of the 5-hour ENERGY® Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of 7-Eleven Store #25449C-2422 or of others are sponsored by, authorized by, or in any way associated with Living Essentials;

    c. infringing any of the 5-hour ENERGY® Marks or the 5-hour ENERGY® Trade Dress;

    d. falsely representing itself as being connected with Living Essentials or sponsored by or associated with Living Essentials, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing public to believe that they or the other defendants are associated with Living Essentials, provided, however, that the purchase and sale of 5-hour ENERGY® products shall not in and of itself fall within this sub-paragraph;

    e.    using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-hour ENERGY® Marks in connection with the publicity, promotion, sale, or advertising of dietary supplements;

    f.    affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent those goods as being 5-hour ENERGY® and from offering such goods in commerce;

    g.    buying, selling, transferring (other than to Living Essentials or law enforcement officials), altering, or destroying any counterfeit products with the 5-hour ENERGY® Marks;

    h.    diluting any of the 5-hour ENERGY® Marks; and

    i.    assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

4.    Nothing contained in this Consent Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the 7-Eleven Store #25449C-2422.

5.    Any claims that 7-Eleven Store #25449C-2422 may have against any other individual or entity arising out of their purchase, distribution, advertising, offering for sale, and sale in commerce of the products containing the 5-hour ENERGY® Marks are hereby assigned to Living Essentials.

6.    In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by 7-

6052454v.1

Eleven Store #25449C-2422, its agents, servants, employees, affiliates, subsidiaries or any other person in active concert and participation with it, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Living Essentials and 7-Eleven Store #25449C-2422 each agree that jurisdiction and venue for such an action exist in this District Court and 7-Eleven Store #25449C-2422 waives any and all defenses based on personal jurisdiction and venue.

7. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed with prejudice only against 7-Eleven Store #25449C-2422, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to 7-Eleven Store #25449C-2422. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

8. Signatures transmitted electronically or by facsimile shall be deemed original.

6052454v 1

Dated: ~~January~~ March 12, 2014

INNOVATION VENTURES, LLC,
LIVING ESSENTIALS, LLC, and
INTERNATIONAL IP HOLDINGS, LLC

By: /s/
Geoffrey Potter, Esq.
Christos Yatrakis, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Innovation Ventures, LLC,
Living Essentials, LLC, and
International IP Holdings, LLC*

EAST MEADOW FOOD, INC D/B
7-ELEVEN STORE #25449C-2422

By: /s/
Arnold J. Hauptman, Esq.
686 Broadway
Massapequa, New York 11758
*Attorney for 7-Eleven Store #25449C-2422*

**IT IS SO ORDERED.**

HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE

6052454v.1