# GOODMAN & SAPERSTEIN
### COUNSELLORS AT LAW

100 Garden City Plaza, Suite 412-B
Garden City, NY 11530
Phone 516.227.2100
Fax 516.227.2108
gsesq600@aol.com

STANLEY R. GOODMAN
MARTIN I. SAPERSTEIN

By ECF

March 24, 2014

Hon. Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Innovation Ventures, LLC, et al. v. Ultimate One Distributing Corp., et al.**
**1:12-cv-5354**

Dear Judge Mann:

I write on behalf of Defendants Food Distributors International, Inc. and Scott Tilbrook (collectively, "FDI Defendants") and Purity Wholesale Grocers, Inc. ("Purity Wholesale"), in response to Plaintiffs' March 19, 2014 letter (filed March 20, 2014), seeking a protective order (1) quashing and/or limiting certain topics noticed for the deposition of Plaintiffs' Rule 30(b)(6) witness and (2) limiting that deposition to one day. In their letter Plaintiffs characterize the deposition as being "reopened". The fact is that none of the many Defendants in the New York Action have been given the opportunity to depose Plaintiffs, although Plaintiffs seek millions of dollars in damages from these Defendants. Seeking to spare its 30(b)(6) witness from having to articulate facts in support of their Complaint allegations, Plaintiffs want the Defendants to frame contention interrogatories instead, which given Plaintiffs stalwart attempts at refusing to give disclosure, will no doubt result in additional discovery disputes, because Plaintiffs will either object or give cursory responses.

My Clients' Rule 30(b)(6) Deposition Topics are annexed hereto as Exhibit "A". They number only eight. Appreciating that Nos. 1-4 are no longer necessary, they are withdrawn. Therefore we have but four topics, but they are of crucial importance to the FDI Defendants and Purity Wholesale, because they relate to damages. This case involves counterfeit trademarks. In the case of a counterfeit mark, 15 USC 1117(b) provides for treble damages for willful infringement, absent extenuating circumstances. 17 USC 504(2) provides for statutory damages of up to $150,000 for willful copyright infringement.

The FDI Defendants were brought into the case in Plaintiffs' Third Amended Complaint dated November 6, 2012, wherein they and all of the other Defendants were accused in blunderbuss fashion of a conspiracy to infringe Plaintiffs' trademarks as well as engaging in

willful trademark infringement and copyright infringement. These were conclusory allegations. Purity Wholesale was brought into the case in Plaintiffs' Fourth Amended Complaint dated November 21, 2012, containing similar claims and allegations. In both Complaints, the allegations pertaining to willful trademark infringement were not pled upon information and belief . Ostensibly then in November, 2012, Plaintiffs, before they embarked on discovery, had evidence that at the least the FDI Defendants and Purity Wholesale had engaged in willful trademark infringement and therefore were subject to treble damages. For, pleadings should not be a game where the Plaintiff can simply make whatever allegations it cares to against a Defendant, even though it has no or insufficient evidence to support them.

This is relevant because Plaintiffs claim that to provide information to the various Defendants' Topics, would require disclosure of highly confidential information, which have been marked "For Attorney's Eyes Only". But surely this alleged highly confidential information was not in Plaintiffs' possession in November, 2012, when they alleged that our Clients engaged in willful trademark infringement. Our Clients do not want carefully tailored framed responses. We want to question Plaintiffs' Rule 30(b)(6) witness to elicit the facts underlying the willful trademark and copyright infringement claims, because the FDI Defendants and Purity Wholesale have denied these Complaint allegations. As this Court pointed out in *King Pharmaceuticals, Inc. v. Eon Labs, Inc. 2008 WL 5111005 (EDNY 2008),* Rule 30(b)(6) depositions which are designed to elicit facts, are proper. The issue of willfulness is a question of fact for the Jury. *Malletier v. Dorney & Bourke, Inc., 525 F.Supp.2d 558 (SDNY 2007).* The objective of our Defendants' proposed deposition is to elicit the facts Plaintiffs will seek to introduce at trial concerning willfulness.

