**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

March 24, 2014

**By ECF**

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

Hon. Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al. (12-cv-5354)**

Dear Judge Matsumoto:

We write on behalf of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP Holdings, LLC (together "Living Essentials") to address Defendants Walid and Raid Jamil's (the "Jamil Defendants") March 21, 2014 letter to the Court regarding their non-payment of the contempt sanction first entered against them in May 2013.

As the Jamil Defendants' counsel points out, on May 7, 2013 the Court held a lengthy hearing to address the Jamil Defendants' ongoing disobedience of the Court's asset freeze orders and found the Jamil Defendants to be in contempt.  *See* Unnumbered Minute Entry, May 9, 2013.  After voluminous post-hearing submissions, on August 1, 2013, the Court ruled that the appropriate contempt sanction was for the Jamil Defendants to deposit $400,000 in the Clerk of the Court's escrow account by August 16, 2013.  *See* Dkt. No. 605.  To this day, the Jamil Defendants have not complied with this unambiguous order.  And, as their March 21, 2014 letter makes clear, they have no intention to comply going forward.

The "evidence" the Jamil Defendants offer in support of their unilateral decision not to comply with the Court's August 1, 2013 order is the exact same evidence the Court had before it in August 2013 and it is still unsupported, self-serving, and entirely irrelevant. *See e.g. Huber v. Marine Midland*, 51 F.3d 5, 10 (2d Cir. 1995) (inability to pay contempt fine must be established "clearly, plainly, and unmistakably").

Given the Court's admonition during the March 7, 2014 conference that the Jamil Defendants not reargue the propriety of the contempt sanctions imposed against them, but rather make a "substantial showing" of their *intent to comply*, Living Essentials respectfully requests that the Court "escalate" matters accordingly.

Respectfully submitted,

Geoffrey Potter

1

Hon. Kiyo A. Matsumoto
March 24, 2014
Page 2 of 2

cc:     All Counsel (via ECF)