## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

April 4, 2014

**By ECF**

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

Hon. Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:  Innovation Ventures, LLC v. Ultimate One Distributing Corp.,
et al., No. 12-CV-5354**

Dear Judge Mann:

On behalf of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and
International IP Holdings, LLC (collectively "Living Essentials"), I write in opposition to the
letter motion to compel discovery (Dkt. 713) filed yesterday by Defendant Quality King
Distributors, Inc. ("QKD").  That letter motion is nothing more than an eleventh-hour attempt to
muddy the waters the day before the Court is scheduled to hear argument on Living Essentials'
pending motion for a protective order concerning their upcoming Rule 30(b)(6) deposition.

Fact discovery in this action closed on January 17, 2014. (Scheduling Order, Dkt. 452.)
On two occasions, the Court granted *limited* extensions to this deadline for *specified purposes*
only. On January 16, 2014, the Court granted an extension (Dkt. 656) only for the purpose of
conducting certain depositions (*id.* ¶¶ 1-14); conducting non-binding private mediations (*id.* ¶
18); and responding to specified written discovery propounded by parties *other than QKD* (*id.* ¶¶
15-17). On March 14, 2014, the Court granted another narrow extension (Dkt. 687) for identical
purposes—again, nowhere mentioning QKD's written discovery. The Court's order reiterated to
the parties that, "[a]part from" the activities expressly specified in the order, fact discovery was,
and had already been, "closed." (*Id.* at 2.)  QKD negotiated and agreed to both of these orders.

QKD offers zero explanation why it waited *two and a half months* after the parties'
January 17, 2013 meet-and-confer and after the close of fact discovery to bring Living
Essentials' allegedly deficient discovery responses to the Court's attention.  It is well-established
that a motion to compel is untimely, and should be denied, if not filed prior to the close of fact
discovery. *See Richardson v. City of New York*, 326 F. App'x 580, 582 (2d Cir. 2009) (motion to
compel "filed over one month after the close of discovery" was "untimely"); *Vann v. Gilbert*,
482 F. App'x 876, 879 (5th Cir. 2012) (motion to compel "was untimely," and district court
properly denied it, because it was filed 2.5 months after close of discovery); *Haynes v. Alliant
Food Serv.*, 93 F. App'x 71, 73-74 (7th Cir. 2004) (affirming denial of motion to compel on the
ground that it was "filed after the close of discovery"); *Owen v. No Parking Today, Inc.*, 280

6875208

F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely.").

QKD's motion to compel should be denied for this reason alone—especially in light of the sprawling and burdensome discovery QKD now seeks.  However, in the event the Court desires a substantive response to QKD's untimely objections, Living Essentials will gladly provide one.

Respectfully submitted,

Geoffrey Potter

cc: All counsel (via ECF)