

ATTORNEYS & COUNSELORS

Brian M. Akkashian
bakkashian@paesanoakkashian.com

7457 Franklin Road, Suite 200
Bloomfield Hills, Michigan 48301
www.paesanoakkashian.com
T 248.792.6886
F 248.792.6885

May 2, 2014

**VIA ECF**
Honorable Kiyo A. Matsumoto
Eastern District of New York
Chambers: Room S905
Courtroom: N6G
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Innovation Ventures, LLC et al. v Walid Jamil et al.*, **Docket No: 12 Civ. 05354**

Dear Judge Matsumoto:

On April 18, 2014, the undersigned counsel for Defendant Justin Shayota received a letter from Plaintiffs demanding that Mr. Shayota request modification of this Court's November 30, 2012 Order ("Order"), to allow Mr. Shayota to spend money on reasonable living expenses.  On April 25, 2014, the undersigned responded to Plaintiffs' letter and provided the information set forth below, which clearly demonstrates that all of Mr. Shayota's income is used for basic necessities.  The April 25, 2014 letter requested that, under the circumstances, Plaintiffs agree to a simple modification of the Order, or simply drop the issue. What counsel for Mr. Shayota got in response was the letter attached as **Exhibit A**, which included the following absurd demands, as consideration for a modification of the Order to simply allow Mr. Shayota to live:

- A sworn declaration from Justin Shayota indicating that he understands the terms of the asset freeze, and agrees to fully abide by those terms going forward;
- A full accounting of all "asset transfers" made by Justin Shayota, including documents sufficient to show all payments or transfers made for day-to-day living expenses, executed or received by Justin Shayota, from November 1, 2013 to the present, supported by another sworn declaration from Justin Shayota certifying the accuracy of the information;
- All documents concerning Justin Shayota's income from November 1, 2013 to the present, including pay stubs, bank deposits, cancelled checks, and employment records;
- A list of all accounts at any banks or other financial institutions held by or used by Justin Shayota from November 1, 2013 to the present, with yet another sworn declaration regarding the accuracy of the information; and
- Payment of *$40,000* into the Court's escrow.

This letter is being submitted pursuant to Section (IV)(B)(1) of this Court's Chambers Practice Guide for the purpose of requesting a pre-motion conference on this issue.

Mr. Shayota makes $1,000 every two weeks, or $500 per week, for a total gross income of $26,000 per year.  See employee pay stubs, **Exhibit B**.  His take home pay is $863 every two weeks.  He has a $571 per month car payment.  **Exhibit C**.  While the car is in the name of his brother, Mr. Shayota drives the vehicle, makes the monthly payment and pays for gas, maintenance and other expenses.  Mr. Shayota also has a $140

per month cell phone bill.  **Exhibit D**.  The remainder of his pay goes towards food, gas, clothing, insurance and other necessities.  He lives with his in-laws.

It is clear that Mr. Shayota needs every dollar of his very modest income simply to live.  Thus, Mr. Shayota's motion, if necessary, will seek modification of the Order to eliminate the asset freeze completely or, at a minimum, provide that Mr. Shayota may use the entirety of his current income to support himself and his wife.

If motion practice is necessary, counsel suggests the following briefing schedule:

Motion filed:  May 23, 2014;

Response filed:  June 6, 2014;

Reply filed: June 13, 2014.

Thank you in advance for your attention to this matter.

Very truly yours,

PAESANO AKKASHIAN, P.C.

Brian M. Akkashian

# EXHIBIT A

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 29, 2014

Geoffrey Potter
Partner
(212) 336-2050
Direct Fax:  (212) 336-7906
gpotter@pbwt.com

**By Email Attachment**

Brian M. Akkashian
Paesano Akkashian, P.C.
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301

> Re:  **Innovation Ventures, et al. v. Ultimate One, et al.,**
>      **12 Civ. 5354 (KAM)(RLM)(EDNY)**

Dear Brian:

On behalf of Living Essentials, I write in response to your April 25, 2014 letter regarding Mr. Shayota's compliance with the Court-ordered asset freeze imposed against him. (*See* Dkt. No. 191).  First, we thank you for providing us details of Walid and Raid Jamil's first contempt payment to the Court for the month of April 2014.  We trust that in accordance with the Court's order dated April 3, 2014, similar verifications will be provided to us each month within 24 hours of payment being made.  As you know, the next payment is due this week.

