UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
INNOVATION VENTURES, *et al.*,

                Plaintiffs,          **ORDER**

      -against-                12-CV-5354 (KAM)(RLM)

ULTIMATE ONE DIST. CORP., *et al.*,

                Defendants.
----------------------------------X

**MATSUMOTO, United States District Judge:**

        On November 30, 2012, the Court entered a preliminary injunction against defendant Justin Shayota enjoining him from, *inter alia*, secreting, transferring, or conveying any assets (the "Asset Freeze Order"). (ECF No. 191, Order Granting Prelim. Inj. at 6.)

        On May 2, 2014, after independent communication between Mr. Shayota and plaintiffs Innovation Ventures, *et al.* ("Plaintiffs"),[1] counsel for Mr. Shayota filed a letter with the court requesting a pre-motion conference regarding a motion to eliminate or modify the Asset Freeze Order to allow for Mr. Shayota to spend his current income on living expenses. (ECF No. 720, Letter to Judge Matsumoto at 2.) In support of his proposed motion, Mr. Shayota submitted as exhibits (1) a single pay stub reflecting $1000 in net pay for a period of two weeks, (2) a

---

[1] *See* ECF No. 720, Letter to Judge Matsumoto at 1 (describing history of communications), Exhibit A (Letter from Pls. to Shayota dated April 25, 2014).

screenshot of an account statement for a 2014 Ford Explorer, taken from a smartphone, reflecting a $571.19 balance, and (3) a screenshot of a cellphone bill for $306.46, reflecting monthly charges of approximately $140 per month, also taken from a smartphone. (*Id.* at 6-11.) On May 12, 2014, Plaintiffs responded that they would consent to modification of the Asset Freeze Order for Mr. Shayota's reasonable, documented living expenses, provided that Mr. Shayota (1) provide the court and parties with sufficient documentation of his current income and financial obligations and (2) place some amount of money in escrow, until $40,000 has been accumulated, each month prior to his release from the asset freeze. (ECF No. 721, Letter from G. Potter to Judge Matsumoto at 3.)

After a telephone conference with counsel for Plaintiffs and Mr. Shayota, the Court, unsatisfied with the incomplete account of Mr. Shayota's financial circumstances, ordered Mr. Shayota on June 5, 2014 to show cause as to why he should not be ordered to place $40,000 into the court's escrow account. (Minute Entry of June 5, 2014.) The Court ordered Mr. Shayota to present "documentation for all expenses, whether paid directly or indirectly by him, and sources of income, whether received directly or indirectly by him, including all supporting documentation for such expenses and income." (*Id.*)

Mr. Shayota responded to the Court's order on June 12, 2014, requesting complete elimination of the asset freeze or, in the alternative, modification of the Asset Freeze Order to allow Mr. Shayota to use all of his current income to support himself and his family. (ECF No. 724, Resp. to Order to Show Cause at 1-2.) Mr. Shayota also provided what he claimed were "all documents and information in his possession regarding his financial condition...."[2] (*Id.* at 2.)

In a response dated June 19, 2014, Living Essentials expressed concern regarding the completeness and authenticity of Mr. Shayota's financial documentation and renewed its request that the court order Mr. Shayota either (1) to place $40,000 into escrow immediately; or (2) to make regular deposits into escrow of an amount certain until $40,000 is deposited. (ECF No. 726, Let. in Response, at 3.) Living Essentials also asked that, pending deposit of the full $40,000 amount, the total asset

---

[2] The materials provided by Mr. Shayota included a photocopied paystub in the amount of $863.17 from S&P Equipment Servicing, Inc. for the period March 16, 2014 to March 31, 2014 (ECF No. 724-1, Decl. of Justin Shayota ("Shayota Decl.") Ex. 1), an S&P payroll summary for period January 1, 2014 to June 10, 2014 (Shayota Decl. Ex. 2), a payroll summary for Mrs. Shayota from Midway Dental Supply for the period March 1, 2014 to March 15, 2014 (Shayota Decl. Ex. 3), where Mr. Shayota claims his wife is employed (Shayota Decl. ¶ 5.), a printout dated June 12, 2014 from Ford Credit indicating outstanding lease payments of roughly $530 per month (Shayota Decl. Ex. 4), a printout of a Credit Karma credit report (Shayota Decl. Ex. 5), an online bill summary from Verizon Wireless for the period April 16, 2014 to May 15, 2014 in the amount of $153.25(Shayota Decl. Ex. 6), a copy of a residential lease in the name of Mr. Shayota's wife, scheduled to begin on June 18, 2014, at the rental rate of $1,100 per month, that has not been countersigned (Shayota Decl. Ex. 7), and a spreadsheet of what Mr. Shayota claims are transaction records from his bank account in addition to a printout of transactions for the month of May 2014 from Level One Bank (Shayota Decl. Ex. 8).

freeze against Mr. Shayota remain in place without modification, and reserved its right to seek contempt sanctions if Mr. Shayota did not comply with any order from the court. (*Id.*)

In reply, Mr. Shayota provided a May 30, 2014 bank account statement (ECF No. 727, Letter from J. Shayota, Ex. 1), his wife's March and April bank account statements (*Id.* Ex. 2), and a Verizon Wireless bill for the period May 16, 2014 to June 15, 2014 (*Id.* Ex. 3).

