LAW OFFICES OF
# MAURA GRIFFIN

October 2, 2014

**By ECF**

Hon. Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Innovation Ventures, et al. v. Pittsburgh Wholesale Grocers, Inc., et al., (13-cv-06397)**
**Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al. (12-cv-5354)**

Dear Judge Matsumoto:

We represent Defendants Dan-Dee Company, Inc., Kevin Attiq and Fadi Attiq (collectively referred to as the "Dan-Dee Defendants") in the above-referenced case. We write in response to Joseph and Adrian Shayota and Tradeway International, Inc. dba Baja Exporting's (collectively referred to as the "Baja Defendants") letter motion requesting a pre-motion conference in connection with a motion seeking to dismiss the cross-claims of the Dan-Dee Defendants.

The Dan-Dee Defendants believe that the Baja Defendants' request to file a motion to dismiss is inappropriate at this time and that the Court should instead allow the Baja Defendants to file a motion for good-faith settlement because (i) the Baja Defendants have not established that their settlement with Plaintiffs is "in good faith" as required by California law and (ii) the parties did not have an enforceable agreement to settle under Cal. Code Civ. Proc. §664.6.

## Dan-Dee's Claims for Indemnification and Contribution

We agree with the Baja Defendants that California law should apply in this Court's determination as to whether the settlement with Plaintiffs bars the Dan-Dee Defendants' remaining claims against the Baja Defendants for equitable indemnity and contribution.

There is an obvious problem that arises when a plaintiff settles with one tortfeasor but not others. In cases based on California law, a settlement with one of several negligent joint tortfeasors (a) reduces plaintiff's claims against the others by the amount paid (which may be more or less that that co-defendant's equitable share of liability) and (b) discharges their indemnity claims against the settler *if the matter is made in "good faith."* Cal. Code Civ. Proc. §877.

However, in this case, the Baja Defendants have not demonstrated that their settlement with plaintiffs was made in good faith.

The Baja Defendants failed to address in their letter to the Court dated September 30, 2014 that California law provides for a procedure in which to determine the "good faith" of a settlement. Under California law, the Court may conduct a "good faith settlement" hearing upon the motion of any party. See Cal. Code Civ. Proc. §877.

The Court should consider a number of factors in making a determination as to whether the settlement was made in "good faith" including, but not limited to: (i) the amount of settlement; (ii) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; and, (iii) the settlor's financial condition and insurance limits, if any. See *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 C3s 488, 499, 213 CR 256, 263-264.

As the Baja Defendants point out, the settlement must in "in the ballpark" of the settling party's liability. *Id.*

To date, neither the Baja Defendants nor Plaintiffs have disclosed the settlement amount. In fact, this Court ruled that the remaining defendants are not entitled to know the settlement amounts until liability has already been established. See Docket No. 642 in Case No. 12-cv-5354. The fact that the settlement amount has not been disclosed has clearly prejudiced the Dan-Dee Defendants because they cannot at this time make a reasonably educated decision as to whether to mutually dismiss its claims against the Baja Defendants. If the Dan-Dee Defendants release the Baja Defendants and the settlement is not "in the ballpark" of the Baja Defendants' liability, Dan-Dee has effectively subjected themselves to additional liability since they would be precluded from seeking any indemnification from the Baja Defendants. If the Baja Defendants can, in fact, show that their settlement amount is reasonably close to their actual liability, then they should be required to do so and the Dan-Dee Defendants should be afforded the opportunity to oppose that claim. There has been no determination, to date, that the settlement was made in good faith.

Therefore, the Dan-Dee Defendants request that the Court order the Baja Defendants to file a motion for good faith settlement providing the basis for their belief that the settlement is in good faith. The Dan-Dee Defendants should be afforded an opportunity to oppose that motion based on California law. In the event that the settlement amount is deemed in good faith, then Dan-Dee's remaining claims against the Baja Defendants would be barred.

Further, if New York law is followed Dan-Dee may still be entitled to indemnification. As noted by the Baja Defendants, the party seeking indemnification must show that it cannot be held responsible in any degree. *KBL Corp. v. Arnouts*, 646 F.Supp. 2d 335, 344 (S.D.N.Y. 2009). It is a matter for the trier of fact to determine if Dan-Dee should be held responsible in any degree. This has not yet been determined and the Dan-Dee Defendants are entitled to such a determination.

### Enforceability of Oral Agreement to Dismiss Cross-Claims Against the Baja Defendants

Where no **writing** exists, the court must always determine whether it was a completed agreement or whether the parties intended to be bound only upon execution of a final written settlement agreement. See *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.* (Fed. Cir. 1992) 958 F2d 355, 359.

Here, the parties engaged in discussions about mutually releasing one another for their remaining claims. The Baja Defendants presumably want to enforce a written statement made by counsel for the Dan-Dee Defendants stating, "Met with them yesterday. We're good." However, counsel then engaged in negotiations regarding preparation and execution of a stipulation and mutual releases evidencing the fact that the parties did not intend that the settlement agreement be enforceable until these documents were deemed acceptable and signed by the parties.

Further, pursuant to Cal. Code. Civ. Proc. §664.6, a lawsuit may be settled by a writing signed by the parties outside of the presence of the court or orally before the court. The statute's very specific statutory requirements belies the legislature's intent to avoid confusion or conflicting interpretations of the settlement terms because of the finality of settlement. See, e.g., *Gauss v. GAF Corp.*, 103 Cal. App. 4th 1110, 1117 (2002) "[S]ettlement ends the lawsuit and is this 'such a serious step that it requires the client's knowledge and express consent' and "the party-signature requirement of section 664.6 'protects parties from impairment of their substantial rights without their knowledge and consent.'" (quoting *Levy v. Superior Court*, 10 Cal.4th 578, 583, 585 (1995)). In *Levy*, the California Supreme Court even concluded that "the term 'parties' as used in Section 664.6…means the litigants themselves, and does not include their attorneys of record." *Id*. at 586.

Therefore, under both Federal and California law, there was no enforceable settlement agreement.

The Dan-Dee Defendants propose the following briefing schedule:

1) Baja Defendants to file motion for good faith settlement by October 31, 2014;
2) Oppositions due December 19, 2014; and,
3) Reply due January 23, 2015.

Thank you for your consideration in this matter.

Respectfully submitted,

*Maura Griffin*
Maura Griffin

cc: All Counsel (via ECF)