UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
INNOVATION VENTURES, LLC; LIVING
ESSENTIALS, LLC; and INTERNATIONAL
IP HOLDINGS, LLC,

        Plaintiffs,

    -against-

ULTIMATE ONE DISTRIBUTING CORP.,
et al.,

        Defendants.
----------------------------------

INNOVATION VENTURES, LLC; LIVING
ESSENTIALS, LLC; and INTERNATIONAL
IP HOLDINGS, LLC,

        Plaintiffs,

    -against-
PITTSBURG WHOLESALE GROCERS, INC.,
et al.,

        Defendants.
---------------------------------X

**MEMORANDUM AND ORDER**

12-CV-5354 (KAM) (RLM)

13-CV-6397 (KAM) (RLM)

**MATSUMOTO, United States District Judge**:

        Plaintiffs Innovation Ventures, LLC; Living Essentials, LLC; and International Holdings, LLC (collectively, "Living Essentials") brought this consolidated action against dozens of businesses and individuals allegedly involved the manufacture, sale, and distribution of counterfeit 5-hour ENERGY. (*See generally* ECF No. 291, Seventh Amended Complaint filed 12/28/12.) Among the named defendants are Elegant Trading, Inc. ("Elegant") and its president and owner, Ahmed

Bhimani (collectively, the "Elegant Defendants") and Dan-Dee Company, Inc. ("Dan-Dee") and its officer and co-owner, Kevin Attiq (collectively, the "Dan-Dee Defendants"). (*Id.*)

Pending before the court is the Elegant Defendants' motion for summary judgment on its breach of contract and indemnification cross-claims against the Dan-Dee Defendants arising out of Dan-Dee's alleged sale of counterfeit 5-hour ENERGY to Elegant. (ECF No. 848-5, Elegant Defendants' Memorandum of Law in Support of Summary Judgment ("Elegant Mem.").) For the following reasons, the Elegant Defendants' motion is granted in part and denied in part.

## **BACKGROUND**

The background of this case is comprehensively described in the court's Memorandum and Order dated March 31, 2016. (*See* ECF No. 886, Mem. and Order.) The court sets forth below only those facts relevant to the present motion.

I. **Procedural History**

On October 25, 2012, Living Essentials commenced this action, captioned *Innovation Ventures, et al. v. Ultimate One Distributing Corp., et al.* ("*Ultimate* Action") in this court. In its initial complaint, Living Essentials, the owners of 5-hour ENERGY, alleged that more than twenty defendants had sold counterfeit 5-hour ENERGY in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, the Copyright Act of 1976, 17 U.S.C. §

106, New York state law and common law. (*See* U.A. No. 1, Compl. filed 10/25/12.) The *Ultimate* Action grew to include sixty-nine defendants. (*See* U.A. No. 291, Seventh Amended Complaint filed 12/28/12.)

On October 26, 2012, Living Essentials filed the action captioned *Innovation Ventures, et al. v. Pittsburg Wholesale Grocers Inc., et al.* ("*Pittsburg* Action"), in the United States District Court for the Northern District of California. In its initial complaint in the *Pittsburg* Action, Living Essentials alleged substantially the same claims as in the *Ultimate* Action against sixteen defendants based in California, including the Dan-Dee Defendants. (*See* P.A. No. 1, Compl. filed 10/26/12.)

A number of defendants in the *Ultimate* Action then impleaded Dan-Dee and its principals as third-party defendants in the *Ultimate* Action. (*See* U.A. Nos. 390, 473, 535, 580.) In turn, the Dan-Dee Defendants impleaded a number of defendants from the *Ultimate* Action as third-party defendants in the *Pittsburg* Action. (*See* P.A. No. 162, Am. Third-Party Compl. filed 1/23/12.) On June 6, 2013, the Elegant Defendants filed their cross-claims against the Dan-Dee Defendants in the *Ultimate* Action. (ECF No. 580, Elegant Defendants' Cross-Claims ("Cross-Claims").) The Dan-Dee Defendants answered Elegant's Cross-Claims on June 24, 2013. (ECF No. 593.)

On November 15, 2013, the Northern District of California transferred the *Pittsburg* Action to this district. (P.A. No. 530, Order Granting Mot. to Change Venue dated 11/15/13.) On March 3, 2014, the court granted a joint request from plaintiffs and the Dan-Dee defendants to consolidate the *Ultimate* Action and the *Pittsburg* Action. (ECF No. 680.)

## II. Undisputed Material Facts

The following facts are taken from the parties' Local Civil Rule 56.1 statements and have not been specifically disputed with admissible evidence unless otherwise indicated. References to paragraphs of the parties' Rule 56.1 statements include materials cited therein and annexed thereto.