Regarding interrogatories versus depositions to elicit discoverable information, the Second Circuit in *In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003)* made it quite clear that oral depositions are preferable to written interrogatories, some of the reasons being the need for followup and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes. *Accord: Erchonia Corporation v, Bissoon, M.D., 2011 WL 3904600 (SDNY 2011).*

As to the Rule 30(b)(6) witness' potential lack of knowledge, Plaintiffs are obligated to prepare their designee so that he or she may give knowledgeable and binding answers for Plaintiffs. *Wultz v. Bank Of China Limited, 2014 WL 572527 (SDNY 2014)*; *Spanski Enterprises, Inc. v. Telewizja Polska, S.A., 2009 WL 3270794 (SDNY 2009).* That Plaintiffs chose to sue many Defendants is no excuse.

In this regard, Plaintiffs' time limitation request of one day should be denied. Plaintiffs are suing Defendants for hundreds of thousands of dollars. Plaintiffs, consistent with due process, cannot curtail our Clients' right to question Plaintiffs regarding Complaint allegations that have a direct bearing on the damages sought. Indeed, Plaintiffs have conducted numerous depositions

Judge Roanne M. Mann<br>
Page 3<br>
March 24, 2014

of a single party witness which has lasted the entire day. They now have the temerity to seek to limit multiple parties to a fraction of the time Plaintiffs spent on one witness.

From the outset of this litigation, Plaintiffs have engaged in a pattern of resisting relevant disclosure pertaining to the damages they seek, while embarking on unbridled documentary disclosure and numerous depositions. Thus far only one of Plaintiffs' witnesses has been deposed and that was in the California Action, where Plaintiffs' counsel precluded Defendants in this Action from asking any questions, which ultimately led to the conference before this Court. The fact is that many Defendants have settled and therefore the deposition of Plaintiffs 30(b)(6) witness should be more manageable.

In sum, Defendants have a due process right to control the relevant discovery they seek. By forcing Defendants to serve so called contention Interrogatories in lieu of a deposition, Defendants' discovery will now be controlled by Plaintiffs who will obstruct disclosure by raising objections by way of privilege, relevancy, confidentiality, in an attempt to obfuscate the fact that they had no evidence of willful trademark infringement and copyright infringement when the first sued our Clients and that they still have no evidence, only frivolous allegations. Plaintiffs' application for a protective order against the FDI Defendants and Purity Wholesale should be denied in all respects.

Respectfully submitted,<br>
<br>
Martin I. Saperstein

cc: all counsel (via ECF)

Z:\WORK\FDI (3101)\Corres\ltr to Mann 3-21-14.wpd

**EXHIBIT A**

## TOPICS FOR RULE 30(b)(6) DEPOSITION

1. Investigations or surveillance of Scott M.Tilbrook ("Tilbrook") and FDI regarding 5 Hour Energy®.

2. The purchase and sale of 5 Hour Energy® or the Subject 5 Hour Energy® by FDI and FDI Customers.

3. Any profits Plaintiffs claim Tilbrook or FDI generated by selling Subject 5 Hour Energy®.

4. Any communication of risks or dangers associated with the Subject 5 Hour Energy® to Tilbrook, FDI or FDI Customers.

5. The basis for the allegations in the Complaint that FDI or Tilbrook engaged in willful trademark and trade dress infringement.

6. The basis for the allegations in the Complaint that FDI or Tilbrook engaged in willful copyright infringement.

7. The persons employed by, who are agents for, or are otherwise associated with Plaintiffs that are most knowledgeable as to the claims of willful trademark, trade dress or copyright infringement by FDI or Tilbrook as alleged in the Complaint.

8. Any information or evidence that any alleged trademark, trade dress or copyright infringement by FDI or Tilbrook as alleged in the Complaint was not willful.

## TOPICS FOR RULE 30(b)(6) DEPOSITION

1. Investigations or surveillance of Purity regarding 5 Hour Energy®.

2. The purchase and sale of 5 Hour Energy® or the Subject 5 Hour Energy® by Purity and Purity Customers.

3. Any profits Plaintiffs claim Purity generated by selling Subject 5 Hour Energy®.

4. Any communication of risks or dangers associated with the Subject 5 Hour Energy® to Purity or Purity Customers.

5. The basis for the allegations in the Complaint that Purity engaged in willful trademark and trade dress infringement.

6. The basis for the allegations in the Complaint that Purity engaged in willful copyright infringement.

7. The persons employed by, who are agents for, or are otherwise associated with Plaintiffs that are most knowledgeable as to the claims of willful trademark, trade dress or copyright infringement by Purity as alleged in the Complaint.

8. Any information or evidence that any alleged trademark, trade dress or copyright infringement by Purity as alleged in the Complaint was not willful.