Regarding Mr. Shayota, we appreciate your candor in acknowledging that he is unequivocally violating the terms of the Court's asset freeze order by continuing to spend money he has earned.  While we agree Mr. Shayota should be entitled to earn money and spend modest sums on reasonable living expenses, we do not believe that the parties can agree amongst themselves to overlook the Court's order.  As such, we welcome your suggestion that we bring this matter to the Court's attention, and propose that Living Essentials and Mr. Shayota cooperate to present the Court with a joint proposed modification of the asset freeze—which accounts for Mr. Shayota's reasonable living expenses—for the Court to consider.

To accomplish this, however, we require additional evidence of Mr. Shayota's assets, income, and expenses in order to determine what constitutes a "reasonable" amount of daily living expenses.  Specifically, before Living Essentials agrees to any proposed modification, we request the following additional materials:

(a)     a signed sworn declaration from Justin Shayota indicating that he understands the terms of the asset freeze, and agrees to fully abide by those terms going forward, subject to our agreed-upon modification of the freeze once it is approved by the Court, unless and until the Court orders otherwise;

Brian M. Akkashian
April 29, 2014
Page 2

    (b)    a financial accounting of all asset transfers made by Justin Shayota, including documents sufficient to show all payments or transfers made for day-to-day living expenses, executed or received by Justin Shayota or anyone acting on his behalf, from November 1, 2013 to the present, supported by a sworn declaration from Justin Shayota that the information set forth therein is accurate and complete;

    (c)    all documents concerning Justin Shayota's income from November 1, 2013 to the present, including pay stubs, bank deposits, cancelled checks, and employment records; and,

    (d)    a list of all accounts at any banks or other financial institutions held by or used by Justin Shayota from November 1, 2013 to the present, regardless of whether those accounts have a balance or whether those accounts have been frozen, supported by a sworn declaration from Justin Shayota that the information set forth therein is accurate and complete.

Moreover, in light of the fact that the asset freeze order was designed specifically to prevent Mr. Shayota from spending any profits he earned from his participation in the 5-hour ENERGY® counterfeiting operation, Living Essentials will not agree to any proposed stipulation that does not require Mr. Shayota to either (a) place $40,000[1] in escrow until the conclusion of this litigation; or (b) make monthly payments, of an amount to be determined, into escrow until the sum of $40,000 is deposited in full.[2]

If you agree to the above proposal, we request that you provide us with the materials described above, along with a draft proposed modification of the asset freeze that we can consider and, upon agreement, submit to the Court, no later than this Friday, May 2, 2014. Otherwise, we intend to seek appropriate relief from the Court.

Best regards,

Geoffrey Potter

---

[1] Mr. Shayota testified that from May to October, 2012, he was paid $8,000 per month in cash to oversee Midwest's counterfeiting operation. (*See* Nov. 1, 2013 Dep. of J. Shayota at 308:25-309:14). Thus, at a minimum, Mr. Shayota's personal gain from his role in the counterfeiting operation amounts to $40,000.

[2] The specific monthly amount will be determined based on the documentation provided by Mr. Shayota.

# EXHIBIT B

S&P Equipment Servicing, Inc.
24732 Crestview Ct.
Farmington Hills, MI 48335



Justin Shayota
6603 Basswood Dr
Troy, MI 48098


**Employee Pay Stub**   Check number: 1145   Pay Period: 03/16/2014 - 03/31/2014   Pay Date: 04/08/2014

**Employee**

Justin Shayota, 6603 Basswood Dr, Troy, MI 48098

**SSN**

***-**-7630

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,000.00 | 1,000.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| MI - Cities Work Tax | | | 0.00 | 0.00 |
| MI - Cities Res Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -32.00 | -32.00 |
| Social Security Employee | | | -62.00 | -62.00 |
| Medicare Employee | | | -14.50 | -14.50 |
| MI - Withholding | | | -28.33 | -28.33 |
| | | | -136.83 | -136.83 |

**Net Pay**   863.17   863.17

| Paid Time Off | Earned | YTD Used | Available |
|---|---|---|---|
| Sick | 0:00 | | 0:00 |
| Vacation | 0:00 | | 0:00 |

# EXHIBIT C





Log out

## 2014 **Ford Explorer**
Account Number: **49130355**

**Welcome, JONATHON**

| | |
|---|---|
| Account Status: | **Current** |
| Last Payment Received: | **04/11/2014** |
| Payment Due: | **$571.19** |
| Payment Due Date: | **04/29/2014** |

**Schedule a Single Payment**   

**Setup Automatic Payments**   



2014 **MUSTANG**

# EXHIBIT D