Based on Mr. Shayota's continued violation of the Asset Freeze Order and the court's interest in preserving the possibility of equitable remedies given Plaintiffs' likelihood of success on the merits, the court finds that ordering Mr. Shayota to deposit funds in the clerk's interest-bearing account pending judgment on the merits is appropriate at this time. In entering the November 30, 2013 preliminary injunction, the court invoked its authority to order the restraint of Mr. Shayota's assets in order to ensure availability of final equitable relief for Plaintiffs. *See, e.g., Gucci America, Inc. v. Weixing Li*, No. 10 Civ. 4974, 2011 WL 6156936, at *3 (S.D.N.Y. Aug. 23, 2011) ("A district court, therefore, 'has authority to freeze [a defendant's] assets insofar as they could be used to satisfy an award of ... profits pursuant to Plaintiffs' Lanham Act Claims.'") (internal citations omitted). Mr. Shayota has conceded that he is spending funds in violation of the asset

freeze, thereby frustrating both the order and a likely future judgment. "Ensuring compliance with a prior order is an equitable goal which a court is empowered to pursue even absent a finding of contempt." *Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985); *see also Transatlantic Reinsurance Co. v. Ditrapani*, No. 90 Civ. 3884, 1991 WL 12135, at *4-5 (S.D.N.Y. Jan. 28, 1991).

The court has reviewed the partial financial documentation belatedly provided by Mr. Shayota, which gives the court a limited snapshot of various one-month time periods between January and June 2014, and finds that Mr. Shayota is able to contribute regular payments to an escrow fund, based on his current net income of $1726.34 per month and documented reasonable living expenses.[3] Because Mr. Shayota is unable to make a lump sum deposit of $40,000, his admitted personal gain

---

[3] After review of Mr. Shayota's financial documentation, the court notes that it does not consider all of Mr. Shayota's expenditures to constitute reasonable living expenses (e.g., multiple $104 payments for DirecTV cable services), and that the bank statements provided by Mr. and Mrs. Shayota contain many unexplained cash deposits and withdrawals.

Given that Mrs. Shayota works, her income is available to contribute to the family expenses, which include rent in the amount of $1,100 per month, cellular telephone service in the amount of approximately $150 per month, Mr. Shayota's lease of an expensive SUV in the amount of approximately $530 per month, and presumed expenses for food, gas, and other necessities that have not been presented to the court. Based on its review of the documentation submitted by Mr. Shayota, the court finds that the amount of ordered monthly payments will allow the Shayotas to continue to pay for reasonable family expenses with their combined income (including Mr. Shayota's reported monthly salary of $1,726.34 and Mrs. Shayota's reported income of at least $500 per month).

from the underlying counterfeit 5-Hour Energy scheme,[4] the court orders Mr. Shayota to place $300 per month in an interest-bearing account maintained by the clerk of this court, starting August 1, 2014, pending the resolution of this matter in order to prevent the frustration of any future judgment. Mr. Shayota is further ordered to provide Plaintiffs with documentation of any increases in his family income and any expenditure over $100 on a monthly basis. Recognizing that Mr. Shayota has a limited income and considerable expenses to support his family, the court modifies its November 30, 2012 preliminary injunction and orders (1) that starting August 1, 2014, Mr. Shayota pay $300 per month on the first of each month to the clerk of this court, and (2) that he may pay reasonable living expenses in the amount of $1400 per month, so long as he provides documentation each month to Plaintiffs as provided above. Mr. Shayota is advised that continued failure to comply with the court's orders will result in contempt sanctions.

---

[4] At his November 1, 2013 deposition taken pursuant to the court's expedited discovery order, Mr. Shayota testified that he was paid $8,000 cash monthly from May to October for his involvement in the 5-Hour Energy operation. (ECF No. 721, Letter from Geoffrey Potter, Ex. A, Dep. of J. Shayota at 308:25-309:14.)

## CONCLUSION

For the foregoing reasons, the court orders the following:

(1) Mr. Shayota is ordered to deposit into an interest-bearing account in the Clerk's Registry of the United States District Court for the Eastern District of New York $300 per month, due on the 1st of August 2014 and each month thereafter, until he has deposited $40,000. He shall note his name, the case name, and docket number on each check or money order.

(2) Mr. Shayota is ordered to provide to Plaintiffs proof of monthly family income and receipts and/or bank statements for every expenditure over $100 on a monthly basis, due the 1st of August 2014 and each month thereafter.

(3) The court's November 30, 2012 preliminary injunction is amended to allow for the payment of reasonable living expenses in the amount of $1400 per month by Mr. Shayota, provided Mr. Shayota complies with (1) and (2) above.

**SO ORDERED.**

Dated:     July 25, 2014
               Brooklyn, New York

                                              _____/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge
                                              Eastern District of New York