Elegant is a Texas corporation with its principal place of business in Sugar Land, Texas. (ECF No. 848-6, Elegant's Rule 56.1 Statement of Undisputed Material Facts ("Elegant 56.1") ¶ 1.) It sells goods and products to wholesalers and convenience stores across the country. (Elegant 56.1 ¶ 2.) Ahmed Bhimani is the president and owner of Elegant. (Elegant 56.1 ¶ 3.)

Dan-Dee is a wholesaler of grocery products and operates, *inter alia*, a "cash-and-carry" wholesale warehouse in Spring Valley, California. (Elegant 56.1 ¶ 4; ECF No. 875-1, Dan-Dee's Response to Elegant's Rule 56.1 Statement of Undisputed Material Facts ("Dan-Dee 56.1") ¶ 4.) Kevin Attiq is

4

an officer and one-third shareholder of Dan-Dee. (Elegant 56.1; Dan-Dee 56.1.)

Elegant purchased what was sold as 5-hour ENERGY from Dan-Dee in June, July, and August 2012. (Elegant 56.1 ¶ 7.) In connection with each of these purchases, Elegant arranged for the product to be picked up by a shipper and sent directly to Elegant customers located in New York and Texas. (Elegant 56.1 ¶ 9.)

In October 2012, Elegant agreed to purchase, and Dan-Dee agreed to sell, what Dan-Dee offered as 5-hour ENERGY. (Elegant 56.1 ¶ 10.) Specifically, on October 19, 2012, Ahmed Bhimani emailed Kevin Attiq to order various quantities of 5-hour ENERGY. (ECF No. 848-7, Declaration of Ahmed Bhimani ("Bhimani Decl.") dated 10/30/2014 at Ex. A.) On October 23, 2012, Elegant wired to Dan-Dee's bank account an advance payment of $200,000 for the October 2012 order of 5-hour ENERGY. (Elegant 56.1 ¶ 11.) Dan-Dee received Elegant's $200,000 wire transfer. (Dan-Dee 56.1 ¶ 26.) On October 29, 2012, Kevin Attiq sent an email to Bhimani advising him that Elegant's order of 5-hour ENERGY was ready for pickup and requesting that Bhimani wire Dan-Dee the balance of the purchase price, $91,567. (Elegant 56.1 ¶ 14; Bhimani Decl. at Ex. D.) Kevin Attiq's October 29th email attached an invoice from Dan-Dee to Elegant reflecting Elegant's purchase of 1,008 cases of 5-hour ENERGY

5

for a total price of $291,567. (Elegant 56.1 ¶ 15; Bhimani Decl. at Ex. D.) On November 1, 2012, Attiq informed Bhimani by telephone that Dan-Dee could not deliver the 5-hour ENERGY that Elegant had purchased. (Elegant 56.1 ¶ 21.)

At his deposition, Kevin Attiq was asked about Elegant's $200,000 wire payment and testified, "Ahmed [Bhimani] wired the money to me." (Elegant 56.1 ¶ 27.) The Dan-Dee Defendants do not dispute that they never delivered Elegant's October 2012 order of 5-hour ENERGY. (Elegant 56.1 ¶ 26.) Nor do they dispute that Dan-Dee has not refunded Elegant's advance payment of $200,000. (*Id.*)

## DISCUSSION

### I. Summary Judgment Standard

"Summary judgment is appropriate where there is no genuine dispute as to any material fact and the record as a whole indicates that no rational factfinder could find in favor of the non-moving party." *Graves v. Finch Pruyn & Co.,* 353 F. App'x 558, 560 (2d Cir. 2009) (citing *Rodal v. Anesthesia Grp. of Onondaga, P.C.,* 369 F.3d 113, 118 (2d Cir. 2004)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial."

6

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir. 2007) (quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." *Id.* (internal quotation marks omitted). Moreover, an issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir. 1993) (citation omitted). "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson,* 477 U.S. at 248. The nonmoving party may not, however, "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan*, 996 F.2d at 532-33 (citation omitted).

## II. Choice of Law

The parties agree that for Elegant's breach of contract claim, which is brought pursuant to the Uniform

7

Commercial Code ("U.C.C."), no choice of law analysis is necessary because California, New York, and Texas all have adopted the U.C.C. and there is no material difference in those states' relevant case law pertaining to breach of contract under the U.C.C. (*See* Elegant Mem. at 4; ECF No. 875, Dan-Dee Defendants' Opposition to Elegant's Motion for Summary Judgment ("Dan-Dee Opp.") at 9.)

With respect to the Elegant Defendants' attempt to hold Kevin Attiq personally liable for Dan-Dee's alleged breach of contract, the parties agree that California law governs the "alter ego" analysis because Dan-Dee is incorporated in California. (Elegant Mem. at 6; Dan-Dee Opp. at 9.)

The court has independently reviewed Elegant's breach of contract claim under California, New York, and Texas law, finds that they are materially identical, and therefore agrees with the parties that no choice-of-law analysis is necessary. *See, e.g., Bigio v. Coca-Cola Co.*, 675 F.3d 163, 171 (2d Cir. 2012) (finding choice-of-law analysis unnecessary because the laws of New York, Georgia, and Egypt would have produced the same outcome). Because the parties concede to the application of New York law for the Elegant Defendants' contract claim, the court will apply New York law to that claim. *See Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)

("where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry").

The court also agrees with the parties that California applies to the "alter ego" analysis of Kevin Attiq's personal liability because Dan-Dee is incorporated in California. *See, e.g., Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F. 3d 130, 132 (2d Cir. 1993) ("Texas substantive law applies to this alter ego claim because Texas is the place of Circle K's incorporation.")

**III. Breach of Contract Claim Against Dan-Dee**

To establish a breach of contract under New York law, a plaintiff must show: (1) the formation of a contract between the plaintiff and defendant; (2) performance by the plaintiff; (3) failure by the defendant to perform; (4) resulting damages. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004).

"To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent, and intent to be bound." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009). New York has adopted the Uniform Commercial Code, which governs contracts for the sale of goods between merchants. With respect to contract formation, Section 2-204 of the U.C.C. provides:

> (1) A contract for the sale of goods may be made in any manner sufficient to show agreement,

9

> including by conduct by both parties which
> recognizes the existence of such a contract.
>
> (2) An agreement sufficient to constitute a contract
> for sale may be found even though the moment of
> its making is undetermined.
>
> (3) Even though one or more terms are left open a
> contract for sale does not fail for
> indefiniteness if the parties have intended to
> make a contract and there is a reasonably certain
> basis for giving an appropriate remedy.

N.Y. U.C.C. § 2-204. In a contract for the sale of goods, "the essential terms are quantity, price, and time and manner of delivery." *Dell's Maraschino Cherries Co., Inc. v. Shoreline Fruit Growers, Inc.*, 887 F. Supp. 2d 459, 471 (E.D.N.Y. 2012).

It is undisputed, and the evidence establishes, that in October 2012 Elegant agreed to purchase, and Dan-Dee agreed to sell, what Dan-Dee offered as 5-hour ENERGY. Ahmed Bhimani ordered 5-hour ENERGY from Dan-Dee via email on October 19, 2012. Kevin Attiq's October 29, 2012 email to Bhimani attached an invoice from Dan-Dee specifying the quantity of purported 5-hour ENERGY to be purchased, the price per case, and total price. In the same email, Attiq indicated that the order was "ready to pick up" from Dan-Dee. Accordingly, the parties formed a valid contract under the U.C.C. for Elegant's purchase of 5-hour ENERGY from Dan-Dee.

Elegant performed under the contract by wiring Dan-Dee $200,000 as advanced payment for 5-hour ENERGY. Dan-Dee does

10

not deny that it breached the contract by failing to deliver 5-hour ENERGY to Elegant, as agreed upon by the parties. Consequently, Elegant is granted summary judgment on its breach of contract claim against Dan-Dee.

Turning to the issue of damages, the U.C.C. provides that "[w]here the seller fails to make delivery or repudiates . . . then with respect to any goods involved . . . the buyer may cancel and whether or not he has done so may . . . recover[] so much of the price as has been paid . . . ." N.Y. U.C.C. § 2-711. By its motion, Elegant seeks recovery of the $200,000 Bhimani wired to Dan-Dee on October 23, 2012 for 5-hour ENERGY that Dan-Dee failed to deliver. Because Dan-Dee does not dispute that it never refunded this amount, the court will award Elegant $200,000 in damages for Dan-Dee's breach of contract.

Elegant also seeks prejudgment interest from October 23, 2012, the date when Bhimani wired $200,000 to Dan-Dee. It is well settled that state law applies to an award of prejudgment interest in a diversity action in federal court. *See, e.g., Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir. 1999). The New York Civil Practice Law and Rules provide that prejudgment interest "shall" be recoverable "upon a sum awarded because of a breach of performance of a contract . . . ." NY. C.P.L.R. § 5001(a). In actions for money damages, the

New York statutory rate for prejudgment interest is 9% per annum. *Id.* § 5004.

Under C.P.L.R. § 5001(b), a prevailing party is entitled to prejudgment interest "computed from the earliest ascertainable date the cause of action existed." CPLR § 5001(b). Here, the earliest date Elegant's cause of action existed was November 1, 2012, when Kevin Attiq informed Bhimani that Dan-Dee could not deliver the 5-hour ENERGY that Elegant had ordered. Accordingly, Elegant is awarded prejudgment interest at 9% per annum from November 1, 2012 until the date judgment is entered against Dan-Dee on this claim.

**IV. Implied Warranty Against Infringement**

The Elegant Defendants also move for summary judgment on their first cause of action, which they contend is a claim for "breach of express and implied warranties under the U.C.C." (Elegant Mem. at 8.) However, nowhere in their Cross-Claim do the Elegant Defendants allege that Dan-Dee breached an express or implied warranty under the U.C.C., or state such a claim for relief. (*See generally*, Cross-Claim.) Instead, Elegant's first claim for relief is broadly fashioned as one for "indemni[ty]." (*Id.* ¶ 22 ("Dan Dee is liable to indemnify and hold harmless Elegant Trading and Bhimani from any claims, damages, costs, legal fees or other expenses . . .").) An indemnification claim is distinct from a claim for breach of warranty. *See, e.g.*, *Too*

12

*Marker Products, Inc. v. Creation Supply, Inc.*, No. 3:12-cv-735, 2014 WL 3818675, at *7 (D. Or. Aug. 4, 2014) ("Indemnities generally provide fuller remedies than mere warranties.")

The discrepancy between the claim for relief in the Elegant Defendants' Cross-Claim (indemnification) and the Elegant Defendants' summary judgment motion (breach of express and implied warranties) is significant because the Elegant's Defendants argue in their reply brief that the Dan-Dee Defendants "misconstrue the law and incorrectly analyze Cross-Claimants [sic] indemnification claim under New York common law rather than under the U.C.C."  (Elegant Reply at 2.)

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint (or here, cross-claim) must provide a short, plain statement of the claim against a defendant so it has adequate notice of the claims against it.  *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (stating that under Rule 8, pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").  Here, in the fact section of the Cross-Claim, Elegant states that Dan-Dee "expressly represented and warranted to Elegant Trading and Bhimani that the 5 Hour Energy products were genuine merchandise that could be lawfully sold and distributed in the United States."  (Cross-Claim ¶ 16.) Paragraph 17 states that Dan-Dee "warranted that the goods would

be delivered to Elegant Trading and free of any rightful claim of any third party for infringement." (Cross-Claim ¶ 17.) However, Elegant's Cross-Claim does not identify the relevant U.C.C. warranty provisions under which Elegant now attempts to recover, namely, U.C.C. § 2-313(1) (express warranty from a seller to a buyer) and U.C.C. § 2-312(3) (warranty against infringement). Nor does the Cross-Claim allege that Dan-Dee actually breached any implied or express warranty. In other words, Elegant failed to plead the warranty causes of action pursuant to which it seeks summary judgment. *Cf. Hickey v. State Univ. of New York at Stony Brook Hosp.*, No. 10-cv-1282, 2012 WL 3064170, at *5 (E.D.N.Y. July 27, 2012) (courts "have routinely held that a party cannot seek summary judgment for himself on a new claim that has not been pled in his complaint").

Given the ambiguity of Elegant's Cross-Claim, it was not unreasonable for the Dan-Dee Defendants to construe Elegant's first cause of action as a claim for common law indemnification and defend it as such. Because the Elegant Defendants failed to plead a "short and plain" statement of their claims for breach of express warranty and breach of the implied warranty against infringement, they did not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (2007).

Therefore, the Elegant Defendants' motion for summary judgment on its first cause of action is denied.

**V.   Personal Liability of Kevin Attiq**

The Elegant Defendants named Kevin Attiq a defendant in his individual capacity and seek to hold him liable as the "alter ego" of Dan-Dee.  (Elegant Mem. at 6-7.)  Under California law, alter ego liability is recognized where (1) "there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased" and (2) "adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice."  *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (internal quotation omitted).

The Elegant Defendants attempt to establish these elements by asserting that Kevin Attiq personally guaranteed Dan-Dee's contract with Elegant.  (Elegant 56.1 ¶ 23.)  The Dan-Dee Defendants dispute this.  (Dan-Dee 56.1 ¶ 23.)  The Elegant Defendants proffer no other evidence sufficient for a finding that there is such a "unity of interest and ownership" between Kevin Attiq and Dan-Dee that alter ego liability should be recognized.  On this record, the Elegant Defendants' motion for summary judgment as to Kevin Attiq's personal liability is denied.

15

## **CONCLUSION**

For the foregoing reasons, the Elegant Defendants' motion for summary judgment against the Dan-Dee Defendants is granted in part and denied in part. Elegant Trading, Inc. is awarded $200,000 plus prejudgment interest from November 1, 2012.

**SO ORDERED.**

Dated: March 31, 2016
       Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge